**McDERMOTT WILL & EMERY LLP**
Abbe David Lowell (Admitted *Pro Hac Vice*)
adlowell@mwe.com
Roy L. Austin, Jr. (State Bar No. 211491)
raustin@mwe.com
Hoyt Y. Sze (State Bar No. 180716)
hsze@mwe.com
Christopher D. Man
cman@mwe.com
600 Thirteenth Street, N.W.
Washington, D.C.  20005-3096
Telephone:  202.756.8000
Facsimile:   202.756.8087

Attorneys for Defendant
ROYA RAHMANI

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
A Limited Liability Partnership
Including Professional Corporations
Richard M. Steingard (State Bar No. 106374)
RSteingard@sheppardmullin.com
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1448
Telephone:  213.617.5416
Facsimile:  213.443.2908

Attorney for Defendant
MUSTAFA AHMADY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROYA RAHMANI, ALIREZA MOHAMMADMORADI, MOUSTAFA AHMADY, HOSSEIN KALANI AFSHARI, HASSAN REZAIE, NAVID TAJ, MOHAMMAD HOSSEIN OMIDVAR, et. al.,<br><br>Defendants. | CASE NO.  CR-01-00209(A)-RMT<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE INDICTMENT FOR VIOLATING THE FIFTH AMENDMENT DUE PROCESS CLAUSE (MOTION TO DISMISS NO. 4)**<br><br>Hearing Date:    None Scheduled<br>Time:<br>Dept.:             Courtroom 22 |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT defendants Roya Rahmani, Alireza Mohammadmoradi, Moustafa Ahmady, Hossein Kalani Afshari, Hassan Rezaie, Navid Taj and Mohammad Hossein Omidvar ("the defendants") hereby move the Court to dismiss the Second Superseding Indictment because the prosecution of these defendants violates the Due Process Clause of the Fifth Amendment.  This Motion is based on this Notice of Motion, supported by the attached Memorandum of Points and Authorities, and by all of the pleadings, records and files in this action, and such other documents and argument as may be presented to the Court.

Dated:  July 15, 2008                     Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

_____/s/_____
Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI

**MICHAEL S. MEZA LAW OFFICES**

_____/s/_____
Michael S. Meza
Attorney for Defendant
ALIREZA MOHAMMADMORADI

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

_____/s/_____
Richard M. Steingard
Attorney for Defendant
MUSTAFA AHMADY

**THOMAS NISHI LAW OFFICES**

_____/s/_____
Thomas Nishi
Attorney for Defendant
HOSSEIN KALANI AFSHARI

**JAY L. LICHTMAN LAW OFFICES**

_____/s/_____
Jay L. Lichtman
Attorney for Defendant
HASSAN REZAIE

**SAINT MARTIN & FAN**

_____/s/_____
Amy Fan
Attorney for Defendant
NAVID TAJ

**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

_____/s/_____
Peter J. Eliasberg
Ahilan T. Arulanantham

**NASATIR HIRSCH PODBERESKY & GENEGO**

_____/s/_____
William J. Genego
Attorneys for Defendant
MOHAMMAD HOSSEIN OMIDVAR

DEFENDANTS' MOTION TO DISMISS FOR
VIOLATING FIFTH AMENDMENT
DUE PROCESS CLAUSE

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT.......................................................................................................................2

I.     THE UNITED STATES PROVIDES EXTENSIVE MATERIAL
SUPPORT TO THE MEK .......................................................................................2

II.    PROSECUTING THE DEFENDANTS FOR CONDUCT THE
UNITED STATES PERPETUATES VIOLATES DUE PROCESS .............5

CONCLUSION ...................................................................................................................9

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

- i -

# TABLE OF AUTHORITIES

**Page**

## CASES

*Brady v. Maryland*, 373 U.S. 83 (1963) ........................................................................2

*Ham v. South Carolina*, 409 U.S. 524 (1973)...............................................................5

*Hampton v. United States*, 425 U.S. 484 (1976)...........................................................6

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)......................................................5

