**McDERMOTT WILL & EMERY LLP**
Abbe David Lowell (Admitted *Pro Hac Vice*)
adlowell@mwe.com
Roy L. Austin, Jr. (State Bar No. 211491)
raustin@mwe.com
Hoyt Y. Sze (State Bar No. 180716)
hsze@mwe.com
Christopher D. Man
cman@mwe.com
600 Thirteenth Street, N.W.
Washington, DC  20005-3096
Telephone:   202.756.8000
Facsimile:   202.756.8087

Attorneys for Defendant
ROYA RAHMANI

**SAINT MARTIN & FAN**
Amy Fan (State Bar No. 156211)
amyfan@sbaglobal.net
6603 W. Century Boulevard
Suite 1107
Los Angeles, CA 90045
Telephone:  310.645.9383
Facsimile:   310.641.2501

Attorney for Defendant
NAVID TAJ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  CR-01-209(A)-RMT |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS NEW COUNTS IN FIRST AND SECOND SUPERSEDING INDICTMENTS PURSUANT TO THE STATUTE OF LIMITATIONS (MOTION TO DISMISS NO. 8)** |
| v. | |
| ROYA RAHMANI, ALIREZA MOHAMMADMORADI, MOUSTAFA AHMADY, HOSSEIN KALANI AFSHARI, HASSAN REZAIE, NAVID TAJ, MOHAMMAD HOSSEIN OMIDVAR, et. al., | Hearing Date:        None Scheduled Time: |
| Defendants. | Dept:                     Courtroom 22 |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT defendants Roya Rahmani, Alireza Mohammadmoradi, Moustafa Ahmady, Hossein Kalani Afshari, Hassan Rezaie, Navid Taj and Mohammad Hossein Omidvar ("the defendants") hereby move the Court to dismiss all of the Counts added in the First and Second Superseding Indictments that are covered by five-year statutes of limitations.[1]  This Motion is based on this Notice of Motion, supported by the attached Memorandum of Points and Authorities, and by all of the pleadings, records and files in this action, and such other documents and argument as may be presented to the Court.

Dated:  July 15, 2008                                    Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

/s/
———————————————
Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI

**MICHAEL S. MEZA LAW OFFICES**

/s/
———————————————
Michael S. Meza
Attorney for Defendant
ALIREZA MOHAMMADMORADI

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

/s/
———————————————
Richard M. Steingard
Attorney for Defendant
MUSTAFA AHMADY

**THOMAS NISHI LAW OFFICES**

/s/
———————————————
Thomas Nishi
Attorney for Defendant
HOSSEIN KALANI AFSHARI

**JAY L. LICHTMAN LAW OFFICES**

/s/
———————————————
Jay L. Lichtman
Attorney for Defendant
HASSAN REZAIE

**SAINT MARTIN & FAN**

/s/
———————————————
Amy Fan
Attorney for Defendant
NAVID TAJ

**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

/s/
———————————————
Peter J. Eliasberg
Ahilan T. Arulanantham

**NASATIR HIRSCH PODBERESKY & GENEGO**

/s/
———————————————
William J. Genego
Attorneys for Defendant
MOHAMMAD HOSSEIN OMIDVAR

---

[1]  The defendants recognize that the government has attempted to save these added counts through the tolling provisions of 18 U.S.C. § 3292.  The government appears to believe that its post-indictment applications for foreign discovery pursuant Section 3292 toll the statute of limitations, even though Section 3292 applications can only be made "before return of an indictment."  18 U.S.C. § 3292(a)(1).  Because the government's post-indictment applications cannot confer the *pre*-indictment tolling afforded by Section 3292, and because of defects in the applications themselves, defendants have filed the accompanying Motion to Invalidate the Government's Section 3292 Applications.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................1

PROCEDURAL HISTORY ................................................................................................2

ARGUMENT.......................................................................................................................4

I.      COUNTS 1-23 AND 32-58 OF THE SECOND SUPERSEDING
        INDICTMENT ARE TIME-BARRED AND MUST BE DISMISSED
        AS TO ALL DEFENDANTS ................................................................................4

II.     COUNTS 27-30 ARE BARRED BY THE STATUTE OF
        LIMITATIONS AND MUST BE DISMISSED AS TO DEFENDANT
        RAHMANI ............................................................................................................5

        A.      Count 27 Is Barred By The Statute Of Limitations..............................6

        B.      The Statute Of Limitations Is Not Tolled While An Indictment
                Is Improperly Sealed ...........................................................................6

