**McDERMOTT WILL & EMERY LLP**
Abbe David Lowell (Admitted *Pro Hac Vice*)
adlowell@mwe.com
Roy L. Austin, Jr. (State Bar No. 211491)
raustin@mwe.com
Hoyt Y. Sze (State Bar No. 180716)
hsze@mwe.com
Christopher D. Man
cman@mwe.com
600 Thirteenth Street, N.W.
Washington, D.C.  20005-3096
Telephone:   202.756.8000
Facsimile:   202.756.8087

Attorneys for Defendant
ROYA RAHMANI

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
A Limited Liability Partnership
Including Professional Corporations
Richard M. Steingard (State Bar No. 106374)
RSteingard@sheppardmullin.com
333 South Hope Street, 48th Floor
Los Angeles, CA  90071-1448
Telephone:   213.617.5416
Facsimile:   213.443.2908

Attorney for Defendant
MUSTAFA AHMADY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ROYA RAHMANI, ALIREZA MOHAMMADMORADI, MOUSTAFA AHMADY, HOSSEIN KALANI AFSHARI, HASSAN REZAIE, NAVID TAJ, MOHAMMAD HOSSEIN OMIDVAR, et. al.,<br><br>                    Defendants. | CASE NO.  CR-01-00209(A)-RMT<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 60-82 FOR ALLEGING ONLY SOLICITATION BUT NOT MATERIAL SUPPORT (MOTION TO DISMISS NO. 11)**<br><br>Hearing Date:     None Scheduled<br>Time:<br>Dept.:               Courtroom 22 |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT defendants Roya Rahmani (Counts 60-65), Mustafa Ahmady (Counts 66-74), Hossein Kalani Afshari (Counts 75-80), and Alireza Mohammadmoradi (Counts 81-82) ("the defendants") hereby move the Court to dismiss Counts 60-82 of the Second Superseding Indictment for charging defects. This Motion is based on this Notice of Motion, supported by the attached Memorandum of Points and Authorities, and by all of the pleadings, records and files in this action, and such other documents and arguments as may be presented to the Court.

Dated:  July 15, 2008          Respectfully submitted,

McDERMOTT WILL & EMERY LLP

                    /s/
Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI

SHEPPARD MULLIN RICHTER & HAMPTON LLP

                    /s/
Richard M. Steingard
Attorney for Defendant
MUSTAFA AHMADY

THOMAS NISHI LAW OFFICES

                    /s/
Thomas Nishi
Attorney for Defendant
HOSSEIN KALANI AFSHARI

MICHAEL S. MEZA LAW OFFICES

                    /s/
Michael S. Meza
Attorney for Defendant
ALIREZA MOHAMMADMORADI

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

ARGUMENT..........................................................................................................1

I.      COUNTS 60-82 OF THE INDICTMENT FAIL TO STATE A VALID CHARGE AND SHOULD BE DISMISSED ....................................................1

      A.     Counts 60-82 Fail To Allege That Material Support Was Provided Or That There Was Any Attempt To Provide Material Support ...............................................................................................1

      B.     Solicitation Does Not Amount To An Attempt ...................................2

CONCLUSION ......................................................................................................4

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANTS' MOTION TO DISMISS COUNTS 60-82
FOR ALLEGING ONLY SOLICITATION

# TABLE OF AUTHORITIES

Page

## CASES

*Gervin v. State*, 371 S.W.2d 449 (Tenn. 1963) ........................................................ 3

*Hutchinson v. State*, 315 So. 2d 546 (Fla. App. 1975) ............................................. 3

*Louisiana v. Baxley*, 633 So. 2d 142 (La. 1994) ...................................................... 3

*Morissette v. United States*, 342 U.S. 246 (1952) .................................................... 2

*People v. LaFontaine*, 79 Cal. App. 3d 176 (1978) .................................................. 3

*Ralston v. Oregon State Corr. Inst.*, 799 P.2d 298 (Or. Ct. App. 1988) ................... 2

*State v. Green*, 861 P.2d 954 (N.M. 1993) ............................................................... 3

*State v. Lowrie*, 54 N.W.2d 265 (Minn. 1952) ........................................................ 3

*State v. Miller*, 252 A.2d 321 (Me. 1969) ................................................................ 3

*State v. O'Neil*, 782 A.2d 209 (Conn. App. 2001) ................................................... 3

*State v. Otto*, 629 P. 2d 646 (Idaho 1981) ............................................................... 3

*Wilkie v. Robins*, 127 S. Ct. 2588 (2007) ................................................................ 2

## STATUTES

8 U.S.C. § 1182(a)(3)(B)(iv)(IV) .............................................................................. 3

18 U.S.C. § 211 ......................................................................................................... 3

18 U.S.C. § 215 ......................................................................................................... 3

18 U.S.C. § 292 ......................................................................................................... 3

18 U.S.C. § 373 ......................................................................................................... 3

18 U.S.C. § 597 ......................................................................................................... 3

18 U.S.C. § 602 ......................................................................................................... 3

18 U.S.C. § 604 ......................................................................................................... 3

18 U.S.C. § 607 ......................................................................................................... 3

18 U.S.C. § 663 ......................................................................................................... 3

18 U.S.C. § 666 ......................................................................................................... 3

18 U.S.C. § 704(a) ..................................................................................................... 3

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

- ii -

18 U.S.C. § 1029(a)(6) ................................................................................................. 4

18 U.S.C. § 1029(b)(1) ................................................................................................. 4

18 U.S.C. § 2192 ........................................................................................................... 4

18 U.S.C. § 2339B(a)(1) ............................................................................................... 1

**OTHER AUTHORITIES**

4 *Wharton's Criminal Law* (14th ed. 1978) ................................................................ 2

Clark & Marshall, *Crimes* (6th ed. 1958) .................................................................. 2

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

MOTION TO DISMISS COUNTS 60-82 FOR
ALLEGING ONLY SOLICITATION

McDermott Will & Emery LLP
Attorneys At Law
Washington

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Counts 60-82 of the Second Superseding Indictment ("Indictment") charge Roya Rahmani, Moustafa Ahmady, Hossein Kalani Afshari and Alireza Mohammadmoradi with violating Section 2339B(a)(1) by having "knowingly provided and attempted to provide material support or resources to the MEK" (2d. Indic. at 67, 68), but the actual Counts do not allege that any of them actually "provided" the MEK anything or that they "attempted" to do so.  They allege only that they "solicited" others to donate to the MEK, but there is no allegation that they "provided" or "attempted to provide" the MEK anything whatsoever.[1] Moreover, solicitation is a distinct crime from a substantive offense or an attempt, and solicitation is not a crime under Section 2339B(a)(1).

## ARGUMENT

### I.    COUNTS 60-82 OF THE INDICTMENT FAIL TO STATE A VALID CHARGE AND SHOULD BE DISMISSED

#### A.    Counts 60-82 Fail To Allege That Material Support Was Provided Or That There Was Any Attempt To Provide Material Support

Section 2339B(a)(1) makes it a crime to provide or attempt to provide material support to a designated terrorist organization, but there is no allegation in Counts 60-82 that any of the defendants "provided" or "attempted to provide" the MEK "material support" or anything at all.  Counts 63, 64 and 66 through 82 all just claim the defendant "solicited" someone else to make a donation.  Instead of using the word "solicited," Counts 60 and 61 merely describe solicitation differently, alleging that Ms. Rahmani "[a]sked and individual to raise" money for the MEK.  Similarly, Count 62 alleges that Ms. Rahmani "[r]eceived a $150 donation to the MEK from an individual" and Count 65 alleges that she "[a]ccepted

---

[1]    Indeed, the Second Superseding Indictment alleges that the defendants mislead contributors about the solicitations.  A solicitation, which may according to the government be false, is surely not the same as the actual provision of support.  The latter occurs, by definition, only *after* a solicitation is made.

DEFENDANTS' MOTION TO DISMISS COUNTS 60-82
FOR ALLEGING ONLY SOLICITATION

a $50 donation to the MEK from an individual," but neither Charge alleges that the donations actually were "provided" to the MEK or that she attempted to provide any money to the MEK.

By contrast, where the government believed it had probable cause to charge a defendant with having provided or attempting to provide money to the MEK, such a charge appears in the Indictment.  (*See* Indic. Count 83 (alleging defendant Omidvar "[d]onated" money to the MEK); Count 84 (alleging defendant made "a separate donation" to the MEK); Counts 86-117 (alleging that defendant wire transferred money from the United States to Turkey "for the benefit of the MEK"). In light of this different language, the fact that the government did not write a specific "provisions" charge or try to persuade the grand jury to charge the defendants with anything beyond solicitation is telling.

### B.   Solicitation Does Not Amount To An Attempt

The Supreme Court presumes that when Congress uses statutory terms to define a crime that existed at common law, Congress intended for those words to retain their common law meaning. *See, e.g.*, *Wilkie v. Robins*, 127 S. Ct. 2588, 2605 (2007) ("extortion" as used in the Hobbs Act given its common law meaning); *id.* ("Where Congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken.") (quoting *Morissette v. United States*, 342 U.S. 246, 263 (1952)). Here, Congress chose to use the term "attempts" and chose not to include what is charged here – "solicitation" – which is significant because the crimes of "attempt" and "solicitation" were distinct at common law.  *See, e.g.*, *Ralston v. Oregon State Corr. Inst.*, 799 P.2d 298, 300 n.1 (Or. Ct. App. 1988) ("At common law, too, attempt and solicitation were distinct crimes.") (citing 4 *Wharton's Criminal Law* § 714 (14th ed. 1978); Clark & Marshall, *Crimes* (6th ed. 1958); *Hutchinson v. State*, 315 So. 2d 546, 548 (Fla. App. 1975) ("the great weight of

DEFENDANTS' MOTION TO DISMISS COUNTS 60-82 FOR ALLEGING ONLY SOLICITATION

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

American authority holds as a general proposition that mere criminal solicitation of another to commit a crime does not itself constitute an attempt"); *State v. Miller*, 252 A.2d 321, 324 (Me. 1969) ("There is substantial authority to the effect that mere solicitation alone does not constitute an attempt to commit a crime.").[2] This distinction is not surprising because there would be no need for solicitation statutes at all, if solicitation could merely be recast as an attempt.

Plainly, Congress' decision to punish one type of offense, but not the other, is to be respected. When Congress seeks to punish the act of solicitation, as distinct from the substantive crimes, it often has done so. *See, e.g.*, 18 U.S.C. §§ 211 (solicitation for public office), 215 (solicitation of financial institution employees), 292 (solicitation of improper federal employee compensation), 373 (solicitation of crimes of violence), 597 (solicitation of voting), 602 (solicitation of improper campaign contributions), 604 (solicitation from persons receiving work relief benefits), 607 (solicitation of campaign contributions in improper places), 663 (solicitation to embezzle from the United States), and 666 (solicitation of bribes). Moreover, Congress also knows how to make it a crime either to attempt an offense or to solicit one in terrorism-related statutes and elsewhere. *See, e.g.*, 8 U.S.C. 1182(a)(3)(B)(iv)(IV) (definition of term "engage in terrorist activity" regarding inadmissible aliens); 18 U.S.C. §§ 704(a) (attempting to sell or soliciting for purchase military medals); 1029(a)(6) (solicitation to obtain an access device) &

[2]     This distinction in the law continues to retain considerable importance. *See, e.g.*, *State v. O'Neil*, 782 A.2d 209, 226 (Conn. App. 2001) (holding that defendant's acts of solicitation or preparation were insufficient to constitute attempt); *Louisiana v. Baxley*, 633 So. 2d 142, 145 (La. 1994) ("solicitation of another to commit a crime is only preparatory to the crime and not an overt act which would support a conviction for attempt of the crime solicited"); *State v. Green*, 861 P.2d 954, 963 (N.M. 1993) ("mere solicitation is not enough of an overt act to constitute an attempt") (citation omitted); *State v. Otto*, 629 P. 2d 646, 651 (Idaho 1981) (holding that acts of solicitation were insufficient to support a conviction on a charge of attempted murder); *People v. LaFontaine*, 79 Cal. App. 3d 176, 183 (1978) ("acts of solicitation constitute preparation only and do not rise to the level of the offense of a criminal attempt"); *Gervin v. State*, 371 S.W.2d 449, 451, 454 (Tenn. 1963) (holding that the offenses of solicitation and attempt are analytically distinct, and overturning defendant's conviction as a result of indictment's insufficiency for attempt); *State v. Lowrie*, 54 N.W.2d 265, 267 (Minn. 1952) (holding that an indictment limited to a charge of solicitation was insufficient to charge defendant with an attempt, and stating that "the naked solicitation of another to commit a crime . . . [does] not constitute an attempt").

DEFENDANTS' MOTION TO DISMISS COUNTS 60-82 FOR ALLEGING ONLY SOLICITATION

(b)(1)1029 (attempting to improperly obtain an access device); 2192 (attempting or soliciting seamen to mutiny).  But Congress did not choose to make it a crime for someone to solicit the provision of "material support" to the MEK.  Congress, of course, is free to amend the statute to prohibit solicitation if it chooses, but unless and until that happens, this Court must construe and apply the statute as it is written.  When that occurs, it is clear that no crime is alleged in Counts 60-82[3] and that these counts should be dismissed.

---

[3]   By contrast, a "solicitation" probably can stand as an overt act in furtherance of a conspiracy, such as that charged in Count 1, along with the other elements required in 18 U.S.C. § 371.

McDermott Will & Emery LLP
Attorneys At Law
Washington

- 4 -

## CONCLUSION

Because Counts 60-82 fail to charge the defendants with providing or attempting to provide "material support" to the MEK, those charges should be dismissed.

Dated:  July 15, 2008          Respectfully submitted,

McDERMOTT WILL & EMERY LLP

_____/s/_____
Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI

SHEPPARD MULLIN RICHTER & HAMPTON LLP

_____/s/_____
Richard M. Steingard
Attorney for Defendant
MUSTAFA AHMADY

THOMAS NISHI LAW OFFICES

_____/s/_____
Thomas Nishi
Attorney for Defendant
HOSSEIN KALANI AFSHARI

MICHAEL S. MEZA LAW OFFICES

_____/s/_____
Michael S. Meza
Attorney for Defendant
ALIREZA MOHAMMADMORADI

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

- 5 -          DEFENDANTS' MOTION TO DISMISS COUNTS 60-82
FOR ALLEGING ONLY SOLICITATION