**McDERMOTT WILL & EMERY LLP**
Abbe David Lowell (Admitted *Pro Hac Vice*)
adlowell@mwe.com
Roy L. Austin, Jr. (State Bar No. 211491)
raustin@mwe.com
Hoyt Y. Sze (State Bar No. 180716)
hsze@mwe.com
Christopher D. Man
cman@mwe.com
600 Thirteenth Street, N.W.
Washington, D.C.  20005-3096
Telephone:   202.756.8000
Facsimile:   202.756.8087

Attorneys for Defendant
ROYA RAHMANI

**MICHAEL S. MEZA LAW OFFICES**
Michael S. Meza (State Bar No. 68366)
MMezalaw@aol.com
333 City Boulevard West
17th Floor
Orange, CA 92868
Telephone:  714.564.2501
Facsimile:  714.996.3810

Attorney for Defendant
ALIREZA MOHAMMADMORADI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROYA RAHMANI, ALIREZA MOHAMMADMORADI, MOUSTAFA AHMADY, HOSSEIN KALANI AFSHARI, HASSAN REZAIE, NAVID TAJ, MOHAMMAD HOSSEIN OMIDVAR, et. al.,<br><br>Defendants. | CASE NO.  CR-01-00209(A)-RMT<br><br>**DEFENDANTS RAHMANI'S AND MOHAMMADMORADI'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 24-26 FOR FAILURE TO ALLEGE ANY FALSE STATEMENTS TO A BANK (MOTION TO DISMISS NO. 12)**<br><br>Hearing Date:   None Scheduled<br>Time:<br>Dept.:         Courtroom 22 |

McDermott Will & Emery LLP
Attorneys At Law
Washington

McDermott Will & Emery LLP
Attorneys At Law
Washington

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT defendants Roya Rahmani and Alireza Mohammadmoradi ("the defendants") hereby move the Court to dismiss Counts 24-26 for failure to state an offense under 18 U.S.C. § 1014 because there is no allegation that Ms. Rahmani or Mr. Mohammadmoradi made any false statements, that the statements were made for the purpose of influencing a financial institution, or that the statements in question exposed a federally insured bank to a risk of loss. This Motion is based on this Notice of Motion, supported by the attached Memorandum of Points and Authorities, and by all of the pleadings, records and files in this action, and such other documents and argument as may be presented to the Court.

Dated:  July 15, 2008                    Respectfully submitted,

McDERMOTT WILL & EMERY LLP

_____/s/_____
Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI

MICHAEL S. MEZA LAW OFFICES

_____/s/_____
Michael S. Meza
Attorney for Defendant
ALIREZA MOHAMMADMORADI

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..........................................................................................................1

ARGUMENT................................................................................................................1

I.    SECTION 1014 ONLY CRIMINALIZES FALSE STATEMENTS
      AND NOT FAILURES TO DISCLOSE .......................................................1

      A.    Count  24 ...............................................................................................3

            1.    Failure to Disclose Aliases....................................................3

            2.    Failure To Disclose Recipients of Checks.............................4

      B.    Count 25 ................................................................................................5

            1.    Failure to Disclose Aliases....................................................5

            2.    Failure To Disclose Immigration Fraud ................................6

            3.    Failure To Disclose Recipients of Checks.............................6

      C.    Count 26 ................................................................................................6

II.   THE ALLEGED FAILURES TO DISCLOSE WERE NOT MADE
      FOR THE  PURPOSE OF INFLUENCING A FINANCIAL
      INSTITUTION ..............................................................................................7

III.  THE INDICTMENT FAILS TO ALLEGE THAT THE
      DEFENDANTS EXPOSED THE BANK TO A RISK OF LOSS.................8

CONCLUSION ............................................................................................................10

McDermott Will & Emery LLP
Attorneys At Law
Washington

DEFENDANTS RAHMANI'S AND
MOHAMMADMORADI'S MOTION TO DISMISS
FALSE STATEMENTS TO BANK CHARGES

# TABLE OF AUTHORITIES

**Page**

## CASES

*Elliot v. United States*, 332 F.3d 753 (3rd Cir. 2003) ................................................ 9

*Kungys v. United States*, 485 U.S. 759 (1988).......................................................... 7

*Rahman v. Mukasey*, 2008 U.S. App. LEXIS 7098 (2d Cir. Apr. 2, 2008) ...........3, 4

*United States v. Crisp*, 454 F.3d 1285 (11th Cir. 2006)............................................ 8

*United States v. Graham*, 146 F.3d 6 (1st Cir. 1998)................................................ 8

*United States v. Safavian*, 2008 U.S. App. LEXIS 12691

   (D.C. Cir. June 17, 2008) ........................................................................................2, 3

*United States v. Santos*, 128 S. Ct. 2020, 2027 (2008) ............................................. 7

*United States v. Sher*, 661 F.2d 34 (3rd Cir. 1981) ................................................... 9

*United States v. Stoddart*, 574 F.2d 1050 (10th Cir. 1978) ...................................... 9

*United States v. Wells*, 519 U.S. 482 (1997)............................................................. 7

*United States v. Yung Soo Soo*, 833 F.2d 488 (4th Cir. 2003)................................... 9

*Williams v. United States*, 458 U.S. 279 (1982). ....................................................2, 5

## STATUTES

18 U.S.C. § 1014.................................................................................................passim

18 U.S.C. § 1546.................................................................................................... 6

## OTHER AUTHORITIES

Thomas Sancton, "The Tehran Connection," Time, Mar. 21, 1994 ......................... 4

McDermott Will & Emery LLP
Attorneys At Law
Washington

-ii-

DEFENDANTS RAHMANI'S AND
MOHAMMADMORADI'S MOTION TO DISMISS
FALSE STATEMENTS TO BANK CHARGES

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Counts 24-26 of the Second Superseding Indictment ("Indictment") allege that Ms. Rahmani and Mr. Mohammadmoradi violated 18 U.S.C. § 1014 by failing to disclose certain information when they opened accounts at Bank of America and Washington Mutual Bank. Although the word "disclose" is nowhere to be found in Section 1014, the government mistakenly treats that provision as a disclosure statute, rather than what is really is – a law that prohibits the making of a "false statement" to certain financial institutions. The government complains that the defendants failed to disclose aliases, failed to disclose how they obtained the identification documents they used in opening the bank accounts, and failed to disclose who they would be sending money to through those accounts. Section 1014, however, does not require that any such disclosures be made.

In addition to not being false statements, none of the defendant's so-called failures to disclose were made for the purpose of influencing the financial institutions, and none exposed the financial institutions to any risk of financial loss. Indeed, the defendants maintained good credit with the banks and, to this day, the banks have never complained to the defendants about any failure to make a disclosure and never asked that the accounts be closed. Thus, even if the failure to disclose could be morphed into a false statement, the failures to disclose alleged here would not state an offense under Section 1014.

## ARGUMENT

### I.   SECTION 1014 ONLY CRIMINALIZES FALSE STATEMENTS AND NOT FAILURES TO DISCLOSE

Section 1014 applies only to those who knowingly make a "false statement;" the words "conceal" or "disclose" are nowhere in the statute. 18 U.S.C. § 1014 (2007). The government does not charge Ms. Rahmani with making any "false

McDermott Will & Emery LLP
Attorneys At Law
Washington

-1-

statement," but merely charges that she "failed to disclose" certain alleged facts, which also happen to be immaterial. Such alleged failures to disclose do not constitute a crime as Section 1014 is written, and there appears to be no authority for expanding the scope of the statute beyond its literal reach to include failures to disclose. To the contrary, the Supreme Court has warned against government interpretations of Section 1014 that would "make a surprisingly broad range of unremarkable conduct a violation of federal law." *Williams v. United States*, 458 U.S. 279, 286-87 (1982).

Failing to disclose information or concealing information is different from making a false statement. But even where a statute makes concealment a crime, courts require that there be "a duty to disclose material facts on the basis of specific requirements for disclosure of specific information." *United States v. Safavian*, 2008 U.S. App. LEXIS 12691, at *18 (D.C. Cir. June 17, 2008). In reversing a conviction for concealment under 1001(a)(1), where the statute specifically calls it a crime for one to "conceal[], or cover[] up by any trick, scheme, or device a material fact," the D.C. Circuit recently explained:

> There is good reason for demanding such specificity: to comply with *Fifth Amendment* due process, the defendant must have "fair notice . . . of what conduct is forbidden. . . . This 'fair warning' requirement prohibits application of a criminal statute to a defendant unless it was reasonably clear at the time of the alleged action that defendants' actions were criminal."

*Id.* (internal citation omitted). The D.C. Circuit added that, absent a duty to disclose, "[t]he government essentially asks us to hold that once an individual starts talking, he cannot stop. We do not think Section 1001 demands that individuals choose between saying everything and saying nothing. No case stands for that proposition." *Id.* at 21. The court added that "[a]ttorneys commonly advise their clients to answer questions truthfully but not to volunteer information," and found it too preposterous to "suppose that once the client starts answering a government's

- 2 -

agent's questions . . . the client must disregard his attorney's advice or risk prosecution under" a false statement statute. *Id.* Because this is true for Section 1001, a statute that criminalizes false statements and concealment, it is unquestionably true for Section 1014, a statute that only criminalizes false statements.

In this case, the Indictment fails to allege that the defendants had any duty to disclose and, in fact, no such duty existed. Consequently, the Indictment's charge of concealment fails to state a false statement offense.

## A.    Count  24

Count 24 alleges two separate failures to disclose.

### 1.    Failure to Disclose Aliases

The government alleges that Ms. Rahmani made a false statement in Count 24 when she "claimed that her name was Leila Rahimnejad; [and] failed to disclose her true name and aliases. . . ." (Indict. Count 24.) Although the only actual statement the government alleges Ms. Rahmani made was that she "claimed that her name was Leila Rahimnejad," the government does not allege that this was a *false* statement, only that she did not also disclose what it alleges to be her "true name" or any aliases.

This argument fails for the simple reason that Ms. Rahmani's statement was true – Leila Rahimnejad was a name Ms. Rahmani went by and used.[1] People use "aliases" every day for professional, religious and other legitimate reasons. As did Ms. Rahmani, who changed her name out of a serious need to protect her personal safety after she fled Iran and was granted asylum in this country. The Ninth Circuit has held that the use of an alias to describe one's self (rather than commit identity theft) does not constitute a "false statement." *See Rahman v. Mukasey*, 2008 U.S.

---

[1]    Because of her flight from Iran, the customs of her family and arrival in the United States, Ms. Rahmani has used various names all of which are truthfully her names. The bank form, for example, did not ask Ms. Rahmani to state her name as it appears on her birth certificate.

DEFENDANTS RAHMANI'S AND MOHAMMADMORADI'S MOTION TO DISMISS FALSE STATEMENTS TO BANK CHARGES

McDermott Will & Emery LLP
Attorneys At Law
Washington

App. LEXIS 7098, at *9 (2d Cir. Apr. 2, 2008) (alien's use of an alias in seeking asylum for his own safety is not *per se* a false statement). There is nothing inherently nefarious about using an alias and, given Ms. Rahmani's history of being threatened by the Iranian regime *even* after fleeing Iran, it is only reasonable that she would take such steps to prevent Iran from finding and harming her.[2] There is no allegation, nor could there be, that Ms. Rahmani used the alias to in anyway harm the bank or that she had intended to do so. The bank needed *a* name to match to the account, and the name Ms. Rahmani used accurately identified her for her stay in the United States.

The government's arguments as to the failure to disclose her "true name and other aliases," are beside the point because Section 1014 is not a disclosure statute and the government has not identified any duty for her to make such a disclosure. Moreover, the financial institutions did not ask her for her aliases or the name she had used in Iran and, because they never complained even after she was indicted (when the issue of her identity was raised), they presumably did not care. Without the bank making clear what it wanted disclosed (it certainly could have asked for all names a person has used in their lives), a person is not required and surely has not committed a federal offense by omitting various details of their lives out of the fear that the government may later construe an omission as grounds to have them charged under Section 1014 (such as the nickname "Tamineh" which Ms. Rahmani's grandmother gave her as a child, which now appears as an "alias" in the case-caption and which the government now seeks to jail her for her failure to "disclose").

---

[2] Ms. Rahmani's concern for her safety is well founded. See, e.g., Thomas Sancton, "The Tehran Connection," Time, Mar. 21, 1994, at 2 (reporting that more than 60 Iranian dissidents had been assassinated by the Iranian Regime abroad since 1979).

McDermott Will & Emery LLP
Attorneys At Law
Washington

### 2.   Failure To Disclose Recipients of Checks

The government also charged that Ms. Rahmani "failed to disclose that she would be using the account to support the operations and activities of the MEK. . . ." (Indict. Count 24.)  There is, of course, no reason why Ms. Rahmani would have, or anyone would ever have, made such a disclosure.  No federal law requires a person opening a bank account to identify who she may someday decide to send money to through the account, and the government never identifies the source of any such duty to make such a disclosure.  And, nobody from the financial institution asked her who she would be sending money to, and – as she intends to prove at trial – Ms. Rahmani did not send money to the MEK.  Regardless of what facts will be proved at trial, Section 1014 does not prohibit omissions such as the one the government alleges here.  This concept of Section 1014 would make the federal statute a catch-all for all alleged criminal conduct.  The government could indict any person alleged to have committed an offense (e.g., buying drugs, insider trading) with a 1014 violation because, when they opened his account, he did not put down that some day he would use it to buy the drugs or insider stock.  This statute was not intended to and obviously does not have that reach.  *Williams*, 458 U.S. at 286-87.

### B.   Count 25

Count 25 does not allege that Ms. Rahmani made any statement at all, merely that she "failed to disclose" three different types of information.

### 1.   Failure to Disclose Aliases

As with Count 24, Count 25 reiterates that Ms. Rahmani "failed to disclose her true name and other aliases." (Indict. Count 25.)  Again, however, Section 1014 only prohibits "false statements" and this allegation does not allege that any false statement was made.  She had no duty to make such a disclosure.  Ms. Rahmani truthfully gave the financial institution a name that she often used to describe

McDermott Will & Emery LLP
Attorneys At Law
Washington

herself, and was under no duty to list the nicknames her family members gave her or any other aliases.

### 2.     Failure To Disclose Immigration Fraud

Count 25 also alleges that Ms. Rahmani "failed to disclose that she had obtained by fraud the identification documents that she presented to the bank." (Indict. Count 25.)[3]  Again, Ms. Rahmani made no false statement.  She presented a valid government-issued identification document, which accurately identified her. The government has no basis for transforming the Section 1014 "false statement" statute into a statute that would require the disclosure of potential immigration offenses that Ms. Rahmani was not and never has been charged with.[4]  Ms. Rahmani had no duty to make such a disclosure.

### 3.     <u>Failure To Disclose Recipients of Checks</u>

Count 25 makes the identical allegation to the allegation in Count 24 that Ms. Rahmani failed to disclose that she allegedly would be using the account to assist the MEK.  For the same reasons as in Count 24, that same argument should be rejected here.

### C.     <u>Count 26</u>

Count 26 only alleges that Mr. Mohammadmoradi "failed to disclose that he would be using the bank account to support the operations and activities of the MEK, a designated foreign terrorist organization."  (Indict. Count 26.)  Count 26

---

[3]     In Count 27, the government charges Ms. Rahmani with violating 18 U.S.C. § 1546 by presenting an immigration document it claims was fraudulently obtained to open this same bank account.  (Indict. Count 27.)

[4]     Even now, while the government charges that Ms. Rahmani has misused the immigration documents she received, the government has not charged her with making false statements to obtain those documents.

McDermott Will & Emery LLP
Attorneys At Law
Washington

- 6 -

McDermott Will & Emery LLP
Attorneys At Law
Washington

makes the identical allegation to the allegations in Count 24 and 25 and it should similarly be dismissed.[5]

## II.   THE ALLEGED FAILURES TO DISCLOSE WERE NOT MADE FOR THE  PURPOSE OF INFLUENCING A FINANCIAL INSTITUTION

Ms. Rahmani applied for a bank account using an alias to protect her personal safety, not "for the purpose of influencing" a financial institution, as Section 1014 requires.  18 U.S.C. § 1014.  As explained above, Ms. Rahmani has valid reasons to use aliases to protect her identity, and the aliases she used in opening these bank accounts accurately describe her.  Ms. Rahmani did not steal anyone else's identity, seek to obtain credit in someone else's name, nor did she ever damage her credit with any of the banks with whom she was transacting business.  Beyond the conclusory mimicking of the statutory language, there is no allegation, statement or evidence that Ms. Rahmani used an alias "for the purpose of influencing" the banks' decisions to open accounts.  There is also no allegation that the bank would have refused to open the account if Ms. Rahmani used any other name, whether valid or invalid.  Indeed, the fact that neither bank has complained since she was indicted only goes to demonstrate that the banks, in fact, were not influenced by her use of an alias and did not care.

The Supreme Court has determined how to evaluate when statements are made for the purpose of influencing banks:

> A statement made 'for the purpose of influencing' a bank will not usually be about something a banker would regard as trivial, and 'it will be *relatively rare* that the Government will be able to prove that' a false statement 'was…made with the subjective

---

[5]   It is clear that the government has charged these defendants with these violations simply to create some charges with a ten-year statute of limitations.  These false statement to a bank charges are nothing but the same fraud charges present in the rest of the Indictment.  (*See* Count One, Overt Acts 20, 31 and 49.)  And these false statement to a bank charges "merge" with the fraud charges and should be dismissed.  *See United States v. Santos*, 128 S. Ct. 2020, 2027 (2008) (2008) ("[N]o explanation for why Congress would have wanted a transaction that is a normal part of a crime it had duly considered and appropriately punished elsewhere in the Criminal Code to radically increase the sentence for that crime.")

DEFENDANTS RAHMANI'S AND MOHAMMADMORADI'S MOTION TO DISMISS FALSE STATEMENTS TO BANK CHARGES

intent' of influencing a decision unless it could first prove that the statement has 'the natural tendency to influence the decision.'

*United States v. Wells*, 519 U.S. 482, 499 (1997) (emphasis added) (quoting *Kungys v. United States*, 485 U.S. 759, 780-81 (1988)).  The government cannot show that Ms. Rahmani's or Mr. Mohammadmoradi's statements (or, more accurately non-disclosures) have "the natural tendency to influence" a bank's decision because neither bank asked them to make the sorts of disclosure the government now faults her for not having made.  Significantly, this after-the fact criticism of her comes solely from the government, neither of the banks that the government insinuates were "influenced" by these non-disclosures have complained to Ms. Rahmani about them after she was indicted.

Given Ms. Rahmani's long history of trying to hide from the Iranian regime since she fled Iran, which has been extensively catalogued for the Court, the most natural interpretation of her "subjective intent" was that her purpose in using the alias was to remain in hiding, not to commit fraud.  Indeed, the government has never so much as suggested that Ms. Rahmani has ever sought to cause any financial institution financial harm.  Beyond the conclusory statement, the government has not truly alleged any statements made by Ms. Rahmani or Mr. Mohammadmoradi were for the purpose of influencing a financial institution.  Accordingly, Counts 24-26 should be dismissed.

## III. THE INDICTMENT FAILS TO ALLEGE THAT THE DEFENDANTS EXPOSED THE BANK TO A RISK OF LOSS

Nowhere in the government's Indictment is it alleged that Ms. Rahmani or Mr. Mohammadmoradi exposed the banks to a risk of loss through her alleged failures to disclose.  This requirement has been read into Section 1014 based on Congress' purpose when enacting the statute.  The First Circuit has held: "it is sufficient to show that defendant knowingly executed a fraudulent scheme that exposed a federally insured bank to a *risk of loss*." *United States v. Graham*, 146

McDermott Will & Emery LLP
Attorneys At Law
Washington

- 8 -

F.3d 6, 10 (1st Cir. 1998) (emphasis added).  The First Circuit's holding is reinforced and its reasoning has been adopted by the Tenth and Eleventh Circuits. *United States v. Crisp*, 454 F.3d 1285, 1290-91 (11th Cir. 2006) ("The purpose of 18 U.S.C. § 1014 is to protect financial institutions . . . against the *risk of loss*."); *United States v. Stoddart*, 574 F.2d 1050, 1053 (10th Cir. 1978) ("The purpose of § 1014 was to cover all undertakings which might subject the FDIC insured bank to *risk of loss*.").  Some circuits have disagreed with the requirement that the government must show a risk of loss.[6]  The Ninth Circuit has not yet ruled, and the better interpretation lies with the majority of circuits on this issue because the majority's interpretation most closely tracks the purpose of Section 1014 and ensures that the statute only criminalizes behavior that Congress intended to regulate.  Even the circuits that have not adopted the risk of loss requirement concede that the purpose of Section 1014 is to protect banks from a risk of loss, *see United States v. Sher*, 661 F.2d 34, 35 (3rd Cir. 1981), and there is no need to expand criminal liability farther than necessary to avoid the situations Congress sought to redress.  Because there is no allegation that Ms. Rahmani or Mr. Mohammadmoradi exposed either bank to a risk of loss, Counts 24-26 should be dismissed.

---

[6]     *Elliot v. United States*, 332 F.3d 753, 764 (3rd Cir. 2003); *United States v. Yung Soo Soo*, 833 F.2d 488, 490 (4th Cir. 2003).

McDermott Will & Emery LLP
Attorneys At Law
Washington

DEFENDANTS RAHMANI'S AND
MOHAMMADMORADI'S MOTION TO DISMISS
FALSE STATEMENTS TO BANK CHARGES

**CONCLUSION**

Contrary to the requirements of Section 1014, Counts 24-26 fail to allege that Ms. Rahmani or Mr. Mohammadmoradi made any false statements, fail to allege that their omissions were made to influence a bank, and fail to allege that her conduct put a financial institution at risk of loss. Accordingly, Counts 24-26 of the Second Superseding Indictment should be dismissed.

Dated: July 15, 2008

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

_____/s/_____
ABBE DAVID LOWELL
ROY L. AUSTIN, JR.
HOYT SZE
CHRISTOPHER D. MAN
Attorneys for Defendant
ROYA RAHMANI

MICHAEL S. MEZA LAW OFFICES

_____/s/_____
MICHAEL S. MEZA
Attorney for Defendant
ALIREZA MOHAMMADMORADI

McDermott Will & Emery LLP
Attorneys At Law
Washington

- 10 -

DEFENDANTS RAHMANI'S AND
MOHAMMADMORADI'S MOTION TO DISMISS
FALSE STATEMENTS TO BANK CHARGES