**McDERMOTT WILL & EMERY LLP**
Abbe David Lowell (Admitted *Pro Hac Vice*)
adlowell@mwe.com
Roy L. Austin, Jr. (State Bar No. 211491)
raustin@mwe.com
Hoyt Y. Sze (State Bar No. 180716)
hsze@mwe.com
Christopher D. Man
cman@mwe.com
600 Thirteenth Street, N.W.
Washington, D.C.  20005-3096
Telephone:  202.756.8000
Facsimile:  202.756.8087

Attorneys for Defendant
ROYA RAHMANI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>ROYA RAHMANI, ALIREZA MOHAMMADMORADI, MOUSTAFA AHMADY, HOSSEIN KALANI AFSHARI, HASSAN REZAIE, NAVID TAJ, MOHAMMAD HOSSEIN OMIDVAR, et. al.,<br><br>            Defendants. | CASE NO.  CR-01-209(A)-RMT<br><br>**DEFENDANT RAHMANI'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 59-65 FOR FAILURE TO ALLEGE KNOWLEDGE OF STATUS (MOTION TO DISMISS NO. 13)**<br><br>Hearing Date:      None Scheduled<br>Time:<br>Dept:              Courtroom 22 |

DEFENDANT RAHMANI'S MOTION TO DISMISS
COUNTS 59-65 FOR FAILURE
TO ALLEGE KNOWLEDGE

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT defendant Roya Rahmani ("Ms. Rahmani") ("the defendant") hereby moves the Court to dismiss Counts 59-65 against Ms. Rahmani for failure to state an offense.  This Motion is based on this Notice of Motion, supported by the attached Memorandum of Points and Authorities, and by all of the pleadings, records and files in this action, and such other documents and argument as may be presented to the Court.

Dated:        July 15, 2008                    Respectfully submitted,

                                               McDERMOTT WILL & EMERY LLP

                                               _____/s/_____
                                               Abbe David Lowell
                                               Roy L. Austin, Jr.
                                               Hoyt Y. Sze
                                               Christopher D. Man
                                               Attorneys for Defendant
                                               ROYA RAHMANI

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

I.    SECTION 2339B REQUIRES THE GOVERNMENT TO PROVE THE DEFENDANT KNEW THE ORGANIZATION RECEIVING MATERIAL SUPPORT HAD BEEN DESIGNATED A FOREIGN............1

II.   COUNTS 59-65 MUST BE DISMISSED FOR FAILURE TO ALLEGE A VIOLATION OF SECTION 2339B..........................................3

CONCLUSION ...................................................................................................5

McDermott Will & Emery LLP
Attorneys At Law
Washington

DEFENDANT RAHMANI'S MOTION TO DISMISS
COUNTS 59-65 FOR FAILURE
TO ALLEGE KNOWLEDGE

# TABLE OF AUTHORITIES

**Page**

## CASES

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998) ......................................3

*Humanitarian Law Project v. Ashcroft*, 309 F. Supp. 2d 1185 (C.D. Cal. 2004) ....................................................................................................2

*Humanitarian Law Project v. United States*, 352 F.3d 382 (9th Cir. 2003) ..............................................................................................2, 3, 4

*Strauss v. Credit Lyonnais*, S.A., 2006 U.S. Dist. LEXIS. 72649 (S.D.N.Y. Oct. 5, 2006) ......................................................................2, 3

*United States v. Al-Arian*, 308 F. Supp. 2d 1322 (S.D. Fla. 2004) ..........................2

*United States v. James*, 980 F.2d 1314 (9th Cir. 1992) .............................................3

*United States v. Marzook*, 383 F. Supp. 2d 1056 (N.D. Ill. 2005) ...........................3

*United States v. Resendiz-Ponce*, 127 S. Ct. 782 (2007) ..........................................3

*Weiss v. Nat'l Westminister Bank PLC*, 435 F. Supp. 2d 609 (S.D.N.Y. 2006) ....................................................................................................2

## STATUTES

18 U.S.C. § 2339B ...........................................................................................1, 2, 3, 4

18 U.S.C. § 2339B(a)(1) ..........................................................................................1, 2

## MEMORANDUM OF POINTS AND AUTHORITIES

## <u>INTRODUCTION</u>

Count 59 of the Second Superseding Indictment ("Indictment") charges Ms. Rahmani with conspiracy to provide material support to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B(a)(1), and Counts 60-65 charge her with specific instances of providing or attempting to provide support to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B(a)(1). Each of these charges is defective because Section 2339B(a)(1) requires that the government properly allege and then prove that the defendant knew that the organization being provided material support had been designated as a foreign terrorist organization or otherwise engaged in terrorism, and the Indictment never alleges that Ms. Rahmani had such knowledge. Counts 59-65 must therefore be dismissed.

## <u>ARGUMENT</u>

I.   <u>SECTION 2339B REQUIRES THE GOVERNMENT TO PROVE THE DEFENDANT KNEW THE ORGANIZATION RECEIVING MATERIAL SUPPORT HAD BEEN DESIGNATED A FOREIGN TERRORIST ORGANIZATION</u>

There is no question that Section 2339B requires the government to prove that the defendant provided or attempted to provide material support to an organization while knowing that the organization was a designated terrorist organization or otherwise engaged in terrorism. At the time of the offense, § provided:

> Whoever, within the United States or subject to the jurisdiction of the United States, *knowingly* provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so, shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2339B(a)(1) (2000) (emphasis added).

-1-

In *Humanitarian Law Project v. United States*, 352 F.3d 382 (9th Cir. 2003), the Ninth Circuit looked at this version of the statute and concluded that the knowledge requirement requires proof that the defendant knew that the recipient organization was a terrorist organization.  The Ninth Circuit explained:

> [W]hen Congress included the term 'knowingly' in § 2339B, it meant that proof that a defendant knew of the organization's designation as a terrorist organization or proof that a defendant knew of the unlawful activities that caused it to be so designated was required to convict a defendant under the statute.

*Id.* at 400; *see id.* at 402-03 ("[W]e read § 2339B to require proof of knowledge, either of an organization's designation or of the unlawful activities that caused it to be so designated."); *accord Humanitarian Law Project v. Ashcroft*, 309 F. Supp. 2d 1185, 1203 (C.D. Cal. 2004), *United States v. Al-Arian*, 308 F. Supp. 2d 1322, 1337 (S.D. Fla. 2004).  The Ninth Circuit noted that to rule otherwise would raise "serious due process concerns." *Humanitarian Law Project*, 352 F.3d at 396; *id.* at 397 ("[W]e believe that to attribute the intent to commit unlawful acts punishable by life imprisonment to persons who acted with innocent intent – in this context, without critical information about the relevant organization – contravenes the Fifth Amendment's requirement of 'personal guilt.'").

Subsequently, Congress amended the statute in 2004 to expressly codify the Ninth Circuit's holding in *Humanitarian Law Project* by adding the following language to Section 2339B(a)(1):  "To violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization . . ., that the organization has engaged or engages in terrorist activity . . . , or that the organization has engaged or engages in terrorism . . . ."  This "amendment was not intended to change the knowledge standard under 2339B, but only to clarify the standard which Congress had always intended to apply." *Weiss v. Nat'l Westminister Bank PLC*, 435 F. Supp. 2d 609, 626 (S.D.N.Y. 2006); *Strauss v.*

DEFENDANT RAHMANI'S MOTION TO DISMISS
COUNTS 59-65 FOR FAILURE
TO ALLEGE KNOWLEDGE

*Credit Lyonnais, S.A.*, 2006 U.S. Dist. LEXIS. 72649, at * 45 (S.D.N.Y. Oct. 5, 2006); *see United States v. Marzook*, 383 F. Supp. 2d 1056, 1070 n. 10 (N.D. Ill. 2005).  Congress was plainly concerned, as was the Ninth Circuit, that the statute not be used to impose lengthy sentences on those who merely believed they were assisting legitimate organizations in supporting orphans and refugees, publicizing human rights abuse or encouraging the democratization of despotic regimes. *Humanitarian Law Project*, 352 F.3d at 398.  For criminal liability to attach under Section 2339B, knowledge that the organization being assisted is a designated terrorist organization or otherwise is engaged in terrorism is absolutely essential.

## II. COUNTS 59-65 MUST BE DISMISSED FOR FAILURE TO ALLEGE A VIOLATION OF SECTION 2339B

Counts 59-65 fail to properly allege that Ms. Rahmani violated Section 2339B because the Indictment never alleges that Ms. Rahmani had any knowledge, let alone the constitutional and statutorily required knowledge, that the organization she was allegedly assisting was either a designated terrorist organization or that the organization engaged in terrorism.  The critical element of guilty knowledge – which the Ninth Circuit has held is required by Section 2339B and the "personal guilt" requirement of the Fifth Amendment – is never alleged.  *Humanitarian Law Project*, 352 F.3d at 396, 400.

The Supreme Court has made emphatically clear that "[a]n indictment must set forth each element of the crime that it charges." *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998), *accord United States v. Resendiz-Ponce*, 127 S. Ct. 782, 787 (2007); *see United States v. James*, 980 F.2d 1314, 1316 (9th Cir. 1992) ("Generally, the failure of an indictment to detail each element of the charged offense constitutes a fatal defect.").  Because Counts 59-65 are defective in that they fail to allege a critical element of the purported offense, these counts must be dismissed.

DEFENDANT RAHMANI'S MOTION TO DISMISS COUNTS 59-65 FOR FAILURE TO ALLEGE KNOWLEDGE

Count 59 alleges that Ms. Rahmani provided material support to the Mujahedin-e Khalq ("MEK") and states that the MEK had been designated a foreign terrorist organization. (Indict. Count 59, ¶ 69 at 63.) The Indictment does *not* allege that Ms. Rahmani was aware of this designation. Count 59 also alleges that there was a conversation among certain others where MEK leaders told them that the MEK had been designated as a foreign terrorist organization, and that those others continued to raise money for the MEK. (Indict. Count 59, ¶ 71, at 64.) Yet, the Indictment never alleges (as it could not) that Ms. Rahmani participated in the call. Nor does the Indictment allege that Ms. Rahmani was ever told or that she otherwise learned of the MEK's status as a designated terrorist organization. Consequently, the "knowingly" requirement of Section 2339B is not satisfied with respect to Count 59.[1]

Similarly, Counts 60-65 merely repeat the statutory language by alleging that Ms. Rahmani "knowingly provided and attempted to provide material support to the MEK, a designated foreign terrorist organization." (Indict. Counts 60-65, ¶ 73 at 67.) These counts only allege that Ms. Rahmani knowingly provided material support to an organization that happened to be a designated foreign terrorist organization. Nowhere do these allegations ever allege that Ms. Rahmani knew the MEK was a designated foreign terrorist organization.

---

[1]    The absence of "personal guilt" resulting from the government's failure to allege – or more importantly, the grand jury's failure to find – that Ms. Rahmani conspired to help an organization that she knew was a terrorist organization would preclude criminal liability for the conspiracy just as it would the substantive offenses. *Humanitarian Law Project*, 352 F.3d at 396, 400.

DEFENDANT RAHMANI'S MOTION TO DISMISS COUNTS 59-65 FOR FAILURE TO ALLEGE KNOWLEDGE

## CONCLUSION

For the foregoing reasons, we ask that the Court dismiss Counts 59-65 of the Second Superseding Indictment.


Dated:        July 15, 2008                Respectfully submitted,

                                           McDERMOTT WILL & EMERY LLP

                                           _____/s/_____
                                           Abbe David Lowell
                                           Roy L. Austin, Jr.
                                           Hoyt Y. Sze
                                           Christopher D. Man
                                           Attorneys for Defendant
                                           ROYA RAHMANI

DEFENDANT RAHMANI'S MOTION TO DISMISS
COUNTS 59-65 FOR FAILURE
TO ALLEGE KNOWLEDGE