**McDERMOTT WILL & EMERY LLP**
Abbe David Lowell (Admitted *Pro Hac Vice*)
adlowell@mwe.com
Roy L. Austin, Jr. (State Bar No. 211491)
raustin@mwe.com
Hoyt Y. Sze (State Bar No. 180716)
hsze@mwe.com
Christopher D. Man
cman@mwe.com
600 Thirteenth Street, N.W.
Washington, D.C.  20005-3096
Telephone:  202.756.8000
Facsimile:   202.756.8087

Attorneys for Defendant
ROYA RAHMANI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  CR-01-00209(A)-RMT |
| Plaintiff, | **DEFENDANT RAHMANI'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 27-30 FOR ALLEGING THAT IMMIGRATION DOCUMENTS WERE COUNTERFEIT (MOTION TO DISMISS NO. 14)** |
| v. | |
| ROYA RAHMANI, ALIREZA MOHAMMADMORADI, MOUSTAFA AHMADY, HOSSEIN KALANI AFSHARI, HASSAN REZAIE, NAVID TAJ, MOHAMMAD HOSSEIN OMIDVAR, et. al., | |
| Defendants. | Hearing Date:    None Scheduled<br>Time:<br>Dept.:             Courtroom 22 |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT defendant Roya Rahmani ("Ms. Rahmani") hereby moves the Court to dismiss Counts 27-30 for failure to state an offense because the government has used the portion of Section 1546(a) specifically intended for counterfeit immigration documents when there is no allegation that Ms. Rahmani used a counterfeit immigration document.  This Motion is based on this Notice of Motion, supported by the attached Memorandum of Points and Authorities, and by all of the pleadings, records and files in this action, and such other documents and argument as may be presented to the Court.

Dated:  July 15, 2008                    Respectfully submitted,

McDERMOTT WILL & EMERY LLP

_____/s/_____
Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................1

ARGUMENT.......................................................................................................2

I.      SECTION 1546(a) APPLIES ONLY TO IMMIGRATION-
        RELATED DOCUMENTS THAT WERE PREVIOUSLY
        COUNTERFEITED ..................................................................................2

II.     THE INDICTMENT FAILS TO ALLEGE THAT MS.
        RAHMANI'S FALSE STATEMENTS WERE MATERIAL ..................5

CONCLUSION ...................................................................................................7

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANT RAHMANI'S MOTION TO DISMISS
COUNTS 27-30 FOR ALLEGING COUNTERFEIT
DOCUMENTS

# TABLE OF AUTHORITIES

**Page**

## CASES

*United States v. Campos-Serrano*, 404 U.S. 293 (1971)..........................................5

*United States v. Kone*, 307 F.3d 430 (6th Cir. 2002) ..................................................6

*United States v. Krstic*, 525 F. Supp. 2d 1245 (D. Or. 2007) ..............................4, 5

## STATUTES

18 U.S.C. § 1001..........................................................................................................1

18 U.S.C. § 1546.....................................................................................................passim

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

-ii-

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

## MEMORANDUM OF POINTS AND AUTHORITIES

## <u>INTRODUCTION</u>

Counts 27-30 of the Second Superseding Indictment ("Indictment") allege that Ms. Rahmani violated the first paragraph of 18 U.S.C. § 1546(a) by using a United States Refugee Travel document – an actual and authentic U.S. government-issued document that the government alleges was obtained improperly – to open a bank account at Washington Mutual and obtain a foreign visa from the Swiss government. These allegations fail to state an offense that is prosecutable under 18 U.S.C. § 1546(a) because that paragraph deals only with counterfeit or doctored immigration documents, and not the sort of improperly obtained actual and authentic immigration document the government charges Ms. Rahmani with misusing.

To be sure, if the government believed Ms. Rahmani fraudulently obtained the immigration document, it could have charged her for making misstatements to the immigration officials under the third and fourth paragraphs of Section 1546 or even under Section 1001. But apparently recognizing that it had waited too long to charge Ms. Rahmani for making what it alleges to be false statements to obtain the immigration documents, the government now attempts to shoehorn her subsequent use of that immigration document into a paragraph of Section 1546 where it cannot fit.[1] That paragraph is not a general catch-all to apply to the misuse of all immigration documents. It covers only those immigration documents that were forged, counterfeit, altered or falsely made. Regardless of whether Ms. Rahmani obtained her immigration document from the United States government through a false statement, the act is not punishable by the first paragraph of Section 1546.

---

[1] Suddenly this year, over seven years after indictment, the government has also initiated deportation actions against Ms. Rahmani that could put her in a life-threatening situation. It is no coincidence that this came after this Court agreed to modify her conditions of release and after the defendants indicated in pleadings that the government's Section 1546 charges were too late. Ms. Rahmani will address this vindictive action in a separate motion or proceeding.

DEFENDANT RAHMANI'S MOTION TO DISMISS COUNTS 27-30 FOR ALLEGING COUNTERFEIT DOCUMENTS

The government cannot make up for having waited too long to charge Ms. Rahmani with a crime that fits its allegations by twisting a criminal statute to apply in a context that explicitly is not covered.

Counts 27-30 also are deficient because they fail to allege that Ms. Rahmani made "material" false statements when she applied for a Refugee Travel Document. It is clear that Section 1546(a) was intended to criminalize only those false statements that are material to the issuance of an immigration-related document. In failing to allege that Ms. Rahmani misrepresented a material fact, the government has failed to allege one of the critical elements of the offenses charged under Section 1546(a). Accordingly, Counts 27-30 of the Indictment must be dismissed.

## ARGUMENT

## I.   SECTION 1546(a) APPLIES ONLY TO IMMIGRATION-RELATED DOCUMENTS THAT WERE PREVIOUSLY COUNTERFEITED

The conduct alleged in Counts 27-30 of the Indictment does not constitute an offense under 18 U.S.C. § 1546(a). In Counts 27-30, the government has mistakenly relied on the first paragraph of Section 1546(a) as basis for its allegation that Ms. Rahmani violated the statute. This paragraph states in pertinent part:

> Whoever knowingly *forges*, *counterfeits*, *alters*, or *falsely makes any . . . document* prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, or utters, uses, attempts to use, possesses, obtains, accepts, or receives *any such . . . document* prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing *it* to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained . . . shall be fined or imprisoned.

18 U.S.C. § 1546(a) (2007) (emphasis added). By its plain language, the first paragraph of Section 1546(a) applies only to immigration documents that were forged, counterfeited, altered, or falsely made--in other words, fake documents. The first section of the paragraph punishes the making of fake immigration

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

-2-

documents, and the second section of the paragraph punishes the use of "such" documents. When considered in tandem, the two sections form a cohesive prohibition against the unlawful creation, possession, and use of counterfeited immigration documents.

In Counts 27-30, the government relies on statutory language that Ms. Rahmani obtained a Refugee Travel Document in violation of Section 1546(a), paragraph one, but the alleged facts do not indicate that she forged, counterfeited or otherwise used a fake immigration document. The government alleges that Ms. Rahmani:

> Knowingly used and attempted to use a document prescribed by statute or regulation for entry into and as evidence of authorized stay and employment in the United States, knowing it to be procured by means of a false claim or statement, and to have been otherwise procured by fraud and unlawfully obtained.

(Indict. at 37.) In other words, because the language in the Indictment quotes from Section 1546(a), first paragraph, the government is attempting to charge the resulting immigration document as a fake without any supporting facts (as none exist).

The issue here concerns the kind of immigration document that was allegedly misused, which the first clause of the first paragraph defines as forged, counterfeit or falsely made immigration documents. As explained above, the document used by Ms. Rahmani is not such a document. The language the government quotes from does not address the kind of immigration document that is misused and the offense that is defined but instead addresses the *mens rea* requirement once the improper (e.g., forged, doctored) document is identified. After defining the relevant class of immigration documents as fake documents, the paragraph then states that the use of "any such" document is a crime if the person used it "knowing it to be forged, counterfeited, or falsely made, or to have been procured by means of any false claim or statement, or to have otherwise been otherwise procured by fraud

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

-3-

DEFENDANT RAHMANI'S MOTION TO DISMISS COUNTS 27-30 FOR ALLEGING COUNTERFEIT DOCUMENTS

or unlawfully obtained." 18 U.S.C. § 1546(a).

While this paragraph could have been written better, it remains clear that the first part of this paragraph concerns only fake immigration documents and that the *mens rea* requirement is concerned only with "any such" fake documents. The fact that Ms. Rahmani allegedly knew that an immigration document she is alleged to have used was obtained through false statements does not transform the document into a fake immigration document covered by the first paragraph of Section 1546(a). This charge, therefore, fails to state an offense because it is not a crime under the first paragraph to use an authentic immigration document that was fraudulently obtained.

This issue was specifically and recently made clear in this circuit in *United States v. Krstic*, 525 F. Supp. 2d 1245 (D. Or. 2007). In that case, the defendant was accused of possessing an alien registration receipt card, obtained (as alleged here) through materially false statements (but the charges in *Krstic* were fixed to meet the "materiality" requirement). Krstic was charged, as is Ms. Rahmani, with violating the first paragraph of Section 1546(a). The defendant moved to dismiss the government's indictment on the grounds that "knowingly possessing an immigration document procured by means of a false claim or statement does not constitute a violation of § 1546(a)." *Id.* at 1247. After reviewing the statute, the district court agreed and concluded, "[Section] 1546(a), paragraph one, criminalizes possession of a knowingly forged, counterfeited, or falsely made alien registration receipt card that was also knowingly procured by means of a false claim or statement." *Id.* at 1248. In reaching this conclusion, the court first determined that the phrase "any such" in Section 1546 was intended to modify the words, "visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute . . . for entry into . . . . the United States." *Id.* The court then determined that the phrase "any such" referred to those documents which were "knowingly forg[ed], counterfeit[ed], alter[ed], or falsely [made]." *Id.* Under this

DEFENDANT RAHMANI'S MOTION TO DISMISS COUNTS 27-30 FOR ALLEGING COUNTERFEIT DOCUMENTS

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

construction of the statute, it is clear that Section 1546(a) only prohibits use of an immigration document procured by false statement or fraud when that document was previously forged, counterfeited, altered, or falsely made. As the *Krstic* court acknowledged, a contrary interpretation of Section 1546(a) would require the court to ignore or give no meaning to the phrase "any such." *Id.*

This interpretation of Section 1546(a) is consistent with the view expressed in dicta by the Supreme Court in *United States v. Campos-Serrano*, 404 U.S. 293 (1971). The Court explained that Section 1546(a) "prohibits, inter alia, the counterfeiting or alteration of, or the possession, use, or receipt of an already counterfeited or altered 'immigrant or nonimmigrant visa, permit, or other document required for entry into the United States." *Id.* at 295. The Court even clarified: "The prohibition of counterfeiting in § 1546 is contained in the first paragraph of that section. The prohibition of fraud in the acquisition of documents is contained in the third paragraph of § 1546 . . . ." *Id.* at 301 n.13. Thus, even the Supreme Court has recognized that the sort of documents the government alleged Ms. Rahmani misused are not covered by the first paragraph of Section 1546, Accordingly, Counts 27-30 must be dismissed.

## II.    THE INDICTMENT FAILS TO ALLEGE THAT MS. RAHMANI'S FALSE STATEMENTS WERE MATERIAL

The first paragraph of Section 1546(a) prohibits use or attempted use of a counterfeit immigration document when the individual knows that the document "[has] been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained." 18 U.S.C. § 1546(a). Implicit in this prohibition is the requirement that the false claim or statement pertain to a fact that is material to the "procurement" of the immigration document. If the false statement is immaterial, then the immigration document could not have been "procured by means of" that false statement. Thus, the phrase, "procured by," as used in Section 1546(a), requires that "procurement" of the immigration

DEFENDANT RAHMANI'S MOTION TO DISMISS COUNTS 27-30 FOR ALLEGING COUNTERFEIT DOCUMENTS

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

document be predicated, at least in part, on the false claim or statement.

This interpretation is consistent with the fourth paragraph of Section 1546(a), which provides in pertinent part: "Whoever knowingly makes under oath . . . any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws . . . Shall be fined under this title or imprisoned not more than . . . . 10 years." *Id.* The Sixth Circuit has acknowledged that one of the preconditions for conviction under the fourth paragraph of Section 1546(a) is that "the defendant made a false statement under penalty of perjury with respect to a material fact." *United States v. Kone*, 307 F.3d 430, 434 (6th Cir. 2002) (finding that the current address listed on the defendant's I-485 form constituted a material fact for purposes of Section 1546(a)). In the context of Section 1546(a), the Sixth Circuit has defined materiality as "a natural tendency to influence, or [] capability of influencing, the decision of the decision-making body to which it was addressed." *Id.* This definition is consistent with the phrases, "procured by" and "procured by means of," as those phrases are used in the first paragraph of Section 1546(a). In this respect, the "material fact" language in the fourth paragraph serves the same function as the phrases "procured by" and "procured by means of" in the first paragraph. Although the Indictment alleges that Ms. Rahmani "obtained a United States Refugee Travel Document by making false statements," the Indictment does not specify whether any of the alleged statements were actually material to Ms. Rahmani's procurement of the Travel Document. (Indict. at 37.) As a result, the government has not alleged an essential element of the offenses charged under Section 1546(a). For this reason too, Counts 27-30 should be dismissed for failure to state an offense.

McDermott Will & Emery LLP
ATTORNEYS AT LAW
WASHINGTON

-6-

DEFENDANT RAHMANI'S MOTION TO DISMISS COUNTS 27-30 FOR ALLEGING COUNTERFEIT DOCUMENTS

### CONCLUSION

Because Counts 27-30 fail to allege that Ms. Rahmani used a forged, counterfeited, altered, or falsely made immigration document, Section 1546(a) is inapplicable. There is no indication that Congress intended Section 1546(a) to apply to lawfully created immigration documents. Moreover, the government has not alleged that Ms. Rahmani misrepresented a material fact to obtain a United States Refugee Travel Document. Accordingly, Counts 27-30 of the Second Superseding Indictment should be dismissed.

Dated: July 15, 2008

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

_____/s/_____

Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

-7-

DEFENDANT RAHMANI'S MOTION TO DISMISS COUNTS 27-30 FOR ALLEGING COUNTERFEIT DOCUMENTS