**McDERMOTT WILL & EMERY LLP**
Abbe David Lowell (Admitted *Pro Hac Vice*)
adlowell@mwe.com
Roy L. Austin, Jr.  (State Bar No. 211491)
raustin@mwe.com
Hoyt Y. Sze  (State Bar No. 180716)
hsze@mwe.com
Christopher D. Man
cman@mwe.com
600 Thirteenth Street, N.W.
Washington, D.C.  20005-3096
Telephone:   202.756.8000
Facsimile:   202.756.8087

Attorneys for Defendant
ROYA RAHMANI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  CR-01-209(A)-RMT |
| Plaintiff, | **DEFENDANT RAHMANI'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 28-30 FOR ALLEGING CRIMINAL ACTIVITY IN A FOREIGN CONSULATE (MOTION TO DISMISS NO. 15)** |
| v. | |
| ROYA RAHMANI, ALIREZA MOHAMMADMORADI, MOUSTAFA AHMADY, HOSSEIN KALANI AFSHARI, HASSAN REZAIE, NAVID TAJ, MOHAMMAD HOSSEIN OMIDVAR, et. al., | |
| | Hearing Date:   None Scheduled |
| | Time: |
| Defendants. | Dept:   Courtroom 22 |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT defendant Roya Rahmani ("Ms. Rahmani"/ "the defendant") hereby moves the Court to dismiss Counts 28-30 for failure to state an offense and because they violate the Due Process Clause of the Fifth Amendment to the United States Constitution.  This Motion is based on this Notice of Motion, supported by the attached Memorandum of Points and Authorities, and by all of the pleadings, records and files in this action, and such other documents and argument as may be presented to the Court.

Dated:  July 15, 2008

Respectfully submitted,
McDERMOTT WILL & EMERY LLP


_____/s/_____
ABBE DAVID LOWELL
ROY L. AUSTIN, JR.
HOYT Y. SZE
CHRISTOPHER D. MAN
Attorneys for Defendant
ROYA RAHMANI

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..........................................................................................................1

ARGUMENT.................................................................................................................2

I.    SECTION 1546 DOES NOT APPLY TO A FOREIGN STATE'S CONSULATE WITHIN THE UNITED STATES ......................................2

    A.    United States Law Is Generally Inapplicable Within The Foreign Jurisdiction Of A Foreign Consulate On U.S. Soil .............................2

    B.    Section 1546 Does Not Apply To Conduct That Occurs Within A Foreign Consulate On U.S. Soil .......................................................3

        1.    There Is A Presumption Against Extraterritorial Jurisdiction ..................................................................................4

        2.    Congress Did Not Intend Section 1546 To Create Extraterritoriality With Respect To Foreign Consulates Located In The United States .....................................................4

II.    SECTION 1546 IS UNCONSTITUTIONALLY VAGUE AS APPLIED TO COUNTS 28-30 ....................................................................6

CONCLUSION ..............................................................................................................8

DEFENDANT'S MOTION TO DISMISS FOR ALLEGING CRIMINAL ACTIVITY IN A FOREIGN CONSULATE

# TABLE OF AUTHORITIES

**Page**

## CASES

*Boumediene v. Bush*, 128 S. Ct. 2229.......................................................................3

*E.E.O.C. v. Arabian Am. Oil Co.*, 499 U.S. 244 (1991)......................................3, 4

*Foley Bros., Inc. v. Filardo*, 336 U.S. 281 (1949) ....................................................4

*Rocha v. United States*, 288 F.2d 545 (9th Cir. 1961) .........................................5, 6

*Strasshiem v. Daily*, 221 U.S. 280 (1911) ...........................................................1, 6

*United States v. Davenport*, 519 F.3d 940 (9th Cir. 2008)......................................6

*United States v. Martinez*, 49 F.3d 1398 (9th Cir. 1995) .......................................6

*United States v. Rodriguez*, 182 F. Supp. 479 (S.D. Cal. 1960)..............................5

## STATUTES

18 U.S.C. § 7(9)(A) ...................................................................................................2

18 U.S.C. § 1546.............................................................................................passim

## OTHER AUTHORITIES

Vienna Convention on Consular Relations, art. 31.1, Apr. 24, 1963, 21
     U.S.T. 77, 596 U.N.T.S. 261 .............................................................................2, 3

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

- ii -

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In Counts 28-30 of the Second Superseding Indictment ("Indictment"), the government charges Ms. Rahmani with obtaining a *foreign* visa in a *foreign consulate* to travel to a *foreign* country through the use of false immigration paperwork. Even if true, which it is not, the United States does not have jurisdiction over this act. These alleged crimes occurred in a foreign consulate which is legally foreign soil, even though it may be physically located in Los Angeles, California. Based on the allegations contained in the Indictment, Ms. Rahmani did not use this paperwork to gain entry into the United States and did not use it "intend[ing] to produce [or] producing detrimental effects within" the United States. *Strasshiem v. Daily*, 221 U.S. 280, 285 (1911) (stating that a defendant can be prosecuted by a State even if he never set foot in that State so long as he produced or intended to produce detrimental effects in that State).

Counts 28-30 allege that on three different times between June 2000 and January 2001 Ms. Rahmani used a false U.S. refugee "Travel Document in the following manner: To obtain a visa from the Consulate General of Switzerland, in Los Angeles, California, to travel to Switzerland . . ." in violation of 18 U.S.C. § 1546. (Indict. at 28, 29 and 30).[1] These counts must be dismissed for two reasons. First, Section 1546 does not apply to acts that occur on the consular premises of a foreign State. And not one count has any reference to Ms. Rahmani using "false" travel documents to get into the United States. Second, if applicable to her conduct, Section 1546 is unconstitutionally vague as applied to Ms. Rahmani's conduct alleged in Counts 28-30, thereby violating the Due Process Clause of the Fifth

---

[1] Significantly, the government has not charged Ms. Rahmani with any sort of crime relating to the procurement of what it deems a fraudulently obtained travel document. It merely charges her with improperly using such a document within the Swiss Consulate.

DEFENDANT'S MOTION TO DISMISS FOR ALLEGING CRIMINAL ACTIVITY IN A FOREIGN CONSULATE

Amendment to the Constitution.  Accordingly, this unique application of Section 1546 must be dismissed.

## ARGUMENT

### I.     SECTION 1546 DOES NOT APPLY TO A FOREIGN STATE'S CONSULATE WITHIN THE UNITED STATES

#### A.     United States Law Is Generally Inapplicable Within The Foreign Jurisdiction Of A Foreign Consulate On U.S. Soil

The acts described in Counts 28-30 of the Indictment involving Ms. Rahmani allegedly obtaining a Swiss visa from the Swiss government transpired on the premises of the Swiss consulate in Los Angeles, California.  Pursuant to the Vienna Convention on Consular Relations of 1963, the United States has agreed that the consular premises of a foreign State "shall be inviolable."  Vienna Convention on Consular Relations, art. 31.1, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261 (hereinafter "Consular Convention") and, thus, the American laws at issue do not apply there.[2]

Article 31 makes clear that a host country – the United States in this case – has an obligation to protect the foreign consulate and its delegation, and may only enter the consulate to provide protection in event of an emergency or disaster.  *Id.* at 31.2-31.3.  Otherwise, United States' authorities may not enter the premises of a foreign consulate without express permission from the head of the consular post. *Id.*  This restriction prevents United States' authorities from actively enforcing U.S. laws within the confines of any foreign consulate.  The United States effectively cedes control of the consular premises to the sending State, which it can regain only by withdrawing consent for the operation of the consulate.  Consular Convention at

---

[2]     Pursuant to 18 U.S.C. § 7(9)(A), the U.S. has special territorial jurisdiction within "the premises of United States diplomatic, consular, military or other United States Government missions or entities in foreign States."  This special jurisdiction certainly does not apply within a foreign State's consulate and underscores that foreign countries are the sovereign in their embassies and consulates.

McDermott Will & Emery LLP
Attorneys At Law
Washington

DEFENDANT'S MOTION TO DISMISS FOR
ALLEGING CRIMINAL ACTIVITY
IN A FOREIGN CONSULATE

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

art. 2.2.  Thus, beyond protection of a consulate and its officers, U.S. law is generally inapplicable within a foreign consulate on American soil.[3]

By entering the Swiss consulate, Ms. Rahmani was entering in a legal sense Switzerland and she was subject to Swiss law, rather than American law.  This legal notion is of the utmost importance in international law and to the operation of the United States' own embassies and consulates abroad.  If the Swiss government feels it was somehow wronged by Ms. Rahmani in the course of her obtaining a visa from the Swiss government, the Swiss government would be the proper party to object (and it has not).  By the same token, we would not want foreign governments enforcing laws that are inimical to our values within U.S. consulates and embassies abroad.  For example, the U.S. would not tolerate, and under the Consular Convention does not have to abide by, foreign laws requiring women in the consulate to be covered or preventing them from occupying certain positions, and persons cannot be prosecuted for sedition against the host country for what may be said within the U.S. consulate.  Just as foreign laws are generally inapplicable to conduct within U.S. consulates abroad, U.S. law is generally inapplicable to conduct within foreign consulates here.  These charges must therefore be dismissed.

**B.      Section 1546 Does Not Apply To Conduct That Occurs Within A Foreign Consulate On U.S. Soil**

The Supreme Court has held that territorial jurisdiction extends only to "places over which the United States has sovereignty or has some measure of legislative control."  *E.E.O.C. v. Arabian Am. Oil Co.*, 499 U.S. 244, 248 (1991)

---

[3]      The situation involving the Swiss Consulate in the United States is essentially the converse of the situation involving the United State military base at Guantanamo Bay in Cuba. The Supreme Court recently explained that *de jure* sovereignty over Guantanamo Bay belongs to Cuba, but that the terms of the United States' lease of the base essentially provide "the plenary control, or practical sovereignty," to the United States. *Boumediene v. Bush*, 128 S. Ct. 2229, 55 (U.S. 2008). "In every practical sense Guantanamo is not abroad; it is within the constant jurisdiction of the United States." *Id.* at 79.  The same is true of the Swiss Consulate within the United States.  While it surely is subject to the *de jure* sovereignty of the United States, in every practical sense what occurs within its walls is subject to the constant jurisdiction of the Swiss government.

("*Aramco*") (in a ruling that was later superseded by statute making extraterritorial intent plain, Court held that Title VII did not apply to a U.S. company's foreign operations) (quoting *Foley Bros., Inc. v. Filardo*, 336 U.S. 281, 285 (1949)). Pursuant to Article 31 of the Consular Convention, the Swiss consulate in Los Angeles is beyond that control.

### 1.     There is a Presumption Against Extraterritorial Jurisdiction

While Congress may create the authority to enforce its laws outside the territorial boundaries of the United States, it is well-established that "legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States." *Foley Bros.,* 336 U.S. at 285 (in a ruling that has since been superseded by statute making extraterritorial intent plain, Court held that overtime provisions of Fair Labor Standards Act did not apply to a U.S. company's foreign operations). The presumption against extraterritoriality serves to "protect against unintended clashes between our laws and those of other nations which could result in international discord." *Aramco*, 499 U.S. at 248. Acknowledging this concern, the Supreme Court has adopted the assumption that "Congress legislates against the backdrop of the presumption against extraterritoriality." *Id.* Thus, as a preliminary matter, it must be presumed that Section 1546 applies only within the territorial jurisdiction of the United States.

### 2.     Congress Did Not Intend Section 1546 To Create Extraterritoriality With Respect To Foreign Consulates Located In The United States

The language of Section 1546 fails to manifest any congressional intent that the statute have extraterritorial application to foreign consulates located in the United States. Section 1546 prohibits the unlawful creation and fraudulent use of documents "prescribed by statute or regulation for entry *into* or as evidence of authorized stay or employment *in* the United States." 18 U.S.C. § 1546(a) (2006)

-4-

McDermott Will & Emery LLP
Attorneys At Law
Washington

(emphasis added).  Section 1546 focuses specifically on immigration-related documents because Congress intended the statute to prevent individuals from fraudulently entering or unlawfully remaining in the United States.  Based on this congressional intent, it makes sense that courts have interpreted Section 1546 as providing for extraterritorial application to American embassies abroad.  *See Rocha v. United States*, 288 F.2d 545 (9th Cir. 1961) (holding that the United States had criminal jurisdiction over defendants who made fraudulent statements *to an American consular officer* abroad in order to gain entry into the United States); *United States v. Rodriguez*, 182 F. Supp. 479, 483 (S.D. Cal. 1960) (court has jurisdiction over crimes committed "*in an American Embassy or Consular office* of the United States on foreign soil") (emphasis added).  If an alien were to fraudulently procure immigration documents from an American embassy abroad, that alien could then use the documents to gain admission into the United States.  This conduct would clearly have a detrimental effect within the United States and, appropriately, is the type of conduct that Section 1546 is designed to prevent.  Such conduct, however, is distinguishable from the acts alleged in Counts 28-30.

Similarly, the legislative history does not support the use of Section 1546 in this situation.  The legislative history is silent on this issue and largely discusses expanding the statute to cover more immigration documents than just visas and to cover more violations after individuals had arrived on U.S. soil.

The acts alleged in Counts 28-30 do not involve entry or even attempted entry into the United States and, consequently, would not have a detrimental effect on the United States.  In fact, the only State that could potentially claim injury by the acts alleged is Switzerland, which allegedly authorized a visa on the basis of allegedly fraudulent documents.  This is not the harm that Congress contemplated when it enacted Section 1546, nor is it the type of harm that the statute is intended to prevent.  In fact, it can safely be assumed that Congress expected that Switzerland could take care of its own immigration issues, and Switzerland may

McDermott Will & Emery LLP
Attorneys At Law
Washington

-5-

even resent a paternalistic assertion of American law to protect the Swiss immigration system.  Therefore, Section 1546 fails to provide any basis for exercising extraterritorial jurisdiction with respect to the acts alleged in Counts 28-30 and those counts must be dismissed.[4]

## II.   SECTION 1546 IS UNCONSTITUTIONALLY VAGUE AS APPLIED TO COUNTS 28-30

Pursuant to the due process clause of the Fifth Amendment, a criminal statute must clearly specify the conduct that it seeks to prohibit.  Most courts have adopted the general rule that "[a] criminal statute is not vague if it provides adequate notice in terms that a reasonable person of ordinary intelligence would understand that her conduct is prohibited."  *United States v. Martinez*, 49 F.3d 1398, 1403 (9th Cir. 1995).

As the prosecutors want to use the law, Section 1546 fails to provide adequate notice that conduct that occurs within foreign consulates on American soil, as alleged in Counts 28-30, is prohibited.  A reasonable person of ordinary intelligence knows that foreign consular premises are inviolable, and that they serve as a refuge for those who seek to flee the authority of a hostile host country.  A reasonable person would interpret this inviolability as removing foreign consular premises from the jurisdiction of the United States.  This is particularly true here, where Ms. Rahmani could not possibly have intended her act to be detrimental to the United States.  *See Rocha*, 288 F.2d at 548 (quoting *Strasshiem*, 221 U.S. at 285 ("Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a state in punishing the cause of the harm as if he had been present at the effect, if the state should succeed in getting him within its power.")).

---

[4]  Even if Section 1546 could be interpreted to apply extraterritorially in this context, the fact that Ms. Rahmani's interpretation of the statute is plausible would render the statute ambiguous.  In such a situation, the Rule of Lenity would require that Ms. Rahmani's more narrow construction be given to the statute.  *See, e.g.*, *United States v. Davenport*, 519 F.3d 940, 947 (9th Cir. 2008) (applying the rule of lenity).

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANT'S MOTION TO DISMISS FOR
ALLEGING CRIMINAL ACTIVITY
IN A FOREIGN CONSULATE

The plain language of Section 1546 establishes that Congress intended the statute to prevent unlawful entry, not an allegedly unlawful exit. The statute focuses specifically on visas and other documents used to enter or maintain residence in the United States. There is nothing in the language of Section 1546 that would place a reasonable person on notice that the statute applies to an individual seeking to leave the United States from a foreign consulate. As a result, a reasonable person would conclude that Section 1546 does not apply to the conduct alleged in Counts 28-30.

The case law pertaining to Section 1546 and extraterritorial jurisdiction also fails to provide adequate notice that the acts alleged in Counts 28-30 are prohibited. In fact, the complete dearth of any reported case law applying Section 1546 in the context of a person exiting the United States from legally foreign soil only reinforces the notion that Section 1546 is not applicable. Therefore, as applied to the acts alleged in Counts 28-30, Section 1546 is unconstitutionally vague in violation of the due process clause of the Fifth Amendment and Counts 28-30 must be dismissed.

McDermott Will & Emery LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANT'S MOTION TO DISMISS FOR
ALLEGING CRIMINAL ACTIVITY
IN A FOREIGN CONSULATE

## CONCLUSION

Because the conduct alleged in Counts 28-30 transpired on legally foreign soil, Section 1546 is inapplicable.  There is no indication that Congress intended for Section 1546 to apply extraterritorially in this context.  Moreover, even if Section 1546 were to apply to foreign consulates in the United States, the statute is unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.  Accordingly, Counts 28-30 of the Second Superseding Indictment should be dismissed.

Dated:     July 15, 2008                    Respectfully submitted,

                                            McDERMOTT WILL & EMERY LLP


                                            _____/s/_____
                                            ABBE DAVID LOWELL
                                            ROY L. AUSTIN, JR.
                                            HOYT Y. SZE
                                            CHRISTOPHER D. MAN
                                            Attorneys for Defendant
                                            ROYA RAHMANI

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

-8-

DEFENDANT'S MOTION TO DISMISS FOR
ALLEGING CRIMINAL ACTIVITY
IN A FOREIGN CONSULATE