THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
EILEEN M. DECKER (No. 151499)
Assistant United States Attorney
Chief, National Security Section
JUDITH A. HEINZ (No. 176264)
Assistant United States Attorney
National Security Section
      1300 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-0721/7280
      Facsimile: (213) 894-6436
      Email:     Eileen.Decker@usdoj.gov
      Email:     Judith.Heinz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROYA RAHMANI, et al., <br><br> Defendants. | No. CR 01-209(B)-RMT <br><br> **GOVERNMENT'S RESPONSE TO COURT'S SEPTEMBER 17, 2008 ORDER RE: STATUS OF PENDING MOTIONS** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby responds to the Court's September 17, 2008 order re: status of pending motions.

**Government's Motion for Notice of Public Authority Defense**

On November 7, 2007, the government filed a motion seeking a

court order requiring defendants to submit their notice of public authority defense as required by Federal Rule of Criminal Procedure 12.3(a) or, in the alternative, to represent affirmatively that they will not be asserting this defense. (CR 548). On November 28, and 29, 2007, defendants filed oppositions to that motion. (CR 573, 577). On December 10, 2007, the government filed a consolidated reply that included the government's reply to defendants' opposition to the government's motion for notice of public authority defense. (CR 606).

On September 10, 2008, the government filed its omnibus opposition to defendants' motions to dismiss the indictment. (CR 830). In that opposition, the government discussed the elements of the public authority defense, and the similar defense of entrapment by estoppel. (CR 830, at 63-70). The government hereby incorporates by reference that discussion into its pending motion for notice of public authority defense (specifically, pages 63-70 of CR 830).

The government's motion for notice of public authority defense is still pending, and the government respectfully requests that the Court rule on this motion as it stands.

**Government's Motion for Foreign Depositions Pursuant to Federal Rule of Evidence 15**

On November 8, 2007, the government filed a motion seeking a court order authorizing the taking of foreign depositions pursuant to Federal Rule of Evidence 15. (CR 567). As the Court will remember, the government seeks to take the depositions of witnesses who live in Japan. These witnesses, while traveling in the United States, gave money to defendants in response to

defendants' fraudulent solicitations at the airport, as alleged in more detail the indictment. On November 20, 2007, defendants Afshari, Mohammadmoradi, Omidvar, Rezaie, and Taj filed a joint response to the motion in which they stated that they did not oppose the taking of the foreign depositions. (CR 571, at 2-3). On November 29, 2007, defendants Ahmady and Rahmani filed an opposition to the government's motion. (CR 576). On December 10, 2007, the government filed a consolidated reply that included the government's reply to defendants Ahmady's and Rahmani's opposition to the government's motion for foreign depositions. (CR 606).

On December 18, 2007, the Court held a hearing on the motion, during which the Court discussed with the parties the logistics of taking the foreign depositions. (See CR 645). On December 20, 2007, the Court issued an order re government's motion for foreign depositions in which the Court ordered the parties to meet and confer about two options: (1) the deponents' availability to travel to the United States for their depositions, and (2) conducting the depositions via satellite. (CR 645). The government believes that the first option, conducting the depositions in the United States, is possible with respect to at least some of the deponents. The government has also learned that satellite depositions will likely not be agreeable to Japanese officials. Therefore, the government suggests that the government try to make arrangements to proceed with depositions in the United States for all Japanese witnesses who will agree to travel.

The Court has not yet ruled on the merits of the

government's motion for an order authorizing foreign depositions, and the government respectfully requests that the Court rule on this motion to permit the government to be able to try to make arrangements for the taking of the foreign depositions in the United States.  In addition, due to the number of defendants and defense counsel that will be participating in the depositions, the government asks that the Court appoint a magistrate judge to preside at the depositions to rule contemporaneously on objections and to otherwise facilitate the proceedings.

DATED: September 19, 2008          Respectfully submitted,

                                   THOMAS P. O'BRIEN
                                   United States Attorney

                                   CHRISTINE C. EWELL
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                   _____/s/_____
                                   EILEEN M. DECKER
                                   JUDITH A. HEINZ
                                   Assistant United States Attorneys
                                   National Security Section

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA