**McDERMOTT WILL & EMERY LLP**
Abbe David Lowell (Admitted *Pro Hac Vice*)
adlowell@mwe.com
Roy L. Austin, Jr. (State Bar No. 211491)
raustin@mwe.com
Hoyt Y. Sze (State Bar No. 180716)
hsze@mwe.com
Christopher D. Man
cman@mwe.com
600 Thirteenth Street, N.W.
Washington, D.C. 20005-3096
Telephone: 202.756.8000
Facsimile: 202.756.8087

Attorneys for Defendant
ROYA RAHMANI

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
A Limited Liability Partnership
Including Professional Corporations
Richard M. Steingard (State Bar No. 106374)
RSteingard@sheppardmullin.com
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1448
Telephone: 213.617.5416
Facsimile: 213.443.2908

Attorney for Defendant
MUSTAFA AHMADY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-01-00209(A)-RMT |
| Plaintiff, | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE SECOND SUPERSEDING INDICTMENT FOR GRAND JURY BIAS (MOTION TO DISMISS NO. 5)** |
| v. | |
| ROYA RAHMANI, ALIREZA MOHAMMADMORADI, MOUSTAFA AHMADY, HOSSEIN KALANI AFSHARI, HASSAN REZAIE, NAVID TAJ, MOHAMMAD HOSSEIN OMIDVAR, et. al., | Hearing Date: None Scheduled<br>Time:<br>Dept.: Courtroom 22 |
| Defendants. | |

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

Defendants Roya Rahmani, Alireza Mohammadmoradi, Moustafa Ahmady, Hossein Kalani Afshari, Hassan Rezaie, Navid Taj and Mohammad Hossein Omidvar, ("the defendants"), through their counsel, hereby reply to Section IV.D of the Government's Omnibus Opposition to Defendants' Motion to Dismiss the Second Superseding Indictment for Grand Jury Bias (Motion to Dismiss No. 5).

Dated: October 7, 2008                          Respectfully submitted,


**McDERMOTT WILL & EMERY LLP**

_____/s/_____
Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI


**MICHAEL S. MEZA LAW OFFICES**

_____/s/_____
Michael S. Meza
Attorney for Defendant
ALIREZA MOHAMMADMORADI


**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

_____/s/_____
Richard M. Steingard
Attorney for Defendant
MUSTAFA AHMADY


**THOMAS NISHI LAW OFFICES**

_____/s/_____
Thomas Nishi
Attorney for Defendant
HOSSEIN KALANI AFSHARI


**JAY L. LICHTMAN LAW OFFICES**

_____/s/_____
Jay L. Lichtman
Attorney for Defendant
HASSAN REZAIE


**SAINT MARTIN & FAN**

_____/s/_____
Amy Fan
Attorney for Defendant
NAVID TAJ


**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

_____/s/_____
Ahilan T. Arulanantham


**NASATIR HIRSCH PODBERESKY & GENEGO**

_____/s/_____
William J. Genego
Attorneys for Defendant
MOHAMMAD HOSSEIN OMIDVAR

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..............................................................................................................1

ARGUMENT ....................................................................................................................2

I.    THE GOVERNMENT DOES NOT CHALLENGE THE FACT THAT ANTI-ISLAMIC AND ANTI-IRANIAN BIAS WAS RAMPANT IN THE UNITED STATES AT THE TIME OF INDICTMENT ..............................................................2

II.   FAILURE TO ENSURE AN UNBIASED GRAND JURY VIOLATES THE FIFTH AMENDMENT ................................................2

III.  THE GOVERNMENT'S CITED CASE LAW DOES NOT ADDRESS THE CONSTITUTIONAL REQUIREMENT OF SCREENING GRAND JURORS FOR ETHNIC AND RELIGIOUS BIAS ......................................................................................3

CONCLUSION ................................................................................................................8

McDermott Will & Emery LLP
ATTORNEYS AT LAW
WASHINGTON

# TABLE OF AUTHORITIES

**Page**

## CASES

*Costello v. United States*, 350 U.S. 359 (1956)......................................................2

*Rosales-Lopez v. United States*, 451 U.S. 182 (1981)...........................................4, 5

*United States v. Anderson*, 532 F.2d 1218 (9th Cir. 1976)........................................6

*United States v. Hamling*, 481 F.2d 307 (9th Cir. 1973)...........................................6

*United States v. Koubriti*, 252 F. Supp. 2d 437 (E.D. Mich. 2003) ........................3

*United States v. Mechanik*, 475 U.S. 66 (1986)........................................................4

*United States v. Miller*, 105 F.3d 552 (9th Cir. 1997)...........................................5, 6

*United States v. Navarro-Vargas*, 408 F.3d 1184 (9th Cir. 2005) ...........................6

*United States v. Polizzi*, 500 F.2d 856 (9th Cir. 1974)..............................................5

*United States v. Smith*, 424 F.3d 992 (9th Cir. 2005)...............................................5

*United States v. Taylor*, 154 F.3d 675 (7th Cir. 1998) .............................................7

*Vasquez v. Hillery,* 474 U.S. 254 (1986) ..................................................................2

*Vuckson v. United States*, 354 F.2d 918 (9th Cir. 1966) ...........................................6

*Wood v. Georgia*, 370 U.S. 375 (1962) .....................................................................6

McDermott Will & Emery LLP
Attorneys At Law
Washington

DEFENDANTS' REPLY BRIEF RE
MOTION TO DISMISS FOR GRAND JURY BIAS

McDermott Will & Emery LLP
Attorneys At Law
Washington

## MEMORANDUM OF POINTS AND AUTHORITIES

## <u>INTRODUCTION</u>

In its opposition, the government does not contest that the Fifth Amendment to the United States Constitution requires that an *unbiased* grand jury vote on an indictment. It also does not contest that screening grand jurors is particularly critical in sensitive cases involving highly charged issues of race, religion and ethnicity to ensure that unconstitutional prejudice does not improperly affect the grand jury's decision. And finally, it does not contest that defendants in this case could be the subject of anti-Muslim and anti-Iranian prejudice. Yet, rather than provide information that it took steps to make sure these rights were protected, the government simply files another standard opposition without really addressing the issues raised.

The defendants' motion simply requested a statement from and proof by the government that it conducted the obvious screening of grand jurors required in a case of this nature. If the government failed to screen the grand jurors, then the Court should dismiss the Second Superseding Indictment for failure to comply with constitutional requirements. If the government screened the grand jurors, the defendants should be permitted to examine the questions asked and answers provided to ensure that their rights were protected.[1]

---

[1] On September 8 and September 22, the government filed applications asking the Court to examine grand jury transcripts in camera. The defendants opposed this request. Defendants' Opposition to *Ex Parte* Application for Order Filing Grand Jury Transcripts In Camera and Under Seal (Docket 845). If these transcripts involve the prosecutors screening grand jurors for religious and ethnic bias with respect to this case, then two things should be obvious. First, that the government's action is an admission that the defendants are right that this is the type of case that requires grand juror screening. And second, that the government is wasting the defendants' time by not stating as much in their Opposition so that we are not arguing over non-issues.

DEFENDANTS' REPLY BRIEF RE
MOTION TO DISMISS FOR GRAND JURY BIAS

## ARGUMENT

**I.    THE GOVERNMENT DOES NOT CHALLENGE THE FACT THAT ANTI-ISLAMIC AND ANTI-IRANIAN BIAS WAS RAMPANT IN THE UNITED STATES AT THE TIME OF INDICTMENT**

In their motion, defendants pointed out how American media coverage of world events relating to terrorism and the Middle East has created a pervasive atmosphere of mistrust and fear of Muslims in general and Iranians in particular. These portrayals have stoked the public's fear in both pre and post-September 11 America, leading to a rampant and pervasive anti-Iranian and anti-Muslim climate in American society.  Though obvious, the defendants provided the government with specific notice of this when they filed their original Motion to Dismiss the Superseding Indictment for Grand Jury Bias on November 14, 2007 (Docket 565). The government did not file its Second Superseding Indictment until over two-weeks later on November 29.  Not once in its Opposition (Government's Omnibus Opposition at Section IV.D.) does the government dispute the existence of this pervasive and rampant bias, yet the government fails to explain whether it screened the grand jurors to guard against any prejudices contaminating the jury.  If the government did not think of doing so when the case was first charged, it certainly had no excuse once the defendants flagged the issue before the latest charges were brought.

**II.    FAILURE TO ENSURE AN UNBIASED GRAND JURY VIOLATES THE FIFTH AMENDMENT**

The case law cited in defendants' motion referred to the requirement of an unbiased grand jury. *Costello v. United States*, 350 U.S. 359, 363 (1956) (holding that the Fifth Amendment requires an unbiased grand jury); *Vasquez v. Hillery*, 474 U.S. 254, 263-264 (1986).  As such, the government in this case was constitutionally required to conduct *voir dire* of the grand jury to ensure that individuals who could not be fair did not participate in the deliberations or vote on

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS FOR GRAND JURY BIAS

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

the Indictment. In its Opposition, the government claims that "the grand juries were not guided by any prejudice in returning the indictments, but were guided only by the overwhelming evidence." (Gov't Opp. at 84.) On what does the government make this hopeful assertion? Again, either the government did what it was required to do and screened potential grand jurors (in that event, all it has to do is state what it did) or it did not (in that case the charges are flawed). Given the pervasive anti-Muslim and anti-Iranian atmosphere in this country, fueled by both the news and popular entertainment, which the government does not contest, it is absurd for the government to make such a strong assertion without presenting any evidence.

The case of *United States v. Koubriti*, 252 F. Supp. 2d 437 (E.D. Mich. 2003), is instructive. In *Koubriti*, four defendants of Middle-Eastern origin were charged with providing material support to terrorists around the time of the 2003 invasion of Iraq, and argued that the jury was biased against them. *Id.* at 438. The trial court protected these defendants by making sure that the jurors were "painstakingly questioned" during individual *voir dire* about whether the conflict in Iraq would bias them, and by having the jurors fill out a "lengthy questionnaire exploring . . . issues of possible bias against individuals of Middle Eastern origin." *Id.* at 439, 441. The individuals who exhibited such potential bias or prejudice were excused for cause. *Id.* at 441. It is clear that cases of the nature of the one at bar require *voir dire* both at the grand jury and petit jury stages.

The government cannot hide behind general assertions of grand jury secrecy and a "trust us to do the right thing" approach when these issues have been raised by motion in a real criminal case with a real likelihood of bias.

## III. THE GOVERNMENT'S CITED CASE LAW DOES NOT ADDRESS THE CONSTITUTIONAL REQUIREMENT OF SCREENING GRAND JURORS FOR ETHNIC AND RELIGIOUS BIAS

The government's cited case law does not contradict the requirement to conduct pre-trial screening of grand jurors where religious and/or ethnic bias is

likely. Rather, the government has focused their argument on issues of isolated questionable statements by prosecutors or witnesses. The government has thus attempted to sidestep the defendants' argument that the Constitution requires screening of jurors for religious and ethnic bias in sensitive cases.

The government incorrectly relies on *United States v. Mechanik*, 475 U.S. 66 (1986), as an attack on *Vasquez*, arguing that *Mechanik* limits the *Vasquez* holding to cases of intentional racial discrimination in grand jury selection. (Gov't Opp. at 79-80.) In *Mechanik*, the Supreme Court held that post-conviction by a petit jury, grand jury violations are largely harmless because guilt has been proven beyond a reasonable doubt. The Supreme Court in *Mechanik* agreed with *Vazquez*'s holding that certain grand jury violations require dismissal of a conviction, but was silent with respect to what grand jury violations supported dismissal of an indictment. In fact, the Court emphasized that racial discrimination in grand jury selection was "so pernicious" as to require reversal of even a petit jury's guilty verdict. *Mechanik*, 475 at 70 n.1. *Mechanik* does not change the fact that a trial court should dismiss an indictment where unmitigated religious or ethnic bias, like racial discrimination, in a grand jury is shown pre-trial.[2]

Similarly, despite the government's argument to the contrary, the Supreme Court's decision in *Rosales-Lopez v. United States*, 451 U.S. 182 (1981), does not contradict the defendants' position. First, *Rosales-Lopez* described the discretion that should be given to a trial court when conducting *voir dire* of a petit jury and did not hold that a trial court should accept the word of the government that it properly screened grand jurors. Second, in *Rosales-Lopez*, a case in which the defendants were charged with aiding and abetting illegal immigration, the trial court actually asked questions concerning possible bias against "aliens" which resulted in the dismissal of two potential jurors for cause. *Id.* at 186 n.3.

---

[2]    In addition, the defendants here are raising the possible grand jury issue well *before* trial. The government should not be allowed to gloss over any charging defect by purposely waiting to later argue a "no harm, no foul" result.

DEFENDANTS' REPLY BRIEF RE
MOTION TO DISMISS FOR GRAND JURY BIAS

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

Nonetheless, the defendant wanted more specific questions about bias due to "Mexican descent." *Id.* at 185-7. Here, the defendants are presently under the belief, as the government has not informed us otherwise, that *no* questions were asked to determine whether grand jurors were biased. In *Rosales-Lopez*, the Court held that, upon a defendant's request, a trial court must ask questions to ensure that petit jurors can be impartial when "the total circumstances suggest a reasonable possibility that racial or ethnic prejudice will affect the jury." *Rosales-Lopez*, 451 U.S. at 192. Here, the defendants already have shown and the government, through its silence, has acknowledged a "reasonable possibility," if not actual likelihood, of religious or ethnic bias infecting the grand jury proceedings through at least some of the evidently unscreened grand jurors. There is no question that religious and ethnic sentiments are "inextricably bound" with the issues in this prosecution such that failure to screen grand jurors would be unconstitutional. *See id.* at 190.

The government also cites a group of Ninth Circuit cases which it claims stand for the proposition that a defendant must show substantial proof of grand jury bias to warrant dismissal. The proper test in this case is the *Rosales-Lopez* test requiring a showing of a "reasonable possibility" of grand juror bias. The cases cited by the government are easily distinguishable from the current case both legally and factually. *United States v. Polizzi*, 500 F.2d 856 (9th Cir. 1974), dealt with a situation where a prosecutor used the term "mafia" once in a question and there was no evidence that the grand jury was or was likely to be biased as a result of the mention of this term. *Id.* at 887. In *United States v. Smith*, 424 F.3d 992 (9th Cir. 2005), the court rejected an argument of potential grand juror prejudice regarding the Internal Revenue Service in a tax fraud prosecution. There is no serious argument that potential bias in favor of the IRS is similar to the likelihood of bias against Muslims and Iranians in a terrorism prosecution. *Id.* at 1003-1004. And in *United States v. Miller*, 105 F.3d 552 (9th Cir. 1997), the court rejected allegations that one question from one grand juror showed that the government's

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

actions during the investigation were improper. *Id.* at 555. None of these cases are on point, as they do not address the issue of screening a grand jury for religious or ethnic bias where it is likely to exist. Such bias, if it existed, is organic and pervades the entire process that led to these charges. It is not the same as a single disparaging reference or a grand juror's question; it goes to the heart of whether this grand jury acted as the shield against government action it is supposed to be. *See Wood v. Georgia*, 370 U.S. 375, 390 (1962) ("Historically, [the grand jury] has been regarded as a primary security to the innocent against hasty, malicious and oppressive persecution. . . .")

In addition, the government relies on *United States v. Navarro-Vargas*, 408 F.3d 1184 (9th Cir. 2005), for the proposition that grand jurors should be allowed to act on "tips, rumors, evidence offered by the prosecutor, or even their own personal knowledge" in making their decisions. *Id.* at 1200. This is an outrageous suggestion if the government means to suggest that the grand jury could act on its religious or ethnic prejudice instead of hearing the actual evidence and that such reliance is the same as a grand juror's "own personal knowledge."

The government cites another series of Ninth Circuit cases which it claims stand for the proposition that a presumption of regularity attaches to grand jury proceedings. (Govt. Opp. at 77.) *Vuckson v. United States*, 354 F.2d 918 (9th Cir. 1966), dealt with whether the defendant was properly sworn in prior to giving grand jury testimony for which he was later convicted of perjury. This procedural issue of regularity in swearing in grand jury witnesses has nothing to do with whether grand jurors should be screened for likely prejudices in a specific case. The government's other citations are similarly inapposite: *United States v. Hamling*, 481 F.2d 307, 312-313 (9th Cir. 1973) (holding that there was no evidence of prosecutor created bias in an obscenity case when the prosecutor described a similar case to the grand jurors); and *United States v. Anderson*, 532 F.2d 1218, 1222 (9th Cir. 1976) (holding that the language of the indictment sufficiently informed the defendant of

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

the charges against him.). The "regularity" discussed in these cases has nothing to do with assuring that grand jurors do not possess religious or ethnic prejudices in sensitive cases which would infect the very reason for having a grand jury in the first place. And again, all the government has to do to argue for the reality of regularity versus some presumption of it is to make clear what it did to insure that these defendants received a fair hearing from the grand jury the government used.

The government's claim that the "[d]efendants' arguments are most similar to those" made and rejected by the Seventh Circuit in *United States v. Taylor*, 154 F.3d 675, 679 (7th Cir. 1998), best exemplifies its failure to understand the issue. (Gov't Opp. at 83.) *Taylor* is nothing like the case at bar. First, *Taylor* did not involve whether a grand jury was properly screened. Second, the issue was whether mention of the defendant's possible gang affiliation was improper, not whether a defendant was going to be found to have committed a criminal act solely because he or she was of a certain ethnic background or practiced a certain religion (both of which are protected categories under the Constitution). And third, the court did not decide the issue of whether mention of a defendant's possible gang affiliation was prejudicial for the same reasons given in *Mechanik* – "We need not consider whether allowing a reference to gang affiliation was error because the reference was harmless. Because a petit jury returned a conviction on both counts, any such errors in the presentation of evidence to the grand jury are harmless as a matter of law." *Taylor*, 154 F.3d at 681 (citation omitted). The government has not found one case that allows prosecutors to ignore religious or ethnic prejudice when its likelihood is as great as it is in this case and when defendants are raising the issue before trial (where, by way of example, this Court no doubt would take measures that should have been taken in the grand jury to insure impartiality).[3]

---

[3] In addition, it is an insufficient remedy in this case for the government to propose waiting to see what a petit jury will do to remedy whatever grand jury error that may have occurred. If the grand jury was biased, it may have picked defendants out for that reason, and then they are in harm's way now solely because of improper grand jury action.

DEFENDANTS' REPLY BRIEF RE
MOTION TO DISMISS FOR GRAND JURY BIAS

## CONCLUSION

The government's Opposition fails to adequately address the issues raised by the defendants' motion to dismiss. The government does not dispute the fact that there is a serious anti-Iranian and anti-Islamic bias in the United States, yet refuses to explain how it guarded against having grand jurors with such prejudices participate in the proceedings. Instead, it has cited a series of inapposite cases. Given that the government appears to have decided not to screen the grand jury for anti-Iranian or anti-Islamic prejudices in such an obviously sensitive case, the defendants ask the Court to dismiss the Second Superseding Indictment. If it turns out that there was some screening regarding possible prejudice, the defendants request the opportunity to review any such screening to ensure its adequacy.

Dated: October 7, 2008                                Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

                    /s/
Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI

**JAY L. LICHTMAN LAW OFFICES**

                    /s/
Jay L. Lichtman
Attorney for Defendant
HASSAN REZAIE

**MICHAEL S. MEZA LAW OFFICES**

                    /s/
Michael S. Meza
Attorney for Defendant
ALIREZA MOHAMMADMORADI

**SAINT MARTIN & FAN**

                    /s/
Amy Fan
Attorney for Defendant
NAVID TAJ

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

                    /s/
Richard M. Steingard
Attorney for Defendant
MUSTAFA AHMADY

**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

                    /s/
Ahilan T. Arulanantham

**THOMAS NISHI LAW OFFICES**

                    /s/
Thomas Nishi
Attorney for Defendant
HOSSEIN KALANI AFSHARI

**NASATIR HIRSCH PODBERESKY & GENEGO**

                    /s/
William J. Genego
Attorneys for Defendant
MOHAMMAD HOSSEIN OMIDVAR

-8-

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON