**McDERMOTT WILL & EMERY LLP**
Abbe David Lowell (Admitted *Pro Hac Vice*)
adlowell@mwe.com
Roy L. Austin, Jr. (State Bar No. 211491)
raustin@mwe.com
Hoyt Y. Sze (State Bar No. 180716)
hsze@mwe.com
Christopher D. Man
cman@mwe.com
600 Thirteenth Street, N.W.
Washington, DC  20005-3096
Telephone:   202.756.8000
Facsimile:   202.756.8087

Attorneys for Defendant
ROYA RAHMANI


**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
Limited Liability Partnership
Including Professional Corporations
Richard M. Steingard (State Bar No. 106374)
RSteingard@sheppardmullin.com
333 South Hope Street, 48th Floor
Los Angeles, CA  90071-1448
Telephone:   213.617.5416
Facsimile:   213.443.2908

Attorney for Defendant
MUSTAFA AHMADY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROYA RAHMANI, ALIREZA MOHAMMADMORADI, MOUSTAFA AHMADY, HOSSEIN KALANI AFSHARI, HASSAN REZAIE, NAVID TAJ, MOHAMMAD HOSSEIN OMIDVAR, et. al., <br><br> Defendants. | CASE NO.  CR-01-00209(A)-RMT <br><br> **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR SELECTIVE PROSECUTION (MOTION TO DISMISS NO. 6)** <br><br> Hearing Date:    None Scheduled <br> Time: <br> Dept.:    Courtroom 22 |

Defendants Roya Rahmani, Alireza Mohammadmoradi, Moustafa Ahmady, Hossein Kalani Afshari, Hassan Rezaie, Navid Taj and Mohammad Hossein Omidvar, ("the defendants"), through their counsel, hereby reply to Section IV.E of the Government's Omnibus Opposition to Defendants' Motion to Dismiss the Indictment for Selective Prosecution (Motion to Dismiss No. 6).

Dated: October 7, 2008                                    Respectfully submitted,


**McDERMOTT WILL & EMERY LLP**

_/s/_
Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI


**MICHAEL S. MEZA LAW OFFICES**

_/s/_
Michael S. Meza
Attorney for Defendant
ALIREZA MOHAMMADMORADI


**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

_/s/_
Richard M. Steingard
Attorney for Defendant
MUSTAFA AHMADY


**THOMAS NISHI LAW OFFICES**

_/s/_
Thomas Nishi
Attorney for Defendant
HOSSEIN KALANI AFSHARI


**JAY L. LICHTMAN LAW OFFICES**

_/s/_
Jay L. Lichtman
Attorney for Defendant
HASSAN REZAIE


**SAINT MARTIN & FAN**

_/s/_
Amy Fan
Attorney for Defendant
NAVID TAJ


**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

_/s/_
Ahilan T. Arulanantham


**NASATIR HIRSCH PODBERESKY & GENEGO**

_/s/_
William J. Genego
Attorneys for Defendant
MOHAMMAD HOSSEIN OMIDVAR

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................... 1

ARGUMENT ......................................................................................................... 1

I.      THE GOVERNMENT FAILS TO REFUTE THAT THERE HAD BEEN NO PROSECUTIONS LIKE THIS ONE AT THE TIME THE CASE WAS FILED ........................................................................ 1

II.     THE DEFENDANTS IN THE CASES CITED BY THE GOVERNMENT WERE NOT SIMILARLY SITUATED ...................... 2

CONCLUSION ...................................................................................................... 5

McDermott Will & Emery LLP
Attorneys At Law
Chicago

DEFENDANTS' REPLY BRIEF RE MOTION  TO DISMISS FOR SELECTIVE PROSECUTION

# TABLE OF AUTHORITIES

Page

## CASES

*HLF v. Ashcroft*, 219 F. Supp. 2d 57 (D.D.C. 2002)...............................................3

*United States v. Al-Arian*, No. 8:03-CR-77-T-30TBM (M.D. Fl. 2003)...................4

*United States v. Assi*, 414 F. Supp. 2d 707 (E.D. Mich. 2006) ...............................3

*United States v. Iqbal*, No. 1:06-cr-01054-RMB (S.D.N.Y 2006)...........................4

## OTHER AUTHORITIES

Robert M. Chesney, *Federal Prosecution of Terrorism-Related Offenses: Conviction and Sentencing Data in Light of the "Soft-Sentence" and "Data-Reliability" Critiques*, 11 Lewis & Clark L. Rev. 851 (2007) .....................................................................................4

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS FOR SELECTIVE PROSECUTION

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The government's opposition brief does more to buttress the claim of selective prosecution than to weaken it. The government claims that it routinely brings "material support" charges against people who did precisely what these defendants are alleged to have done, but the cases the government cites do not support that claim. Instead, they merely highlight how truly unique and selective this prosecution actually is. In addition, the government does not seek to refute that there is at least strong inferences in the record that these defendants were selected for improper reasons. And as it has done in opposition to other motions, the government includes an argument that the defendants' having committed the acts the government charges as crimes means the government does not have to proceed properly in bringing or trying those charges. As with the other occasions in which the government makes this type of claim, this notion that the ends justify the means is disturbing at the very least.

## ARGUMENT

**I.  THE GOVERNMENT FAILS TO REFUTE THAT THERE HAD BEEN NO PROSECUTIONS LIKE THIS ONE AT THE TIME THE CASE WAS FILED**

The government does not deny that – at the time of the Original Indictment in March 2001 – *no other individuals* were being prosecuted under the "material support" statute. Thus, this case truly stood alone both at the time it was filed and, even by the government's standard of what cases count as comparable, for the two years that followed the filing of these charges.

The issue is whether the government filed this case for improper reasons at the time it was filed, so the only relevant time frame is the time frame in which these charges were brought. The defendants have made a powerful case that – at the time these charges were brought – they were the only ones being charged and

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS FOR SELECTIVE PROSECUTION

McDermott Will & Emery LLP
Attorneys At Law
Washington

that appears to be because they were the only ones who had become a thorn in the side of the government through their constitutionally-protected First Amendment activity. These included having Members of Congress oppose the designation of the MEK, bringing the improper designation of the MEK to the attention of the public and the media, and protesting at the United Nations. The government suggests that the defendants would have been prosecuted for the "material support" charges regardless of whether they engaged in any First Amendment activity that upset the government, and they try to buttress that claim by pointing to other cases, involving what the government claims were similarly situated individuals, who were charged. But none of the cases the government alludes to were filed anywhere near the time when the defendants before this Court were charged.

## II. THE DEFENDANTS IN THE CASES CITED BY THE GOVERNMENT WERE NOT SIMILARLY SITUATED

The record contains strong inferences that the defendants before this Court were singled out because the government believed they participated in core First Amendment activities that were critical of the Iranian regime and American foreign policy toward Iran.[1] The government does not suggest that any of these defendants actually engaged in terrorism. Nor has the government identified a single act of

---

[1]    The government ignores the fact that the First Amendment activities defendants claim led to selective prosecution were the MEK's petitioning of the Executive, Legislative and Judicial Branches to change the MEK's designation; engaged in numerous organized protests; and disseminated its political views through publishing a newspaper, creating television programming and maintaining a website. (Mot. at 2-4). Instead, the government claims that the defendants solicitations at airports is outside the First Amendment because those solicitations allegedly were fraudulent. (Gov't Opp. at 90-91). That charge is ludicrous because even if the government could prove the money went to the MEK, the MEK may have spent the money on the very thing the defendants told people their money would go – toward helping Iranian refugees. Moreover, even if the solicitation of money were fraudulent, the educational and advocacy aspects of the solicitation regarding American foreign policy toward Iran would still be protected. But none of this is relevant to this particular motion. Dismissal of an indictment for selective prosecution is not required because no crime (such as fraud) was actually committed, it is an improper, indeed an unconstitutional charge, because the defendants were singled out for a particular and unconstitutional reason. Here, the defendants were indicted initially because they engaged in what the government all but concedes were protected First Amendment activities. As the government did not even add the fraud charges until November 2007 – nearly seven years after the initial charges were filed – it cannot seriously pretend that the defendants were initially singled out due to concern they were committing fraud.

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS FOR SELECTIVE PROSECUTION

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

terrorism committed by the MEK with whatever "material support" the defendants allegedly provided the MEK. In addition, the Original Indictment against these defendants rested solely upon the material support charges. These facts make this case markedly different from every other material support case the government subsequently brought against others.

The indictments of others cited by the government involve allegations that the defendants had committed other serious crimes and were directly involved with terrorist activity. While the government may have thrown in "material support" charges for fundraising activity into the mix, those charges are neither the most serious of the charges nor the reason those defendants were targeted by the government.

Prior to the defendants being prosecuted for "material support," the government has identified only one case where it claims a similarly situated person was charged. (Gov't Opp. at 89 (discussing *United States v. Assi*, 414 F. Supp. 2d 707 (E.D. Mich. 2006)). That case was brought in August 1998, nearly three years before charges in this case were filed. In *Assi*, the defendant was charged with separate criminal offenses for transporting sensitive military technology without a license in addition to the "material support" charges. The defendant was "not accused of making a financial donation that arguably could have been used by the recipient FTO to advance a lawful objective," but was accused of personally transporting GPS modules, night vision goggles and a thermal imaging camera to Hezbollah in Lebanon that "was very likely to be used for violence or hostile rather than humanitarian purposes." 414 F. Supp. 2d at 715.[2]

After the defendants in this case were filed, the government has not identified

_____

[2] The government's discussion of the Holy Land Foundation ("HLF") cases is curious because it does not involve a challenge to an FTO designation or provide a relevant time frame. HLF did not challenge its FTO designation, but a challenge to a Treasury Department decision under the International Emergency Economic Powers Act. *HLF v. Ashcroft*, 219 F. Supp. 2d 57 (D.D.C. 2002). Even if that were a comparable designation, no prosecutions were brought against persons who provided money to HLF until July 2004 – nearly three-and-a-half years after the defendants before this Court were indicted.

McDermott Will & Emery LLP
Attorneys At Law
Washington

- 3 -

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS FOR SELECTIVE PROSECUTION

anyone else it regards as similarly situated who was charged until *United States v. Al-Arian*, No. 8:03-CR-77-T-30TBM (M.D. Fl. Feb. 2003), which was not filed until February 2003 – one year and eleven months later. (Gov't Opp. at 89.) The defendant in *Al-Arian* was charged with assisting the Palestinian Islamic Jihad by providing logistical and other sorts of advice about engaging in terrorism, was helping to recruit terrorists, and was providing financial assistance to the families of terrorists who "martyr" themselves. *Al-Arian*, Superseding Indictment at 107–09, 112; *see also* Robert M. Chesney, *Federal Prosecution of Terrorism-Related Offenses: Conviction and Sentencing Data in Light of the "Soft-Sentence" and "Data-Reliability" Critiques*, 11 Lewis & Clark L. Rev. 851, 896 (2007) (describing the types of material support allegedly provided by the *Al-Arian* defendants as money, fundraising, recruitment, and expertise).[3]

---

[3] The government's citation to *United States v. Iqbal*, No. 1:06-cr-01054-RMB (S.D.N.Y Nov. 15, 2006), also is inapposite. That case was not brought until November 2006, nearly six years after this case was brought. In addition, it involved a defendant who was providing services to Hezbollah for commercial gain. *Id.* at 4.

- 4 -

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS FOR SELECTIVE PROSECUTION

## CONCLUSION

As the government has made no attempt to show that it prosecuted anyone else during the relevant time frame, and has not prosecuted any similarly situated persons whatsoever, its suggestion that the prosecution in this case is part of some legitimate pattern fails.  In light of the various First Amendment activities that the government has alleged that the defendants were engaged in, the government has provided no response to rebut the presumption of selectivity and further justification should be required or the Indictment should be dismissed.

Dated:  October 7, 2008

**McDERMOTT WILL & EMERY LLP**

_____/s/_____
Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI

**MICHAEL S. MEZA LAW OFFICES**

_____/s/_____
Michael S. Meza
Attorney for Defendant
ALIREZA MOHAMMADMORADI

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

_____/s/_____
Richard M. Steingard
Attorney for Defendant
MUSTAFA AHMADY

**THOMAS NISHI LAW OFFICES**

_____/s/_____
Thomas Nishi
Attorney for Defendant
HOSSEIN KALANI AFSHARI

Respectfully submitted,

**JAY L. LICHTMAN LAW OFFICES**

_____/s/_____
Jay L. Lichtman
Attorney for Defendant
HASSAN REZAIE

**SAINT MARTIN & FAN**

_____/s/_____
Amy Fan
Attorney for Defendant
NAVID TAJ

**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

_____/s/_____
Ahilan T. Arulanantham

**NASATIR HIRSCH PODBERESKY & GENEGO**

_____/s/_____
William J. Genego
Attorneys for Defendant
MOHAMMAD HOSSEIN OMIDVAR

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS FOR SELECTIVE PROSECUTION