**McDERMOTT WILL & EMERY LLP**
Abbe David Lowell (Admitted *Pro Hac Vice*)
adlowell@mwe.com
Roy L. Austin, Jr. (State Bar No. 211491)
raustin@mwe.com
Hoyt Y. Sze (State Bar No. 180716)
hsze@mwe.com
Christopher D. Man
cman@mwe.com
600 Thirteenth Street, N.W.
Washington, DC  20005-3096
Telephone:  202.756.8000
Facsimile:  202.756.8087

Attorneys for Defendant
ROYA RAHMANI


**SAINT MARTIN & FAN**
Amy Fan (State Bar No. 156211)
amyfan@sbaglobal.net
6603 W. Century Boulevard
Suite 1107
Los Angeles, CA 90045
Telephone:  310.645.9383
Facsimile:  310.641.2501

Attorney for Defendant
NAVID TAJ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  CR-01-00209(A)-RMT |
| Plaintiff, | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO INVALIDATE THE GOVERNMENT'S 18 U.S.C. § 3292 APPLICATIONS (MOTION TO DISMISS NO. 7)** |
| v. | |
| ROYA RAHMANI, ALIREZA MOHAMMADMORADI, MOUSTAFA AHMADY, HOSSEIN KALANI AFSHARI, HASSAN REZAIE, NAVID TAJ, MOHAMMAD HOSSEIN OMIDVAR, et. al., | Hearing Date:    None Scheduled
Time:
Dept.:    Courtroom 22 |
| Defendants. | |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

Defendants Roya Rahmani, Alireza Mohammadmoradi, Moustafa Ahmady, Hossein Kalani Afshari, Hassan Rezaie, Navid Taj and Mohammad Hossein Omidvar, ("the defendants"), through their counsel, hereby reply to Section IV.F of the Government's Omnibus Opposition[1] to Defendants Motion to Invalidate the Government's 18 U.S.C. § 3292 Applications (Motion to Dismiss No. 7).

Dated: October 7, 2008

**McDERMOTT WILL & EMERY LLP**

_/s/_

Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI

**MICHAEL S. MEZA LAW OFFICES**

_/s/_

Michael S. Meza
Attorney for Defendant
ALIREZA MOHAMMADMORADI

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

_/s/_

Richard M. Steingard
Attorney for Defendant
MUSTAFA AHMADY

**THOMAS NISHI LAW OFFICES**

_/s/_

Thomas Nishi
Attorney for Defendant
HOSSEIN KALANI AFSHARI

Respectfully submitted,

**JAY L. LICHTMAN LAW OFFICES**

_/s/_

Jay L. Lichtman
Attorney for Defendant
HASSAN REZAIE

**SAINT MARTIN & FAN**

_/s/_

Amy Fan
Attorney for Defendant
NAVID TAJ

**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

_/s/_

Ahilan T. Arulanantham

**NASATIR HIRSCH PODBERESKY & GENEGO**

_/s/_

William J. Genego
Attorneys for Defendant
MOHAMMAD HOSSEIN OMIDVAR

---

[1] The defendants' response addresses the arguments the government responded to and does not re-state unrebutted arguments previously made. Among other things, the government's Opposition does not address the defendants' arguments that the government failed to act in good faith (Mot. No. 7 at 15) or that the tolling orders violated due process (*Id.* at 23).

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................................1

ARGUMENT ................................................................................................................1

I.      SECTION 3292 ONLY PERMITS TOLLING OF THE STATUTE OF LIMITATIONS FOR AN OFFENSE PRE-INDICTMENT ...........................1

     A.      Section 3292 Requires The Tolling Application Be Filed "Before Return Of An Indictment" .......................................................1

     B.      The Statutory Term "Offense" Addresses the Nature Of The Section 3292 Application, Not The Timing Of The Indictment ...........4

     C.      The Government Misconstrues The Term "Offense" ...........................6

II.      THE GOVERNMENT'S SECTION 3292 REQUESTS INVESTIGATED THE SAME OFFENSE THAT ALREADY HAD BEEN CHARGED .......................................................................................7

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
CHICAGO

# TABLE OF AUTHORITIES

**Page**

## CASES

*Toussie v. United States*, 397 U.S. 112 (1970) .................................................... 6

*United States v. Kozeny*, 2008 U.S. App. Lexis 18534, at *16 (2d Cir.
    Aug. 29, 2008) ......................................................................................... 2, 3

*United States v. Marion*, 404 U.S. 307 n.14 (1971) .................................................. 6

*United States v. Miller*, 830 F.2d 1073 (9th Cir. 1987) ............................................. 2

*United States v. Titterington*, 354 F. Supp. 2d 778 (W.D. Tenn. 2005) .................... 2

*United States v. Trainor*, 376 F.3d 1325 (11th Cir. 2004) ......................................... 2

## STATUTES

18 U.S.C. § 3161(h)(9) ........................................................................................ 3

18 U.S.C. § 3292(a)(1) (2007) ............................................................................ 1, 5

## OTHER AUTHORITIES

Black's Law Dictionary at 1081 (6th ed. 1990) ..................................................... 6

McDermott Will & Emery LLP
Attorneys At Law
Washington

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS INVALIDATING SECTION 3292 APPLICATIONS

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In its Opposition, because it knows that it could not do so, the government does not argue that it could use 18 U.S.C. § 3292 to continue to investigate the material support charges it brought in the Original Indictment or to bring additional material support charges against these defendants. The government simply ignores the statutory requirement that the Section 3292 application must be "filed before return of an indictment" and instead tries argue that the material support charges are "distinct" from the financial fraud charges because the statutes have different elements. (Gov't Opp. at 121.) The government has not identified any case law to support its bizarre construction of the statute or identified even a single case where the government has sought to manipulate Section 3292 as it has here. As a legal matter, the government's argument depends upon reading the phrase "filed before return of an indictment" out of the statute and imposing an unnatural meaning on the statutory word "offense." And as a factual matter, even under its misguided construction of the statute, the government's argument would still fail because the difference in charges do not concern a "distinct" offense at all.

## ARGUMENT

I. **SECTION 3292 ONLY PERMITS TOLLING OF THE STATUTE OF LIMITATIONS FOR AN OFFENSE PRE-INDICTMENT**

A. **Section 3292 Requires The Tolling Application Be Filed "Before Return Of An Indictment"**

While Section 3292 may not be the most eloquently written section of the United States Code, its meaning as to the time in which it can be invoked is clear. The statute states that tolling is accomplished by the government filing an application for tolling with a court and – most importantly – that application must be "filed before return of an indictment." 18 U.S.C. § 3292(a)(1) (2007). Every court to have addressed the timing requirements of Section 3292 has reached the

- 1 -

McDermott Will & Emery LLP
Attorneys At Law
Washington

conclusion that the Section 3292 application must be filed before the return of an indictment – precisely as the statute directs. *See United States v. Miller*, 830 F.2d 1073, 1076 (9th Cir. 1987) ("The statute itself specifies the only relevant time the application must be made: 'before return of an indictment.'"); *United States v. Trainor*, 376 F.3d 1325, 1335 n.7 (11th Cir. 2004) ("We agree with the district court that § 3292 requires the tolling application, including the evidence considered, be submitted prior to the return of an indictment."); *United States v. Titterington*, 354 F. Supp. 2d 778, 785 (W.D. Tenn. 2005) ("An application to toll the statute of limitations under § 3292 is a preindictment proceeding."). Indeed, despite its protestation here, in other cases even the government appears to have agreed with this plain reading. *See United States v. Kozeny*, 2008 U.S. App. Lexis 18534, at *16 (2d Cir. Aug. 29, 2008) ("The government urges upon us . . . that the only time limit explicitly set by the statute is the requirement that the application be 'filed before return of an indictment.'"). The defendants are not aware of any case – and the government has cited none – where courts had to parse and distinguish the "offense" in the indictment from the "offense" being investigated in the Section 3292 application. The filing of "an indictment" – whatever the nature of the "offense" indicted or being investigated – always has terminated the availability of Section 3292 tolling.

There are many good reasons why Congress would have intended for tolling under Section 3292 to be available only pre-indictment, and the government has ignored all of them. The filing of an indictment is a serious public accusation that has immediate and dire consequences for a person who is charged. While the government can take its time in investigating and making a charging decision, subject only to the statute of limitations, the Constitution and Speedy Trial Act require a speedy trial once the decision to indict is made. (Mot at. 6-7.)

Recently, the Second Circuit addressed the significance of the "before the return of an indictment" language in the context of the Comprehensive Crime

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS INVALIDATING SECTION 3292 APPLICATIONS

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

Control Act of 1984 ("CCCA"), which created both Section 3292 and a complementary provision of the Speedy Trial Act, Section 3161(h)(9). *Kozeny*, 2008 U.S. App. Lexis 18534, at *23. The Speedy Trial Act requires a defendant be brought to trial within 70 days after an indictment is filed, but Section 3161(h)(9) allows the government to exclude up to one year from the Act's speedy trial clock when an application for foreign evidence defined in Section 3292 remains outstanding. 18 U.S.C. § 3161(h)(9). As the Second Circuit explained:

> Thus, when section 3292 is read alongside the CCCA's complementary amendment to the Speedy Trial Act, the significance of section 3292's phrase "before return of an indictment" is clear. If the government anticipates a delay on account of a request for foreign evidence *before* indictment, it can seek to suspend the statute of limitations pursuant to section 3292. If it anticipates such a delay *after* the indictment is returned, but before trial, it can separately apply for relief under section 3161(h)(9) of the Speedy Trial Act. In other words, indictment serves as the dividing line between when the government can turn to section 3292 and when, instead, it must turn to section 3161(h)(9).

*Id.* at *24-25. Plainly, it is the significance of the filing of "an indictment" which is important to the statutory scheme, and Congress did not intend to complicate the simplicity of that scheme by requiring courts to engage in a nuanced analysis of the nature of the offense addressed in an indictment and in a foreign evidence request.

Ignoring the "filed before return of an indictment" language, and allowing post-indictment Section 3292 tolling, is inconsistent with this constitutional and statutory scheme. The unreasonable delay of a trial – exactly what has happened in the case at bar – is inherent in the government's act of post-indictment using Section 3292 to add charges that would otherwise be time-barred to this case through superseding indictments. This allows the government to subject a person to the dire consequences of indictment, and then keep those charges hanging over that person as it continues to add additional charges on a rolling basis long after the time for bringing them would have expired under the applicable statute of

- 3 -

McDermott Will & Emery LLP
ATTORNEYS AT LAW
WASHINGTON

limitations. The government offers no rationale for why Congress would have sought to permit this to occur.[2]

### B.   The Statutory Term "Offense" Addresses the Nature Of The Section 3292 Application, Not The Timing Of The Indictment

Instead of addressing the "filed before return of an indictment" language, the government focuses on a single word in different clauses of the paragraph which does not address the timing by which a Section 3292 application must be filed. Although the statute does not create distinctions among the types of indictments that terminate the government's ability to seek Section 3292 tolling (and more simply brings that time-frame to a close with the "return of *an* indictment" (emphasis added)), the government argues that it can bring as many superseding indictments as it wants after the expiration of the statute of limitations. According to the government, the only limitation upon its ability to use Section 3292 in this manner is a requirement that none of the superseding indictments charge the exact same statutory "offense" as a prior indictment. Even if the Section 3292 requests call for evidence concerning the exact statutory "offense" as a prior indictment, the government tells us that does not matter. So long as any new charge is thrown into the mix, the government claims, Section 3292 can be used to support the tolling of statutes of limitations and addition of charges on a rolling basis through superseding indictments.[3] But if that is what Congress meant to say in Section

---

[2]   The government also makes a passing reference to there not being an indictment in effect at the time many of the foreign evidence requests were made because it had been dismissed by this Court. (Gov't Opp. at 119.) That is not accurate. The final judicial determination as to whether the indictment would be dismissed was still on appeal and, ultimately, the Ninth Circuit ruled that it should not be dismissed. While this Court's dismissal of the indictment was on appeal, the defendants continued to be prejudiced by being the subjects of an outstanding indictment. It was not as though the defendants had been cleared; they remained under stringent conditions of release and large bonds continued to be posted.

[3]   To describe it generically, the government can indict someone for violating "Statute A" and for years to come make foreign evidence requests listing "Statute A" as one of the reasons for the requests, obtain evidence bolstering allegations of a violation of "Statute A" and use that evidence before the grand jury and, eventually, petit jury to support charges under "Statute A," so long as a "Statue B" is listed in the foreign evidence requests and a superseding indictment includes a violation of "Statute B." For the case at bar, it must be added that "Statute A" and "Statute B" are barely distinguishable.

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS INVALIDATING SECTION 3292 APPLICATIONS

McDermott Will & Emery LLP
Attorneys At Law
Washington

3292, surely it would have said so. Instead, Congress made it very clear that the government's ability to seek tolling under Section 3292 comes to a close whenever "an indictment" is filed.

While the defendants profoundly disagree with the government as to what the word "offense" means in the statute, the meaning of that word has nothing to do with the timing in which a Section 3292 tolling application can be filed. The term "offense" is used to address what is required of the Section 3292 tolling application; it has no relevance to the indictment that is to be filed later at all. For the sake of clarity, the actual language of the statute is important:

> Upon *application* of the United States, *filed before return of an indictment*, indicating that evidence of an *offense* is in a foreign country, the district court before which a grand jury is impaneled to investigate the *offense* shall suspend the running of the statute of limitations for the *offense* if the court finds by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

18 U.S.C. § 3292(a)(1) (2007) (emphasis added).

Thus, under the plain language of the statute, it is the *application* that must indicate "evidence of an offense" is in a foreign country. The statutory term "offense" does not restrict the kind of *indictment* that will bring the availability of Section 3292 tolling to a halt in any way. That occurs whenever "an indictment" is filed. Indeed, even when the government legitimately obtains tolling, the government may choose to indict on different charges and not even indict on the charges for which it was seeking "evidence of an offense in a foreign country."

Given the plain meaning of the statutory terms and the clear policy Congress sought to achieve, it is not surprising that the government has been unable to locate any judicial authority to support its construction of the statute. Nor is it surprising that the government has been unable to identify any instance where the government

McDermott Will & Emery LLP
Attorneys At Law
Washington

- 5 -

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS INVALIDATING SECTION 3292 APPLICATIONS

has even sought to obtain Section 3292 tolling for the purposes of superseding an indictment that already had been filed.

### C. The Government Misconstrues The Term "Offense"

The government's attempt to distort Section 3292 is particularly alarming in a situation like this case. This is not a situation where the government has filed a distinct indictment in one jurisdiction, but has sought a Section 3292 tolling application on completely different charges in another jurisdiction (i.e., bank fraud in California and drug distribution in New York). The government has brought all of the charges in this same Court, in the very same case, against the same defendants and repeatedly has emphasized that the charges are all related as part of what it calls the same "conspiracy."

As defendants acknowledged in their Motion, the word "offense" is used "in various senses." Black's Law Dictionary 1081 (6th ed. 1990). (Mot. at 9 n.8.) Sometimes it may refer to a particular charge, as the government notes (Gov't Opp. at 117), and at other times – such as in the Double Jeopardy Clause context and under the Federal Rules of Criminal Procedure – the term may refer to a course of conduct (Mot. at 9-10 & n.8).

Even if the term "offense" could be construed to limit the type of indictment that brings the time for seeking Section 3292 tolling to a close, which would require us to suspend all we know about the rules of grammar, the broader definition of "offense" as referring to a course of conduct should be adopted. Every canon of construction from the rule of lenity to the canon that tolling provisions should be construed narrowly (the converse of statutes of limitations being construed broadly) supports that construction. *See, e.g., United States v. Marion*, 404 U.S. 307, 322 n.14 (1971) ("[C]riminal statutes of limitation are to be liberally interpreted in favor of repose."); *Toussie v. United States*, 397 U.S. 112, 115 (1970) (tolling provisions are narrowly construed). Moreover, such a construction makes the most sense in the context of the statute. When the government is merely gathering evidence of an

- 6 -

McDermott Will & Emery LLP
Attorneys At Law
Washington

offense it cannot know where the investigation will lead or which charges specifically will be justified. It investigates a course of questionable conduct and it should be the facts discovered upon the conclusion of that investigation that dictate the charges that are brought.

## II.    THE GOVERNMENT'S SECTION 3292 REQUESTS INVESTIGATED THE SAME OFFENSE THAT ALREADY HAD BEEN CHARGED

The government has pursued an "indict first, investigate later" approach to Section 3292 that is at odds with both the statute of limitations and Section 3292. There is no question that the most serious counts in this indictment concern terrorism, and it is plain from the Section 3292 tolling applications that the primary purpose for the foreign evidence requests was to gather the evidence that would buttress those counts that were already charged. Nor is there any doubt that the government believed the defendants were fraudulently soliciting money and then laundering that money to get it to the MEK at the very time it filed the "material support" charges. The government should not be allowed to continuously toll the statute of limitations so that it can continue its investigation of or obtain pre-trial discovery on charges already filed under the guise of needing to charge lesser offenses that are subsumed by the more serious crimes. That encourages the government to bring the sort of piecemeal indictments it has brought here, rather than ensure that it has all the evidence it needs before it brings an indictment and can provide a speedy trial immediately following the indictment.[4]

What the government fails to acknowledge but what is shown through the language of their search warrant affidavit, the foreign evidence requests, the Second Superseding Indictment and basic common sense is that the government could not prove its material support case if it could not show where the money went. The

___

[4] Even all these years after the Original Indictment was filed, the government's investigation has moved so slowly that it still is providing the defendants with discovery on a rolling basis, discovery which still is not complete.

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS INVALIDATING SECTION 3292 APPLICATIONS

McDermott Will & Emery LLP
Attorneys At Law
Washington

"material support" charges always have been about the money and the government needed to try to follow the money. And, it was not until the government investigated, under Section 3292 after the expiration of the statute of limitations, that it had the financial records it wanted to show where the money went.

Here, the government indicted the defendants on material support charges on March 13, 2001. Even giving the government the full five years from the end of the conspiracy alleged, the statute of limitations ran on all of the material support charges as of February 27, 2006.[5] To save it from this bar, the government asserts tolling of statutes of limitations resulting from its Section 3292 applications. To accomplish this contortion, the government commingled no fewer than ten foreign evidence requests supporting its material support charges with foreign evidence requests claiming that the investigation was into financial crimes in an attempt to get it as much as three additional years to develop evidence to support its material support charges. (*See* Mot. No. 7 at 13-15.) The government's requests to Belgium, France, Jordan, Germany, Norway, U.A.E., Luxembourg, the Netherlands, Sweden and Switzerland each contained language identifying the need for evidence to prove that the funds were used to support the MEK. (*Id.*) As late as October 2007, more that a year and a half after expiration of the material support statute of limitations (and 6 years after the original charges), the government was still making requests to bolster its material support case. (*Id.* at 15:3-16.)[6] The government filed its Second Superseding Indictment the next month on November 29, 2007.

The government falsely claims that the defendants "mischaracterized" the foreign evidence requests. (Gov't Opp. at 122.) The defendants simply quoted the

---

[5] The statute of limitations for many of the substantive charges ran well before this date.

[6] It must be noted that the defendants requested additional discovery of the back and forth between the prosecutors and the foreign governments and the government refused to provide this. This additional discovery would most likely provide additional evidence of the government commingling requests for evidence of material support with requests for evidence of financial fraud.

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS INVALIDATING SECTION 3292 APPLICATIONS

government's requests asking for evidence to support its material support charges. Similarly, the government comes up with numerous after-the-fact explanations for what the "thrust of the requests" were. (Gov't Opp. at 119-120.) But as with the statute itself, this Court should rely on the plain language of the government's requests and when the government said that it was looking for evidence to support a material support charge, the Court should take the government at its word.

### CONCLUSION

For the forgoing reasons, this Court should dismiss Counts 1-23 and 32-58 for improperly using Section 3292 to toll the statutes of limitation post-indictment.

Dated: October 7, 2008                               Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

_____/s/_____
Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI

**JAY L. LICHTMAN LAW OFFICES**

_____/s/_____
Jay L. Lichtman
Attorney for Defendant
HASSAN REZAIE

**MICHAEL S. MEZA LAW OFFICES**

_____/s/_____
Michael S. Meza
Attorney for Defendant
ALIREZA MOHAMMADMORADI

**SAINT MARTIN & FAN**

_____/s/_____
Amy Fan
Attorney for Defendant
NAVID TAJ

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

_____/s/_____
Richard M. Steingard
Attorney for Defendant
MUSTAFA AHMADY

**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

_____/s/_____
Ahilan T. Arulanantham

**THOMAS NISHI LAW OFFICES**

_____/s/_____
Thomas Nishi
Attorney for Defendant
HOSSEIN KALANI AFSHARI

**NASATIR HIRSCH PODBERESKY & GENEGO**

_____/s/_____
William J. Genego
Attorneys for Defendant
MOHAMMAD HOSSEIN OMIDVAR

- 9 -

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON