**McDERMOTT WILL & EMERY LLP**
Abbe David Lowell (Admitted *Pro Hac Vice*)
adlowell@mwe.com
Roy L. Austin, Jr. (State Bar No. 211491)
raustin@mwe.com
Hoyt Y. Sze (State Bar No. 180716)
hsze@mwe.com
Christopher D. Man
cman@mwe.com
600 Thirteenth Street, N.W.
Washington, DC 20005-3096
Telephone: 202.756.8000
Facsimile: 202.756.8087

Attorneys for Defendant
ROYA RAHMANI

**SAINT MARTIN & FAN**
Amy Fan (State Bar No. 156211)
amyfan@sbaglobal.net
6603 W. Century Boulevard
Suite 1107
Los Angeles, CA 90045
Telephone: 310.645.9383
Facsimile: 310.641.2501

Attorney for Defendant
NAVID TAJ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | CASE NO. CR-01-00209(A)-RMT |
|---|---|
| Plaintiff, | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS NEW COUNTS IN FIRST AND SECOND SUPERSEDING INDICTMENTS PURSUANT TO THE STATUTE OF LIMITATIONS (MOTION TO DISMISS NO. 8)** |
| v. | |
| ROYA RAHMANI, ALIREZA MOHAMMADMORADI, MOUSTAFA AHMADY, HOSSEIN KALANI AFSHARI, HASSAN REZAIE, NAVID TAJ, MOHAMMAD HOSSEIN OMIDVAR, et. al., | Hearing Date: None Scheduled Time: Dept.: Courtroom 22 |
| Defendants. | |

Defendants Roya Rahmani, Alireza Mohammadmoradi, Moustafa Ahmady, Hossein Kalani Afshari, Hassan Rezaie, Navid Taj and Mohammad Hossein Omidvar, ("the defendants"), through their counsel, hereby reply to Section IV.F of the Government's Omnibus Opposition to Defendants' Motion to Dismiss New Counts in First and Second Superseding Indictments Pursuant to the Statute of Limitations (Motion to Dismiss No. 8).

Dated: October 7, 2008

**McDERMOTT WILL & EMERY LLP**

_____/s/_____
Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI

**MICHAEL S. MEZA LAW OFFICES**

_____/s/_____
Michael S. Meza
Attorney for Defendant
ALIREZA MOHAMMADMORADI

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

_____/s/_____
Richard M. Steingard
Attorney for Defendant
MUSTAFA AHMADY

**THOMAS NISHI LAW OFFICES**

_____/s/_____
Thomas Nishi
Attorney for Defendant
HOSSEIN KALANI AFSHARI

Respectfully submitted,

**JAY L. LICHTMAN LAW OFFICES**

_____/s/_____
Jay L. Lichtman
Attorney for Defendant
HASSAN REZAIE

**SAINT MARTIN & FAN**

_____/s/_____
Amy Fan
Attorney for Defendant
NAVID TAJ

**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

_____/s/_____
Ahilan T. Arulanantham

**NASATIR HIRSCH PODBERESKY & GENEGO**

_____/s/_____
William J. Genego
Attorneys for Defendant
MOHAMMAD HOSSEIN OMIDVAR

DEFENDANTS' REPLY BRIEF RE MOTION
TO DISMISS EXPIRATION
OF THE STATUTE OF LIMITATIONS

# TABLE OF CONTENTS

McDermott Will & Emery LLP
Attorneys At Law
Chicago

**Page**

INTRODUCTION .................................................................................................................1

ARGUMENT .......................................................................................................................2

I.    THE IMMIGRATION COUNTS NEVER SHOULD HAVE BEEN SEALED ................................................................................................2

II.   EVEN IF ORIGINALLY SEALING THE INDICTMENT WAS PERMISSIBLE, KEEPING IT SEALED FOR TWENTY MONTHS WAS PRESUMPTIVELY UNREASONABLE ........................................................................................4

III.  THE GOVERNMENT STILL HAS NOT SHOWN THAT COUNT 28 IS NOT BARRED BY THE STATUTE OF LIMITATIONS ...................................................................................................5

CONCLUSION ....................................................................................................................6

# TABLE OF AUTHORITIES

**Page**

## CASES

*Toussie v. United States*, 397 U.S. 112 (1970) ..........................................................3

*United States v. Bracy*, 67 F.3d 1421 (9th Cir. 1995) ............................................2, 5

## STATUTES

18 U.S.C. § 3292 ..........................................................................................................1

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANTS' REPLY BRIEF RE MOTION
TO DISMISS EXPIRATION
OF THE STATUTE OF LIMITATIONS

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In its Opposition, the government agrees that if the Court rejects its 18 U.S.C. § 3292 applications, Counts 1-23 and 32-58 are time-barred. As shown in the Defendants' Motion to Invalidate the Government's 18 U.S.C. § 3292 Applications (Mot. No. 7), the government improperly used Section 3292 to further investigate the material support charges it had already indicted. Thus, the statute of limitations expired on Counts 1-23 and 32-58 and the Court should dismiss them.

The government's Opposition also fails to save immigration Counts 27-30. The government does not dispute that the defendants knew of the immigration investigation well before the First Superseding Indictment ("Indictment") was sealed. (Gov't Opp. at 108-109.) According to this case's timeline, the government claims that it needed at least three years worth of an investigation known by the defendants to add just five immigration counts[1] against two people who were already under court supervision in a 59-count material support of a foreign terrorist organization ("FTO") case. In its Opposition, the government now argues that was not enough time and it needed an additional, secret twenty months to add nothing to this Indictment. During this addition twenty months, while the government was supposedly investigating immigration charges, Roya Rahmani was rightfully preparing for a major material support trial and moving past any comparably minor immigration case because the statute of limitations had expired on the potential immigration charges. The government's defense of its decision to seal the Indictment is belied by its rationale for unsealing it twenty months later – in summary, it was a long time and we could continue our investigation anyway.

---

[1] Count 31 was the fifth immigration charge and it was charged against Navid Taj and it carries a 10 year statute of limitations.

McDermott Will & Emery LLP
ATTORNEYS AT LAW
WASHINGTON

- 1 -

DEFENDANTS' REPLY BRIEF RE MOTION
TO DISMISS EXPIRATION
OF THE STATUTE OF LIMITATIONS

Therefore, the Court should dismiss immigration counts 27-30 for being improperly sealed and for being unsealed well after the expiration of the statute of limitations.

## ARGUMENT

I.  ## THE IMMIGRATION COUNTS NEVER SHOULD HAVE BEEN SEALED

The government fails to give a legitimate reason for sealing the First Superseding Indictment.  The parties agree that the statute of limitations is not tolled if an indictment is improperly sealed.  (Gov't Opp. at 103 (an indictment may be sealed for "legitimate prosecutorial objectives." (*quoting United States v. Bracy*, 67 F.3d 1421, 1426 (9th Cir. 1995)).)  The five reasons the government provides for sealing the Indictment are illegitimate in light of the fact that the government already indicted the defendants and had them placed under court supervision for giving material support to an FTO.  According to the government, it sealed the Indictment because of:  1) "an ongoing grand jury investigation into defendants' activities."; 2) foreign "investigations into the activities of individuals associated with the MEK."; 3) "one cooperating witness [who] was placed in the witness security program due to threats received after defendants were arrested and then released on bond."; 4) an unspecified threat to a family member of a government witness; and 5) "perceived" threats to other witness.  (Gov't Opp. at 104.)

These after-the-fact justifications cannot show how these five excuses supported sealing the five immigration charges.  First, in August 2002, almost three years before the government decided to seal the Indictment, the government told the defendants in court that it was investigating immigration charges.  (Mot. No. 8 11-12.)  So the defendants had three years during which they could have interfered with the government's immigration investigation and there is no evidence that any defendant, or anyone else, did so.  Second, ambiguous unspecified or "perceived" threats where there is no evidence of a connection to the defendants, or even this case, cannot support sealing, particularly when the most serious charges already had

- 2 -

McDermott Will & Emery LLP
Attorneys At Law
Washington

been made public.  Third, the government already had placed one of its witnesses in witness security, so sealing immigration charges unrelated to him was not going to make him any safer.  Fourth, foreign investigations into the MEK had no bearing on these immigration charges.  And fifth, the on-going investigation was concentrated on showing where the money raised by the defendants went.  To the extent this on-going investigation had anything to do with these five immigration charges, the government admits that unsealing the Indictment did not change anything – "and even after it was unsealed, the investigation into immigration fraud by defendants and others continued." (Gov't Opp. at 108.)

The question that the government has not answered is what would have changed with respect to its investigation or its case had it unsealed the immigration counts against Ms. Rahmani in a timely fashion – prior to the expiration of the statute of limitations.  Based on the arguments made in the government's Opposition and the results of the purported immigration investigation, the answer is nothing.

> A statute of limitations is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity.

*Toussie v. United States*, 397 U.S. 112, 114-115 (1970).  There can be no dispute that had the government notified Ms. Rahmani of the immigration charges within the five year statute of limitations, the "basic facts" surrounding those charges would have been less obscured by the passage of an additional twenty months.[2] Giving a person a false sense of security for twenty months that she has no immigration issues to deal with is clear prejudice and should cause this Court to dismiss Counts 27-30.

_____

[2] The government brought the sealed immigration charges on June 15, 2005, the day the five-year statute of limitations on Count 27 would have expired.

DEFENDANTS' REPLY BRIEF RE MOTION
TO DISMISS EXPIRATION
OF THE STATUTE OF LIMITATIONS

McDermott Will & Emery LLP
Attorneys At Law
Washington

## II. EVEN IF ORIGINALLY SEALING THE INDICTMENT WAS PERMISSIBLE, KEEPING IT SEALED FOR TWENTY MONTHS WAS PRESUMPTIVELY UNREASONABLE

The government cannot show why it needed to keep the First Superseding Indictment sealed for twenty months. The government's explanation for when it unsealed the Indictment contradicts it reasons for sealing it in the first place. According to the government, "[w]hen the case was remanded to the district court, and when defendants returned to court for their appearances on the re-instated indictment, the government believed it could no longer keep the superseding indictment under seal – despite the fact that the investigation . . . was not yet complete." (Gov't Opp. at 104.) If the government was so concerned about its on-going investigation and witness security, why would it unseal the new Indictment before it was done with its investigation? Ms. Rahmani is unaware of any statute or case that makes the re-instatement of a prior indictment relevant to the timing for unsealing a subsequent indictment. All this does is emphasize that the government had no legitimate reason to seal the Indictment in the first place. The fact that even after almost thirty months (when the government filed the Second Superseding Indictment), the government brought no new immigration charges indicates that immigration charges were never a significant part of its on-going investigation.

The government provides no published opinions in which a court found keeping an indictment sealed for twenty months reasonable. All the government comes up with is that "the indictment was not sealed for markedly longer than the period in *Bracy*, which the Ninth Circuit found to be reasonable." (Gov't Opp. at 110.) The nineteen months in *Bracy* is not comparable to the twenty months here. In *Bracy*, the government waited to unseal its fourth superseding indictment until it had completed its entire investigation and brought witness intimidation, use of a firearm during a crime of violence, kidnapping and distribution of cocaine charges. Since none of the prior indictments were unsealed (*Id.* at 1424), there was no

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

evidence that the defendants already knew they were under investigation at the time of the unsealing.  Here, Ms. Rahmani and all of the other defendants knew they were under investigation because they had already been arrested and charged with the most serious charges.  Also in *Bracy*, one of the co-conspirators was charged with crimes he committed up to and including the month of the unsealing which makes it clear that there was an on-going investigation.  *Id.* at 1426.  The most recent of the five alleged immigration violations charged occurred in January 2001 (Count 31), almost *seven years* before the government unsealed the Indictment.

## III.    THE GOVERNMENT STILL HAS NOT SHOWN THAT COUNT 28[3] IS NOT BARRED BY THE STATUTE OF LIMITATIONS

Count 28 alleges that the offense transpired in June 2000 but fails to provide the exact date.  The grand jury did not vote on the Indictment until June 15, 2005. The government must more specifically allege the date that Count 28 took place to place it squarely before the statute of limitations expired or it should be dismissed.

---

[3] Ms. Rahmani mistakenly called this Count 27 in her original motion to dismiss.

McDermott Will & Emery LLP
Attorneys At Law
Washington

DEFENDANTS' REPLY BRIEF RE MOTION
TO DISMISS EXPIRATION
OF THE STATUTE OF LIMITATIONS

## <u>CONCLUSION</u>

Because the government misused Section 3292, Counts 1-23, 32-58 must be dismissed because they were brought after the expiration of the statute of limitations.  In addition, because the government improperly sealed Counts 27-30 for twenty months, the unsealing date becomes the operative date.  Because this operative date falls well after expiration of the statute of limitations, Counts 27-30 must be dismissed as well.

Dated: October 7, 2008                    Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

| | |
|---|---|
| /s/ | **JAY L. LICHTMAN LAW OFFICES** |
| Abbe David Lowell | |
| Roy L. Austin, Jr. | /s/ |
| Hoyt Sze | Jay L. Lichtman |
| Christopher D. Man | Attorney for Defendant |
| Attorneys for Defendant | HASSAN REZAIE |
| ROYA RAHMANI | |

**MICHAEL S. MEZA LAW OFFICES**            **SAINT MARTIN & FAN**

| | |
|---|---|
| /s/ | /s/ |
| Michael S. Meza | Amy Fan |
| Attorney for Defendant | Attorney for Defendant |
| ALIREZA MOHAMMADMORADI | NAVID TAJ |

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**            **ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

| | |
|---|---|
| /s/ | /s/ |
| Richard M. Steingard | Ahilan T. Arulanantham |
| Attorney for Defendant | |
| MUSTAFA AHMADY | |

**THOMAS NISHI LAW OFFICES**            **NASATIR HIRSCH PODBERESKY & GENEGO**

| | |
|---|---|
| /s/ | /s/ |
| Thomas Nishi | William J. Genego |
| Attorney for Defendant | Attorneys for Defendant |
| HOSSEIN KALANI AFSHARI | MOHAMMAD HOSSEIN OMIDVAR |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

- 6 -