*Johnson v. Williford*, 682 F.2d 868 (9th Cir. 1982)......................................................5

*Rochin v. California*, 342 U.S. 165 (1952)...................................................................5

*Scales v. United States*, 367 U.S. 203 (1961) ..............................................................8

*Scarano v. Central R. Co. of New Jersey*, 203 F.2d 510 (3d Cir. 1953)...................7

*Sorrells v. United States*, 287 U.S. 435 (1932) ...........................................................6

*Twining v. New Jersey*, 211 U.S. 78 (1908) .................................................................5

*United States v. Barker*, 546 F.2d 940 (D.C. Cir. 1976) .............................................7

*United States v. Bear*, 439 F.3d 565 (9th Cir. 2006)...................................................6

*United States v. Burrows*, 36 F.3d 875 (9th Cir. 1994)................................................6

*United States v. Burt*, 410 F.3d 1100 (9th Cir. 2005) ..................................................7

*United States v. Clegg*, 846 F.2d 1221 (9th Cir. 1988)................................................7

*United States v. Gurolla*, 333 F.3d 944 (9th Cir. 2003) ..............................................7

*United States v. Hsieh Hui Mei Chen*, 754 F.2d 817 (9th Cir. 1985) ......................6

*United States v. Lenfesty*, 923 F.2d 1293 (8th Cir. 1991) ...........................................6

*United States v. Reyes-Vasquez*, 905 F.2d 1497 (11th Cir. 1990) ...........................6

*United States v. Staufer*, 38 F.3d 1103 (9th Cir. 1994) ...............................................6

*United States v. Tallmadge*, 829 F.2d 767 (9th Cir. 1987).........................................6

*Whaley v. Belleque*, 520 F.3d 997 (9th Cir. 2008)......................................................7

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANTS' MOTION TO DISMISS FOR
VIOLATING FIFTH AMENDMENT
DUE PROCESS CLAUSE

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**STATUTES**

18 U.S.C. § 2339(b)(1) ...............................................................................................4

18 U.S.C. App. 3.........................................................................................................2

**OTHER AUTHORITIES**

America's Hidden War With Iran, *Newsweek* (Feb. 19, 2007)...................................5

B.B.C. News, (June 24, 2008 at

    http://news.bbc.co.uk/2/hi/uk_news/7471999.stm.............................................2

Cong. Rec. E. 1542 (July 26, 2006) ...........................................................................2

Local Cease-Fire Agreement Of Mutual Understanding and

    Coordination, Art. 7 (April 15, 2003)................................................................4

Proclamation By Commander of Multinational Forces – Iraq (July 2,

    2004) ..................................................................................................................4

Selig S. Harrison, Covert Action, Economic Pressure and

    Destabilisation: The U.S. Meddles Aggressively In Iran, *Le Monde*

    *Diplomatique* (Oct. 1, 2007) .............................................................................4

*Wall Street Journal* (May 22, 2006).........................................................................3

William Norman Grigg, Is Iran Next?, *The New American* (March 6,

    2006) ..................................................................................................................3

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANTS' MOTION TO DISMISS FOR
VIOLATING FIFTH AMENDMENT
DUE PROCESS CLAUSE

## MEMORANDUM OF POINTS AND AUTHORITIES

### <u>INTRODUCTION</u>

The United States government has a great deal of discretion in how to deal with the current Iranian regime.  It may negotiate diplomatically, it may wage war overtly or covertly and, if deemed appropriate, the United States government is free to utilize disinformation to further these policies.  The United States may very well believe that providing material assistance to the principal Iranian opposition group – the MEK – is the best way to advance the United States interests, and it may believe that the best way to do that is covertly, disguising the fact that the United States is also providing material support to the MEK.  These are decisions that our Constitution leaves to the political branches to decide.

But what the United States government cannot do – and what the United States government is attempting to do here – is to mask its own provision of material support to the MEK by creating a facade that the United States opposes the MEK through the criminal prosecution of these nine defendants.  Upon information and belief, the United States government has in the past and is now providing the MEK with substantial goods and services, while it prosecutes the defendants for soliciting donations and asking travelers to donate at the Los Angeles International Airport.  Indeed, the United States' support for the MEK appears to dwarf whatever resources these nine defendants ever could have mustered either singularly or collectively.

While the defendants respect the government's decision to shroud its support for the MEK in secrecy, the United States government has no right to imprison them as pawns to uphold this facade.  That the United States is attempting to prosecute defendants for engaging in wrongful conduct – particularly conduct that carries the opprobrium of being associated with terrorism – when the United States government has in the past and currently is engaging in the same conduct is both

McDermott Will & Emery LLP
Attorneys At Law
Washington

-1-

shocking and unconscionable.  It violates the most fundamental obligations of the United States to provide due process of law.

## **ARGUMENT**

### **I.     THE UNITED STATES PROVIDES EXTENSIVE MATERIAL SUPPORT TO THE MEK**

The United States has thus far failed to comply with the defendants' discovery request that it identify the material support the United States has provided and is continuing to provide the MEK.[1]  Nonetheless, it is readily apparent that such support is extensive.  *See, e.g.*, Seymour Hersh, Preparing The Battlefield, *The New Yorker* (July 8, 2008) ("The C.I.A. and Special Operations communities also have long-standing ties to two other dissident groups in Iran:  the Mujahideen-e-Khalq, known in the West as the M.E.K. . . .").  Despite the "terrorist" label, it is clear that the Executive and Legislative Branches view the MEK as a powerful force to counter the Iranian government.  Since as early as 1992, more than 200 members of Congress (including then-Senator and later Attorney General John Ashcroft), officers in the United States military, and many other influential spokespersons, politicians and policymakers have strenuously urged the U.S. Government to work with the MEK and, since 1999, to revoke the MEK's placement on the designated terrorist list.[2]  *See e.g.*, Cong. Rec. E. 1542 (July 26, 2006) (statement of Rep. Towns declaring that a petition – signed by 5.2 million Iraqis – that the designation of the MEK as a terrorist organization is not credible and that the MEK is the only encouraging solution for neutralizing the destabilizing influence of Iran in the

---

[1]      Such information would clearly fall into the mandate of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.  On March 14, 2007, the defendants served the government with a request for documents that might implicate the Classified Information Procedures Act, 18 U.S.C. App. 3.  Due to the government's unresponsiveness, the defendants asked this Court to intervene in Defendants Ahmady's and Rahmani's Motion to Compel Discovery that was filed on November 7, 2007.  pp 16-17.  The issue remains unresolved.

[2]      On June 23, 2008, the United Kingdom removed the MEK (PMOI) from its list of alleged terrorist groups.  "Iranian Group in U.K. Terror Win," B.B.C. News, 6.24.08 at http://news.bbc.co.uk/2/hi/uk_news/7471999.stm  The U.K. placed the MEK on the list in 2001 largely as a result of the U.S.'s 1997 designation.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANTS' MOTION TO DISMISS FOR VIOLATING FIFTH AMENDMENT DUE PROCESS CLAUSE

region).  Even President George W. Bush has publicly expressed gratitude toward the MEK for exposing Iran's program for developing nuclear weapon technology at sites that were previously unknown to the outside world.  *See, e.g.,* Jay Solomon, Iranian Exile Group Aims To Build Bridges, *Wall Street Journal* at A6 (May 22, 2006) ("U.S. officials, including President George W. Bush, have cited the role played by Iranian exile groups in exposing Iran's nuclear programs."); William Norman Grigg, Is Iran Next?, *The New American* (March 6, 2006) ("In fact, according to the Bush Administration, the NCRI/MEK alone is responsible for uncovering vital evidence of Iran's secret nuclear weapons program – evidence that was somehow concealed from inspectors from the International Atomic Energy Administration (IAEA) during its inspection of Iranian nuclear facilities. 'Iran has concealed its . . . nuclear program,' stated President Bush during a July 16, 2005, White House press conference. 'That became discovered, not because of their compliance with the IAEA or [Nuclear Non-Proliferation Treaty], but because a dissident group pointed it out to the world, and [that] raised suspicions about the intentions of the program.'").  These statements obviously reflect a form of collaboration, intelligence sharing, cooperation and support between the United States and the MEK.  Clearly, the United States has been and is relying on the MEK to provide information from inside Iran that the United States cannot get itself.

There is no doubt that the U.S. has been providing "material support" of its own to the MEK in the last few years.  Since the designation and the filing of the Second Superseding Indictment against these defendants, the United States has gone to war in Iraq and has imposed exceptional sanctions against Iran. Nonetheless, MEK members who were camped just outside Iran in Iraq and being held by U.S. and multinational forces in Iraq are not treated as belligerents or hostile terrorists.  Indeed, not a single captured MEK member appears to have been prosecuted for terrorism or any other crime by the U.S. or multinational forces at all.  Instead, U.S. and multinational forces have assumed an obligation to treat

McDermott Will & Emery LLP
Attorneys At Law
Washington

-3-

DEFENDANTS' MOTION TO DISMISS FOR VIOLATING FIFTH AMENDMENT DUE PROCESS CLAUSE

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

MEK members as "protected persons" in accordance with the Fourth Geneva Convention. *See* Proclamation By Commander of Multinational Forces – Iraq (July 2, 2004). As such, the United States and the Multinational Forces are providing the MEK with the very "material support" – certainly in the form of around-the-clock military protection, transportation, and food – that the United States now alleges against the defendants. The U.S. has rejected Iran's requests that MEK members be returned to Iran. U.S. and coalition forces have enlisted the MEK to assist them in clearing landmines and in identifying other threats in the region, and have provided the MEK with numerous awards and certificates of appreciation for their assistance. *See, e.g.*, Local Cease-Fire Agreement Of Mutual Understanding and Coordination, Art. 7 (April 15, 2003). As Seymour Hersh recently claimed in his expose of American covert operations in Iran: "The M.E.K. has been on the State Department's terrorist list for more than a decade, yet in recent years the group has received arms and intelligence, directly and indirectly, from the United States." Seymour Hersh, Preparing The Battlefield, *The New Yorker* (July 8, 2008) All of this conduct easily is encompassed within the broad definition of "material support," 18 U.S.C. § 2339(b)(1), which the government is using here to prosecute these defendants for the minor contributions they are alleged to have made.

More recently, following a Presidential order authorizing the use of covert operations to destabilize Iran, it has not been uncommon to see news reports – purportedly based on U.S. government sources – claiming that the United States is utilizing the MEK to gather intelligence and destabilize Iran. *See, e.g.*, Selig S. Harrison, Covert Action, Economic Pressure and Destabilisation: The U.S. Meddles Aggressively In Iran, *Le Monde Diplomatique* (Oct. 1, 2007) ("According to US sources, since the invasion of Iraq US intelligence agencies have disarmed the fighters but have kept the MEK camps near the Iranian border intact, using MEK operatives for espionage and sabotage in Iran and to interrogate Iranians accused of aiding Shia militias in Iraq."). Following the government's compliance

DEFENDANTS' MOTION TO DISMISS FOR VIOLATING FIFTH AMENDMENT DUE PROCESS CLAUSE

with its discovery obligations, the defendants expect that the extensive pattern of support the United States has provided the MEK will be further documented.

Even before the Iraq War and superseding indictments, there is evidence that U.S. agencies, including intelligence agencies, were working with, sharing information with, and cooperating in some manner with the MEK. Michael Hirsch & Mazair Bahari, Blowup? America's Hidden War With Iran, *Newsweek* (Feb. 19, 2007) (noting that the MEK provided the U.S. with secrets on Iran's nuclear program in August 2002, months before the March 2002 invasion of Iraq). The defendants have specifically sought discovery from the government on this subject and the government did not dispute its legal obligation to produce this material but has not provided any information as to when this might occur. (*See* Government's Consolidated Opposition to Defendants' Motions to Compel Discovery (December 3, 2007) at 22:1-19.)

## II. <u>PROSECUTING THE DEFENDANTS FOR CONDUCT THE UNITED STATES PERPETUATES VIOLATES DUE PROCESS</u>

The Fifth Amendment prohibits the United States from depriving the defendants of their "liberty or property without due process of law." U.S. Const., Amend. V. The process due must protect the "fundamental principles of liberty and justice," *Twining v. New Jersey*, 211 U.S. 78, 106 (1908), and may not "offend traditional notions of fair play and substantial justice," *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see Johnson v. Williford*, 682 F.2d 868, 873 (9th Cir. 1982) (due process protects "fundamental principles of liberty and justice").

From this somewhat ambiguous phrase "due process of law" and general notions of "fair play and substantial justice," courts have found due process violations in the fact-specific examination of the cases before them. *See, e. g.*, *Rochin v. California*, 342 U.S. 165 (1952); *Ham v. South Carolina*, 409 U.S. 524 (1973). As Justice Powell explained:

DEFENDANTS' MOTION TO DISMISS FOR VIOLATING FIFTH AMENDMENT DUE PROCESS CLAUSE

> Due process in essence means fundamental fairness, and the Court's cases are replete with examples of judgments as to when such fairness has been denied an accused in light of all the circumstances. The fact that there is sometimes no sharply defined standard against which to make these judgments is not itself a sufficient reason to deny the federal judiciary's power to make them when warranted by the circumstances.

*Hampton v. United States*, 425 U.S. 484, 494-95 (1976) (Powell, J., concurring).

Often these sorts of violations fall into such common patterns that courts have grouped them under distinct labels, identifying the type of due process violation at issue.  The Supreme Court initially did this with the due process defense of entrapment:  "courts refuse to convict an entrapped defendant, not because his conduct falls outside the proscription of the statute, but because, even if his guilt be admitted, the methods employed on behalf of the Government to bring about conviction cannot be countenanced."  *Sorrells v. United States*, 287 U.S. 435, 453 (1932) (Roberts, J., concurring).  But as the government committed abuses which did not squarely fall within the definition of entrapment, courts remained cognizant that the test was not whether the government's actions were inconsistent with the definition of "entrapment" but whether they were consistent with the over-arching concept of due process.  When an injustice had occurred that did not fit squarely within the law of entrapment, courts did not ignore the injustice – they modified the law to recognize new due process-based defenses, such as entrapment by estoppel, *United States v. Tallmadge*, 829 F.2d 767, 773 (9th Cir. 1987); *United States v. Hsieh Hui Mei Chen*, 754 F.2d 817 (9th Cir. 1985), and sentencing entrapment, *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir. 1994); *United States v. Lenfesty*, 923 F.2d 1293 (8th Cir. 1991).  When the concept of entrapment itself proved inadequate to prevent other types of injustice, courts recognized a public authority defense, *United States v. Bear*, 439 F.3d 565, 569 (9th Cir. 2006); *United States v. Burrows*, 36 F.3d 875 (9th Cir. 1994); *United States v. Reyes-Vasquez*, 905 F.2d 1497 (11th Cir. 1990), and when that proved inadequate they

McDermott Will & Emery LLP
ATTORNEYS AT LAW
WASHINGTON

-6-

added a defense of "apparent public authority," *United States v. Burt*, 410 F.3d 1100, 1103-04 (9th Cir. 2005); *United States v. Barker*, 546 F.2d 940 (D.C. Cir. 1976). And courts continue to develop new due process defenses where injustices evade easy categorization within the already established doctrines. *See, e.g.*, *United States v. Gurolla*, 333 F.3d 944, 950 (9th Cir. 2003) (recognizing that outrageous governmental conduct is a defense); *Cf. Scarano v. Central R. Co. of New Jersey*, 203 F.2d 510 (3d Cir. 1953) (establishing the judicial estoppel doctrine to prohibit parties from taking contradictory positions in judicial proceedings); *Whaley v. Belleque*, 520 F.3d 997 (9th Cir. 2008) (applying the judicial estoppels doctrine against the government).

Because the government has not provided the defense with discovery relating to these issues, it is not yet clear whether this prosecution violates one or more of the already established due process defenses. The Ninth Circuit has authorized discovery to allow a defendant to inquire into government conduct that may establish such defenses, where the defendant presents a colorable claim that government officials authorized otherwise illegal conduct. *United States v. Clegg*, 846 F.2d 1221 (9th Cir. 1988) (authorizing discovery where defendant that two American military officers authorized his otherwise-illegal arms dealing in Pakistan). Because defendants here have presented ample evidence to support a colorable claim, they should be permitted discovery on this issue.

In any event, whether or not further discovery reveals implicit or explicit authorization by American government officials working with the MEK, it is quite clear already that this prosecution violates the concept of due process. It distorts all notions of even-handed justice and fair play for the United States to punish these defendants for engaging in conduct that the government is encouraging others to engage in or is doing itself. The United States cannot declare that the MEK is a terrorist organization, such that all American people and resident aliens must sever their otherwise protected First Amendment rights to associate with the MEK, and

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

-7-

declare that providing any material support to the MEK warrants criminal penalties of up to 15 years imprisonment when it is the policy or conduct of the United States to materially support the MEK at the same time. This disparity sends mixed signals as to what the law requires, it heightens the danger of selective prosecution, and it selectively grants the First Amendment's freedom of association to some but not others. Most importantly though, it would allow the government to impose a great hardship on those it chooses to prosecute and convict when – as the government's own actions attest – their conduct is not wrongful, but has been deemed by the Executive Branch as being in this country's interests. Criminal law exists to punish persons for their wrongful acts. *Cf. Scales v. United States*, 367 U.S. 203, 229-30 (1961) (criminal liability must rest upon personal guilt). The defendants cannot be made to suffer criminally to create a diplomatic smokescreen to disguise the true nature of the United States' involvement with the MEK.

DEFENDANTS' MOTION TO DISMISS FOR VIOLATING FIFTH AMENDMENT DUE PROCESS CLAUSE

## CONCLUSION

The government's admitted continued assistance to the MEK is enough to invoke the Due Process clause to prevent this odd circumstance where the Executive Branch can support the MEK and prosecute others for doing the same thing.  At the very least, defendants believe that there is enough threshold evidence to both compel the government to provide the discovery requested on the nature and extent of the government's own assistance and support to the MEK and to hold an evidentiary hearing where this topic can be explored.  Should the government choose not to provide the discovery or participate in such a hearing, that in itself would be grounds to dismiss the Second Superseding Indictment.  The defendants will supplement this motion when they receive the discovery or the government makes clear it will not comply.

Dated:  July 15, 2008                                  Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

_____/s/_____
Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI

**MICHAEL S. MEZA LAW OFFICES**

_____/s/_____
Michael S. Meza
Attorney for Defendant
ALIREZA MOHAMMADMORADI

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

_____/s/_____
Richard M. Steingard
Attorney for Defendant
MUSTAFA AHMADY

**THOMAS NISHI LAW OFFICES**

_____/s/_____
Thomas Nishi
Attorney for Defendant
HOSSEIN KALANI AFSHARI

**JAY L. LICHTMAN LAW OFFICES**

_____/s/_____
Jay L. Lichtman
Attorney for Defendant
HASSAN REZAIE

**SAINT MARTIN & FAN**

_____/s/_____
Amy Fan
Attorney for Defendant
NAVID TAJ

**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

_____/s/_____
Peter J. Eliasberg
Ahilan T. Arulanantham

**NASATIR HIRSCH PODBERESKY & GENEGO**

_____/s/_____
William J. Genego
Attorneys for Defendant
MOHAMMAD HOSSEIN OMIDVAR

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANTS' MOTION TO DISMISS FOR VIOLATING FIFTH AMENDMENT DUE PROCESS CLAUSE