                1.      An Improperly Sealed Indictment Will Not Stop The
                        Running Of The Statute Of Limitations ...................................7

                2.      Even An Indictment That Is Properly Sealed Initially
                        Cannot Remain Sealed Longer Than Necessary.......................9

                3.      The Sealing Of The First Superseding Indictment Was
                        Not Warranted .......................................................................10

CONCLUSION ..................................................................................................................14

DEFENDANTS' MOTION TO DISMISS PURSUANT
                                                        TO THE STATUTE OF LIMITATIONS

# TABLE OF AUTHORITIES

**Page**

## CASES

*Toussie v. United States*, 397 U.S. 112 (1970) .......................................................4, 6

*United States v. Almeh*, 341 F.3d 167 (2d Cir. 2003) ................................................5

*United States v. Bennett*, 2007 U.S. Dist. LEXIS 61592 (S.D.N.Y.
   Aug. 21, 2007) ...........................................................................................................7

*United States v. Bracy*, 67 F.3d 1421 (9th Cir. 1995) ................................................7

*United States v. Cosolito*, 488 F. Supp. 531 (D. Mass. 1980) ................................13

*United States v. Delgomini*, 111 F. Supp. 2d 198 (E.D.N.Y. 2000) .........................8

*United States v. Gigante*, 436 F. Supp. 2d 647 (S.D.N.Y. 2006) .............................7

*United States v. Heckler*, 428 F. Supp. 269 (S.D.N.Y. 1964) ................................10

*United States v. Marion*, 404 U.S. 307 (1971) ..........................................................5

*United States v. Rogers*, 781 F. Supp. 1181 (S.D.N.Y. 1991)........................8, 9, 12

*United States v. Sherwood*, 38 F.R.D. 14 (D. Conn. 1964) ................................8, 10

*United States v. Slochowsky*, 575 F. Supp. 1562 (E.D.N.Y. 1983) ........................12

*United States v. Srulowitz*, 819 F.2d 37 (2d Cir. 1987)......................................8, 12

*United States v. Thompson*, 104 F. Supp. 2d 1303 (D. Kan 2000) .........................10

*United States v. Upton*, 339 F. Supp. 2d 190 (D. Mass. 2000)................................8

*United States v. Watson*, 690 F.2d 15 (2d Cir. 1979)............................................7, 9

*United States v. Wesley*, 343 F.3d 849 (6th Cir. 2003) .............................................8

*United States v. Wright*, 343 F.3d 849 (6th Cir. 2003) ...........................................12

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANTS' MOTION TO DISMISS PURSUANT
TO THE STATUTE OF LIMITATIONS

# TABLE OF AUTHORITIES
## (continued)

**Page**

## STATUTES

18 U.S.C. § 371 ......................................................................................................4

18 U.S.C. § 1014......................................................................................................3

18 U.S.C. § 1546(a) .............................................................................................2, 5

18 U.S.C. § 3282...............................................................................................2, 4, 5, 6

18 U.S.C. § 3293(1) .................................................................................................3

## REGULATIONS

Fed. R. Crim. P. 6(e)(4) .......................................................................................10

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

- iii -

DEFENDANTS' MOTION TO DISMISS PURSUANT TO THE STATUTE OF LIMITATIONS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

There have been three indictments in this case.  The third charging instrument, the Second Superseding Indictment ("Indictment"), was filed on November 29, 2007, more than 6 ½ years after the Original Indictment was filed on March 13, 2001, and as much as a decade after the allegedly improper conduct. Though the defendants finally believed that were preparing for an impending trial, the Indictment almost doubled the number of counts, more than doubled the number of overt acts and added two new defendants.[2]  Because the government improperly relies entirely on tolling under 18 U.S.C. § 3292,[3] there is simply no fair explanation for the government to so significantly expand this criminal case so long after the Original Indictment.

The Indictment adds criminal charges that began as early as April 1997 – more than a decade before this Indictment was filed – and that occurred as late as February 26, 2001, still before the time of the Original Indictment.  Applying the five-year statute of limitations to the last of these acts, the government would have had to charge the defendants by February 26, 2006.  By waiting until November 29, 2007 to do so, the government is more than 21-months late on all counts covered by a five-year statute of limitations.  Counts 1-23 and 32-58 are such counts and should be dismissed.

---

[2]    Two defendants, Mohammad Bigdeli and Elham Kiamanesh, were named in the Second Superseding Indictment for the first time and never have made an appearance in the case.  The government has refused to provide defense counsel with any information about these two defendants and has indicated a plan to move forward without them.

[3]    The government's reliance on 18 U.S.C. § 3292 is not supportable because Section 3292 only allows tolling to take place with respect to applications "filed before return of an indictment" and the government's first Section 3292 application was not made until July 28, 2003 – nearly 29 months *after* the defendants had been indicted.  18 U.S.C. § 3292(a)(1).  This defect and related defects in the government's Section 3292 applications are addressed separately in the accompanying Motion to Invalidate the Government's 18 U.S.C. § 3292 Applications (Motion to Dismiss No. 7).

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

- 1 -

Counts 27-30 of the Second Superseding Indictment ("Indictment") allege that Ms. Rahmani misused a visa between June and December 2000 in violation of 18 U.S.C. § 1546(a), a statute that is subject to a five-year statute of limitations. *See* 18 U.S.C. § 3282. These charges were added to the Original Indictment by a sealed First Superseding Indictment, which was not unsealed until February 5, 2007 – more than 6 years after the conduct in question is alleged to have occurred. Because these counts were not unsealed until after the five-year statute of limitations had expired, they too are time-barred and must be dismissed.

## PROCEDURAL HISTORY

On February 27, 2001, the government arrested the seven defendants. On March 13, 2001, a federal grand jury returned the Original Indictment charging them with one count of conspiracy and 58 counts of knowingly providing material support to the Mujahedin-e Khalq ("MEK"), a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1). Although on release, all of the defendants have been subject to stringent conditions of release ever since, including, until very recently for Ms. Rahmani, electronic monitoring.[4] Not one of these defendants has violated his or her conditions of release. Thus, the government has known and had substantial control over the whereabouts of each defendant for more than seven years.

On June 21, 2002, this Court dismissed the Original Indictment as to all defendants, finding 8 U.S.C. § 1189, which provides for designation of an organization as a "foreign terrorist organization," facially unconstitutional. The government appealed the dismissal on July 12, 2002.

---

[4] The government objected to the recent change in conditions of release. The Court made adjustments in any event. Now, the government has decided to initiate deportation proceedings against Ms. Rahmani on the immigration issues added in the First Superseding Indictment despite knowing about these issues since at least August 2002. Ms. Rahmani will be raising the vindictiveness and other aspects of the government's latest attempt at retribution in a separate motion and proceeding.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANTS' MOTION TO DISMISS PURSUANT TO THE STATUTE OF LIMITATIONS

On June 14, 2005, while the appeal of the Original Indictment was still pending, a federal grand jury returned the First Superseding Indictment but the government, for no apparent reason, filed this under seal. (*See* Exhibit B (Chart: "Immigration Charges Are Time-Barred Under Five-Year Statute of Limitations").) This First Superseding Indictment added five charges related to fraudulent use of visas – the facts of which are alleged to have all occurred by December 2000 and were previously known to the prosecution at least as early as August 2002. In the Second Superseding Indictment, these charges became Counts 27-31. On October 20, 2005, the Ninth Circuit Court of Appeals reversed this Court's dismissal of the Original Indictment. *United States v. Afshari*, 426 F.3d 1150 (9th Cir. 2005). On February 5, 2007, the government finally unsealed the First Superseding Indictment.

The grand jury returned the Second Superseding Indictment on November 29, 2007, which renewed all of the prior charges but added two new defendants and the following new charges: Conspiracy (Count 1), mail fraud (Counts 2-7), wire fraud (Counts 8-23), fraudulent statements to a financial institution (Counts 24-26),[5] and money laundering (Counts 32-58). (*See* Exhibit A (Chart: "The Government Filed the Second Superseding Indictment After the Statute of Limitations Had Expired").) The defendants now move to dismiss Counts 1-23, 27-30 and 32-58 of the Second Superseding Indictment because the statute of limitations covering those counts expired.

---

[5] Defendants acknowledge that Counts 24, 25, and 26 (alleging false statements to a financial institution in violation of 18 U.S.C. § 1014) of the Second Superseding Indictment are subject to a ten-year statute of limitations pursuant to 18 U.S.C. § 3293(1). The dismissal of these counts is warranted on other grounds. (*See* specifically, among other accompanying motions, Defendants Rahmani's and Mohammadmoradi's Motion to Dismiss Counts 24-26 for Failure to Allege Any False Statements to a Bank.)

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

- 3 -

DEFENDANTS' MOTION TO DISMISS PURSUANT
TO THE STATUTE OF LIMITATIONS

**ARGUMENT**

**I.   COUNTS 1-23 AND 32-58 OF THE SECOND SUPERSEDING INDICTMENT ARE TIME-BARRED AND MUST BE DISMISSED AS TO ALL DEFENDANTS**

Virtually all of the counts added to the Indictment are subject to five-year statute of limitations.  In 50 of the 53 added counts, the government alleges criminal activity violating 18 U.S.C. §§ 371 (conspiracy), 1341 (mail fraud), 1343 (wire fraud), and 1956 (money laundering).  According to the government, the conduct alleged in these offenses began as early as April 1997 and all of the alleged conduct that these charges are based upon had ended by February 26, 2001.  The statute of limitations for each of these offenses is set forth in Section 3282, which provides in pertinent part: "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found . . . within five years next after such offense shall have been committed."  18 U.S.C. § 3282.  Thus, the statute of limitations would have expired for each of these offenses by February 26, 2006.[6]

Because the grand jury returned the Second Superseding Indictment on November 29, 2007, more than 21 months after the expiration of the statute of limitations on the last act alleged, these counts are time-barred.  It is well-established that statutes of limitations "protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time . . . ."  *Toussie v. United States*, 397 U.S. 112, 114-15 (1970).  Moreover, the Supreme Court has acknowledged that "the applicable statute of limitations . . . is . . . the primary guarantee against bringing of overly stale criminal charges."  *United States v. Marion*, 404 U.S. 307, 322-23 (1971).  To protect the

---

[6]   The statute of limitations for many of the non-conspiracy counts would have expired much earlier.  Many of the counts, for example, would have expired as early as December 3, 2004. (Indict. Counts 2-4 at 29 (mail fraud counts expiring December 3, 2004); Counts 33-35 (money laundering counts expiring December 3, 2004); and Count 53 (concealment of money laundering count expiring December 20, 2004).

DEFENDANTS' MOTION TO DISMISS PURSUANT TO THE STATUTE OF LIMITATIONS

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

defendants' rights and prevent them from being tried on these stale charges, Counts 1-23 and 32-58 must be dismissed.

The defendants anticipate that the government's response to this motion will be that the tolling provisions of 18 U.S.C. § 3292 add as much as an additional three years to the statute of limitations. As argued fully in Defendants' Motion to Invalidate the Government's 18 U.S.C. § 3292 Applications (accompanying this filing), the government lost its opportunity to extend the statute of limitations when it originally indicted the defendants prior to seeking tolling to obtain foreign evidence. Any argument by the government that the charges in the operative Indictment were distinct from the charges in the Original Indictment is unpersuasive. First, it is unpersuasive because the plain language of the statute does not say that the government can claim distinctiveness as a panacea. Second, there is nothing distinct between the material support charges of the Original Indictment and the fraud charges of the Indictment since the facts supporting both and the charges themselves are inextricably intertwined in the search warrant affidavits from before the defendants' arrest, in all three indictments, in the Section 3292 applications and in the discovery. As such, the five-year statute of limitations for any added charges has expired and they should be dismissed.

## II.   COUNTS 27-30 ARE BARRED BY THE STATUTE OF LIMITATIONS AND MUST BE DISMISSED AS TO DEFENDANT RAHMANI

Ms. Rahmani's prosecution under Section 1546(a) for conduct that occurred in June 2000 (Counts 27 and 28), November 2000 (Count 29) and December 2000 (Count 30) is subject to 18 U.S.C. § 3282's five-year statute of limitations which expired more than one year before the government unsealed the First Superseding Indictment, on February 5, 2007. *See United States v. Almeh*, 341 F.3d 167, 172 (2d Cir. 2003) (explaining that violations of Section 1546 are subject to the five-

DEFENDANTS' MOTION TO DISMISS PURSUANT TO THE STATUTE OF LIMITATIONS

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

year limitations period of 18 U.S.C. § 3282).  Ms. Rahmani was not placed on notice that she was facing these charges until the unsealing.

As explained below, the date the First Superseding Indictment was unsealed is controlling in this case because there was no basis for sealing this indictment such that it would save or toll the period of limitations.  And even were the Court to find such a basis, there certainly was no basis for keeping it sealed for 20 months.

### A.   Count 27 Is Barred By The Statute Of Limitations

Count 27 of the Indictment merely alleges that the offense transpired sometime during June 2000, but fails to allege that any offense took place less than five years before June 15, 2005 – the date the First Superseding Indictment was filed under seal.  Thus, even if the Court were to regard the date the First Superseding Indictment was secretly filed as tolling the limitations period, the government still has failed to allege a timely filed charge with respect to Count 27.  Therefore, Count 27 must be dismissed.

### B.   The Statute Of Limitations Is Not Tolled While An Indictment Is Improperly Sealed

The government cannot avoid the purpose and force of the statute of limitations by secretly filing an indictment in a "timely" manner, but not unsealing that indictment for more than two years after the statute of limitations had passed.  The central purposes of a statute of limitations are to grant people repose after a specified period of time has passed and to encourage the government to promptly investigate and prosecute crimes.  *See Toussie v. United States*, 397 U.S. 112, 114-15 (1970) (describing purpose of statutes of limitations).  Both of those laudable goals would be thwarted if the government could file secret charges on the eve of the expiration of a statute of limitations without a proper basis to do so and then surprise defendants by unsealing these charges years and years later.  In view of

McDermott Will & Emery LLP
Attorneys At Law
Washington

- 6 -

these important objectives, the Supreme Court has emphasized that courts should liberally construe statutes of limitation in favor of repose. *Id.* at 115.

### 1. An Improperly Sealed Indictment Will Not Stop The Running Of The Statute Of Limitations

While it is true that there are specific circumstances where necessity may require the filing of an indictment under seal – primarily where the government cannot locate a defendant it has reason to believe would flee if he learned of the charges – and the filing of a sealed indictment in those situations will toll the statute of limitations, this is a "narrow exception" to the general rule barring indictments after limitations periods have passed. *United States v. Watson*, 690 F.2d 15, 16 (2d Cir. 1979). Accordingly, there are significant limits on the power of a government to seal an indictment beyond the expiration of a statute of limitations period.

An improperly sealed indictment does not toll the statute of limitations and, when an indictment is improperly sealed, it is the date the indictment is unsealed that is deemed the date the indictment is "found" for statute of limitations purposes – not the date the charges were handed up. The rule is that:

> When, as here, a defendant challenges the decision to seal an indictment after it has been unsealed, the burden is on the Government to establish legitimate reasons for sealing the indictment. If the Government is unable to justify the sealing of the indictment, the expiration of the limitations period prior to unsealing would result in dismissal of the indictment, as it would in any case in which an indictment was untimely.

*United States v. Bennett*, 2007 U.S. Dist. Lexis 61592, at * 5 (S.D.N.Y. Aug. 21, 2007) (quoting *United States v. Gigante*, 436 F. Supp. 2d 647, 654-55 (S.D.N.Y. 2006)); *see United States v. Bracy*, 67 F.3d 1421, 1426 (9th Cir. 1995) (explaining that tolling occurs "as long as the indictments were properly sealed for legitimate prosecutorial objectives"); *Gigante*, 436 F. Supp. 2d at 654 ("If, for example, the Government lacks a proper purpose in sealing the indictment, the indictment is considered to be found upon the date of its unsealing.") (dismissing indictment);

McDermott Will & Emery LLP
Attorneys At Law
Washington

DEFENDANTS' MOTION TO DISMISS PURSUANT TO THE STATUTE OF LIMITATIONS

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

*United States v. Upton*, 339 F. Supp. 2d 190, 194 (D. Mass. 2000) ("[A]n improperly sealed indictment does not toll the statute of limitations.") (dismissing indictment); *United States v. Rogers*, 781 F. Supp. 1181, 1190 (S.D. Miss. 1991) ("[W]here an indictment is sealed for an improper purpose, the indictment is not 'found' until the indictment is unsealed. In that event, should the limitations period run before the unsealing, the indictment will be dismissed as time-barred.") (dismissing indictment). Indeed, this has long been the rule and for good reason:

> The five-year criminal statute of limitations would have little or no meaning were the law to be construed otherwise. A person would never know with certainty that a sealed indictment might be lurking in undisclosed government files, held in abeyance for a year or years to satisfy the personal motives of a government official. To be a nation of law, and not subject to the whims of men, law must be administered uniformly and objectively. The United States of America has sufficient power, prestige, and facilities to openly indict a criminal and bring him to the bar for justice. It is not in keeping with our heritage, to destroy the image of America, by a policy of lying in wait with a sealed indictment, after the criminal statute of limitations has run . . . .

*United States v. Sherwood*, 38 F.R.D. 14, 17-8 (D. Conn. 1964); *see United States v. Delgomini*, 111 F. Supp. 2d 198, 203 (E.D.N.Y. 2000) (quoting *Sherwood*).[7]

---

[7] Just as in situations where the government does not file an indictment until after the statute of limitations has passed, a defendant does not need to show prejudice where the government fails to unseal a timely filed, but *improperly* sealed, indictment until after the limitations period has expired. By definition, the delay, surprise, and need to recapture the time spent are presumed prejudice enough. *See, e.g.*, *Deglomini*, 111 F. Supp. 2d at 202 ("There is no extant precedent for requiring a showing of prejudice to dismiss an indictment found after the limitations period has expired. If the government simply fails to indict by the time the limitations period has expired, the defendant's interest in repose overrides society's interest in punishment; no showing of prejudice is required by the defendant. In such a case, 'we bar prosecution – however strong the prosecutorial interest may be.' Similarly, . . . if the government lacks legitimate prosecutorial purposes in sealing the indictment in the first instance and the limitations period expires before unsealing, the statute of limitations is violated and no prejudice must be shown.") (internal citations omitted) (dismissing indictment). This is because "[r]equiring a showing of actual prejudice to the defendant would give the government carte blanche, creating potential for abuse. . . . "[E]ven a patently unjustified delay of virtually limitless duration would toll the limitations period, so long as the defendant is unable to meet the burden of proving actual prejudice. . . ." *Id.* By contrast, even a timely filed and *properly* sealed indictment will be dismissed if it is unsealed after the limitations period has run and the defendant can show actual prejudice. *See, e.g.*, *United States v. Wesley*, 343 F.3d 849, 859 (6th Cir. 2003); *United States v. Srulowitz*, 819 F.2d 37, 40 (2d Cir. 1987); *United States v. Watson*, 690 F.2d 15, 16 (2d Cir. 1979); *United States v. Rogers*, 781 F. Supp. 1181, 1190 (S.D.N.Y. 1991) (explaining difference in when prejudice is and is not required).

DEFENDANTS' MOTION TO DISMISS PURSUANT TO THE STATUTE OF LIMITATIONS

## 2.  Even An Indictment That Is Properly Sealed Initially Cannot Remain Sealed Longer Than Necessary

A logical outgrowth of the rule that an improperly sealed indictment will not toll the statute of limitations is the corollary that an indictment that is properly sealed initially will not continue to toll the limitations period once the justification for sealing the indictment have passed.  "When a sealed indictment has tolled the statute of limitations, the policy of repose underlying the statute demands that the Government unseal the indictment as soon as legitimate need for the delay has been satisfied." *United States v. Watson*, 690 F.2d 15, 19 (2d Cir. 1979).  Delay is warranted "only to the degree necessary to accommodate the prosecutorial interests that the sealing of the indictment legitimately furthers." *Id.* at 1155.  Courts have been careful to enforce meaningful time limitations of the length of time in which sealing can be justified to prevent this "narrow exception" from becoming a "major loophole in the statute of limitations." *Deglomini*, 111 F. Supp. 2d at 203; *see Gigante*, 436 F. Supp. 2d at 655 ("Even if the Government has a legitimate prosecutorial purpose for sealing an indictment, the time period in which the indictment may remain sealed is not boundless.  Rather, the Government is required to unseal the indictment 'as soon as its legitimate need for delay has been satisfied.'") (quoting *Watson*); *Deglomini*, 111 F. Supp. 2d at 203 ("[A]n indictment may remain sealed only for a reasonable time in light of the government's prosecutorial needs.").  Unnecessarily delaying the unsealing of an indictment is unreasonable, even if the defendant does not show prejudice. *Watson*, 599 F.2d at 1156 n.4 ("[E]ven if the defendant shows no prejudice, delay in unsealing the indictment would be unreasonable if there were no legitimate prosecutorial needs for it."); *Deglomini*, 111 F. Supp. 2d at 200 ("Where the government has no legitimate purpose served by keeping the indictment sealed beyond the limitations period, the defendants need not show prejudice, even if the indictment was properly sealed initially.").

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANTS' MOTION TO DISMISS PURSUANT TO THE STATUTE OF LIMITATIONS

The fact that the First Superseding Indictment was sealed for nearly *two years* after the statute of limitations expired is extraordinary, and "presumptively unreasonable." *See, e.g.*, *Gigante*, 436 F. Supp. 2d at 659 (Chin, J.) ("I would find that the length of time between the sealing and the unsealing – nearly two years . . . – was a presumptively unreasonable amount of time in which to complete the investigation. . . ."); *United States v. Thompson*, 104 F. Supp. 2d 1303, 1304 (D. Kan 2000) (dismissing indictment where 11 months elapsed between sealing and unsealing of indictment); *Deglomini*, 111 F. Supp. 2d at 203 (dismissing indictment where 14 months elapsed between sealing and unsealing); *Rogers*, 781 F. Supp. at 1183 (dismissing indictment after 20 months elapsed between the sealing and unsealing of the indictment); *United States v. Heckler*, 428 F. Supp. 269, 272 (S.D.N.Y. 1964) ("When the defendants are available the government may not seal an indictment for more than a reasonable time after the statute of limitations has expired. *A period of more than twelve months is not reasonable.*") (emphasis added) (indictment dismissed); *United States v. Sherwood*, 38 F.R.D. 14, at 16-17 (D. Conn. 1964) (dismissing indictment where 13 months elapsed between sealing and unsealing of the indictment, and setting a presumptive benchmark that sealing "should extend not more than ninety (90) days from the return date").

### 3. The Sealing Of The First Superseding Indictment Was Not Warranted

Rule 6(e)(4) provides:  "The magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial." Fed. R. Crim. P. 6(e)(4).  This rationale could not be applicable to Ms. Rahmani because the government *already* had arrested her and taken her into custody on February 27, 2001 – more than four years before the sealed indictment was filed – and she has been subject to this Court's stringent conditions of release ever since.  Because, only until very recently, one of the conditions of release required Ms. Rahmani to wear a GPS

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANTS' MOTION TO DISMISS PURSUANT TO THE STATUTE OF LIMITATIONS

device shackled to her leg, the government knew exactly where she was when the grand jury returned the First Superseding Indictment and throughout the entire time that the superseding indictment was under seal. Had the government believed that there was some added risk of flight with the bringing of these additional charges, surely it could have addressed those concerns with the Court through a motion to modify the terms of release rather than by withholding the secret indictment from her and her counsel for an additional 20 months.

Although courts have expanded the legitimate law enforcement purposes behind sealing an indictment to more than the core concern with ensuring a defendant is brought into custody, it is difficult to imagine what law enforcement purpose could exist that would justify sealing the immigration charges.[8] Not only was Ms. Rahmani subject to stringent conditions of release and facing the far more serious charges of providing material support to a terrorist organization, but there was nothing secret about the fact that the government was investigating and contemplating pursuing immigration charges against her.

The government cannot plausibly maintain that it had any lawful reason to keep these immigration charges secret until *February 2007* because in *August 2002* it had already told Ms. Rahmani and this Court it was considering bringing such charges. In the government's Opposition to Ms. Rahmani's Motion to Modify Ms. Rahmani's Conditions of Release, filed *four-and-a-half* years earlier than the unsealing, on August 29, 2002, the government addressed the alleged misuse of the immigration-related documents at length and even stated then that it was contemplating pursuing immigration charges against her:

---

[8] For example, the government does not and could not allege that Ms. Rahmani was trying to tamper with evidence that was needed to bring the indictment or that she was trying to improperly influence witnesses or that she was engaged in any conduct that could remotely justify a sealed charge. She had been charged, was released for trial with stringent conditions, was working on her defense with counsel, and was acting in a way completely consistent with the law. Similarly, the government's arrest and charges in this case were public and well known. The government could not have had a reasonable concern that the immigration charges might cause the flight of some third party. No possible reason for sealing existed.

DEFENDANTS' MOTION TO DISMISS PURSUANT
TO THE STATUTE OF LIMITATIONS

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

> The government first became aware that defendant Rahmani had another identity in approximately July 2001, well after initial detention proceedings, and the government is continuing to investigate defendant Rahmani's possible violations of U.S. law in connection with her asylum application fraud.

(Gov't Opp'n. at 3-4 n.1.)  Even in light of that disclosure, Ms. Rahmani remained true to the conditions of her release and neither she nor anyone else interfered in any way with the government's investigation, thus undercutting any legitimate reason for the government to seek a sealed indictment.

Given that the government had not kept its investigation a secret, justifying the need for secrecy in sealing an indictment is all the more difficult because "[t]he Government has the burden of setting forth a justification for sealing the indictment." *United States v. Wright*, 343 F.3d 849, 858 (6th Cir. 2003); *United States v. Srulowitz*, 819 F.2d 37, 41 (2d Cir. 1987) ("[T]he government, if challenged, must demonstrate legitimate prosecutorial purposes for the secrecy of the indictment. . . ."); *Deglomini*, 111 F. Supp. 2d at 200 ("[I]f the government cannot demonstrate such a prosecutorial need, the expiration of the statute of limitations prior to unsealing would invalidate the indictment as in any case where the indictment is untimely filed.") (quoting *United States v. Slochowsky*, 575 F. Supp. 1562, 1567 (E.D.N.Y. 1983)).  Where – as here – the government's investigation of the potential charges was not secret and the government had located the defendant, it is virtually impossible for the government to justify a secretive sealed indictment.  *See, e.g.*, *Gigante*, 436 F. Supp. 2d at 657 ("The Government's assertion that it needed to maintain secrecy rings hollow in light of the fact that . . . there was nothing 'secret' about the investigation. . . ."); *United States v. Rogers*, 781 F. Supp. 1181, 1191 (S.D. Miss. 1991) (dismissing indictment because defendant could be located and "the evidence is uncontroverted that the defendant was aware" of the investigation long before the indictment was unsealed); *United States v. Cosolito*, 488 F. Supp. 531, 537 (D. Mass. 1980)

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

(sealing is not justified when the facts supposed to be kept secret are "common knowledge") (dismissing indictment).

Courts have been emphatic that the government cannot unilaterally extend the statute of limitations by filing a sealed indictment merely to gather evidence or prepare cases for trial:

> [I]t simply cannot be the case that the Government's desire for more time in which to complete its investigation of related charges is a legitimate prosecutorial reason to seal the indictment. The existence of a five-year statute of limitations would have little or no meaning if the Government could extend it, essentially unilaterally, merely because it wanted more time to investigate a potential related charge. The Government would be able to file a sealed indictment whenever more time for investigation might strengthen its case, and no person under investigation would ever have repose, as he could never be certain that he had not been indicted months or years earlier.

*Gigante*, 436 F. Supp. 2d at 658; *see Thompson*, 104 F. Supp. 2d at 1307 ("If the court were to accept 'trial preparation' investigation as sufficient to justify sealing an indictment, the government could seal all indictments because every criminal case requires trial preparation."); *Rogers*, 781 F. Supp. at 1191 ("[T]his court cannot agree that a unilateral extension of the limitations period under the guise of 'gathering evidence' would be a 'legitimate prosecutorial objective' in view of the length of the delay. . . ."). To allow the government to do so would undermine the goal of the statute of limitations of "encouraging prompt investigation of criminal cases." *Watson*, 599 F.2d at 154; *see Toussie*, 397 U.S. at 115 (explaining that statutes of limitation "have the salutary effect of encouraging law enforcement promptly to investigate suspected criminal activity").

In this case, there is no legitimate reason why the additional immigration charges against Ms. Rahmani were sealed until almost two years after the statute of limitation expired and nearly *seven* years after the events in question occurred. And although it is unnecessary for a defendant to show, Ms. Rahmani plainly has been prejudiced as a result: "It defies reason to expect a defendant to retain details as to

McDermott Will & Emery LLP
Attorneys At Law
Washington

- 13 -

DEFENDANTS' MOTION TO DISMISS PURSUANT TO THE STATUTE OF LIMITATIONS

dates, the substance of conversations or other materials after the expiration of seven years from the date of the acts alleged." *Heckler*, 428 F. Supp. at 272.

## CONCLUSION

The government cannot wait seven years to bring charges on acts covered by a five-year statute of limitations. Any attempt to extend the statute was not properly done and leaves the charges in Counts 1-23 and 32-58 filed too late. Also, the government had no legitimate basis for sealing the First Superseding Indictment or for then keeping the charges in Counts 27-30 sealed for 20 months when Ms. Rahmani was already under government imposed conditions of release and facing significantly more serious charges. Accordingly, these counts should be dismissed.

Dated: July 15, 2008                                   Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

/s/
Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI

**MICHAEL S. MEZA LAW OFFICES**

/s/
Michael S. Meza
Attorney for Defendant
ALIREZA MOHAMMADMORADI

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

/s/
Richard M. Steingard
Attorney for Defendant
MUSTAFA AHMADY

**THOMAS NISHI LAW OFFICES**

/s/
Thomas Nishi
Attorney for Defendant
HOSSEIN KALANI AFSHARI

**JAY L. LICHTMAN LAW OFFICES**

/s/
Jay L. Lichtman
Attorney for Defendant
HASSAN REZAIE

**SAINT MARTIN & FAN**

/s/
Amy Fan
Attorney for Defendant
NAVID TAJ

**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

/s/
Peter J. Eliasberg
Ahilan T. Arulanantham

**NASATIR HIRSCH PODBERESKY & GENEGO**

/s/
William J. Genego
Attorneys for Defendant
MOHAMMAD HOSSEIN OMIDVAR

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON