**McDERMOTT WILL & EMERY LLP**
Abbe David Lowell (Admitted *Pro Hac Vice*)
adlowell@mwe.com
Roy L. Austin, Jr. (State Bar No. 211491)
raustin@mwe.com
Hoyt Y. Sze (State Bar No. 180716)
hsze@mwe.com
Christopher D. Man
cman@mwe.com
600 Thirteenth Street, N.W.
Washington, D.C. 20005-3096
Telephone: 202.756.8000
Facsimile: 202.756.8087

Attorneys for Defendant
ROYA RAHMANI

**SAINT MARTIN & FAN**
Amy Fan (State Bar No. 156211)
amyfan@sbaglobal.net
6603 W. Century Boulevard
Suite 1107
Los Angeles, CA 90045
Telephone: 310.645.9383
Facsimile: 310.641.2501

Attorney for Defendant
NAVID TAJ

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROYA RAHMANI, ALIREZA MOHAMMADMORADI, MOUSTAFA AHMADY, HOSSEIN KALANI AFSHARI, HASSAN REZAIE, NAVID TAJ, MOHAMMAD HOSSEIN OMIDVAR, et. al.,<br><br>Defendants. | CASE NO. CR-01-00209(A)-RMT<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS NEW COUNTS IN FIRST AND SECOND SUPERSEDING INDICTMENTS PURSUANT TO SIXTH AMENDMENT SPEEDY TRIAL REQUIREMENT AND RULE 48(B) (MOTION TO DISMISS NO. 9)**<br><br>Hearing Date: None Scheduled<br>Time:<br>Dept.: Courtroom 22 |

Defendants Roya Rahmani, Alireza Mohammadmoradi, Moustafa Ahmady, Hossein Kalani Afshari, Hassan Rezaie, Navid Taj and Mohammad Hossein Omidvar, ("the defendants"), through their counsel, hereby reply to Section IV.F.6 of the Government's Omnibus Opposition to Defendants' Motion to Dismiss New Counts in First and Second Superseding Indictments Pursuant to Sixth Amendment Speedy Trial Requirement and Rule 48(b) (Motion to Dismiss No. 9).

Dated: October 7, 2008                           Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

_____/s/_____                                **JAY L. LICHTMAN LAW OFFICES**
Abbe David Lowell
Roy L. Austin, Jr.                               _____/s/_____
Hoyt Sze                                         Jay L. Lichtman
Christopher D. Man                               Attorney for Defendant
Attorneys for Defendant                          HASSAN REZAIE
ROYA RAHMANI

**MICHAEL S. MEZA LAW OFFICES**               **SAINT MARTIN & FAN**

_____/s/_____                                _____/s/_____
Michael S. Meza                                  Amy Fan
Attorney for Defendant                           Attorney for Defendant
ALIREZA MOHAMMADMORADI                           NAVID TAJ

**SHEPPARD MULLIN RICHTER &**                 **ACLU FOUNDATION OF**
**HAMPTON LLP**                               **SOUTHERN CALIFORNIA**

_____/s/_____                                _____/s/_____
Richard M. Steingard                             Ahilan T. Arulanantham
Attorney for Defendant
MUSTAFA AHMADY

                                                 **NASATIR HIRSCH PODBERESKY &**
**THOMAS NISHI LAW OFFICES**                  **GENEGO**

_____/s/_____                                _____/s/_____
Thomas Nishi                                     William J. Genego
Attorney for Defendant                           Attorneys for Defendant
HOSSEIN KALANI AFSHARI                           MOHAMMAD HOSSEIN OMIDVAR

DEFENDANTS' REPLY BRIEF RE
MOTION TO DISMISS SPEEDY TRIAL

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................ 1

ARGUMENT .................................................................................................................. 1

I.    THE SPEEDY TRIAL CLAUSE IS MEASURE FROM THE DATE OF ARREST FOR ALL CHARGES IN THE SAME CASE ........................ 1

II.   THE DELAY WAS UNREASONABLE ....................................................... 3

III.  PREJUDICE SHOULD BE PRESUMED ..................................................... 5

IV.   DISMISSAL IS WARRANTED UNDER RULE 48(b) ............................... 7

CONCLUSION ............................................................................................................... 8

McDermott Will & Emery LLP
Attorneys At Law
Washington

DEFENDANTS' REPLY BRIEF RE
MOTION TO DISMISS SPEEDY TRIAL

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Barker v. Wingo*, 407 U.S. 514 (1972) ........................................................................1

*Doggett v. United States*, 505 U.S. 647 (1992) ..............................................................5

*United States v. Baker*, 10 F.3d 1374 (9th Cir. 1993) ....................................................3

*United States v. Beamon*, 992 F.2d 1009 (9th Cir. 1993)...............................................6

*United States v. Gregory*, 160 F. Supp. 2d 1166 (D. Haw. 2001)..................................3

*United States v. Gregory*, 322 F.3d 1157 (9th Cir. 2003) ..............................................3

*United States v. King*, 483 U.S. 969 (9th Cir. 2007) ......................................................3

*United States v. Loud Hawk*, 474 U.S. 302 (1986).........................................................2

*United States v. McClain*, 1999 U.S. App. LEXIS 2173
    (9th Cir. Feb. 11, 1999) ............................................................................................3

*United States v. Mendoza*, 530 F.3d 758 (9th Cir. 2008) ...............................................5

*United States v. Sharpe*, 995 F.2d 49 (5th Cir. 1992).....................................................6

*United States v. Shell*, 961 F.2d 138 (9th Cir.)..............................................................5

*United States v. Shell*, 974 F.2d 1035 (1992) ............................................................5, 6

*United States v. Simmons*, 536 F.2d 827 (9th Cir. 1976) ...............................................7

*United States v. Solomon*, 753 F.2d 1522 (9th Cir. 1985)..............................................3

## OTHER AUTHORITIES

Fed. R. App. P. 48(b).......................................................................................................2

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANTS' REPLY BRIEF RE
MOTION TO DISMISS SPEEDY TRIAL

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The government's opposition to the defendants' motion to dismiss the Indictment under the Speedy Trial Clause of the Sixth Amendment and Rule 48(b) can be easily addressed because the government mostly ignores these claims, choosing to respond instead to a claim under the Speedy Trial Act that defendants have not brought.  Indeed, the government fails to respond to the Rule 48(b) claims at all.  The government cannot set up a Speedy Trial Act claim as a straw-man, only to knock it down and pretend that knocks down the Sixth Amendment and Rule 48(b) claims as well.

It is true that the Speedy Trial Act and Speedy Trial Clause serve similar purposes and often overlap, but this certainly does not mean that the government cannot violate one even if it complies with the other.  As the government acknowledges, claims under those two provisions are analyzed much differently, under different tests.  The Speedy Trial Act is a complex statute, which requires a detailed analysis of its interlocking provisions, whereas the Speedy Trial Clause is analyzed under the balancing test described in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). (Gov't Opp. at 129.)  Plainly, if satisfaction of the Speedy Trial Act necessarily satisfied the Speedy Trial Clause, courts would have no need to address the two separately as they routinely do under the separately-applicable tests.  In this case, while the Speedy Trial Act requirements may well be satisfied, the Speedy Trial Clause and Rule 48(b) are not.

## ARGUMENT

I. **THE SPEEDY TRIAL CLAUSE IS MEASURE FROM THE DATE OF ARREST FOR ALL CHARGES IN THE SAME CASE**

The government does not offer a single case – *not one* – to support the proposition that, for Speedy Trial Clause purposes, there can be more than one

DEFENDANTS' REPLY BRIEF RE
MOTION TO DISMISS SPEEDY TRIAL

McDermott Will & Emery LLP
Attorneys At Law
Washington

speedy trial clock in a given case.  The government relies entirely upon a case under the Speedy Trial Act.  By contrast, defendants provided the Court with numerous cases where the Supreme Court and Ninth Circuit measure the relevant time for cases involving superseding indictments under a single clock.

The government has chosen to pick at the edges of those cases in an effort to distinguish them, but they cannot be distinguished on the only fact that matters – the Supreme Court and Ninth Circuit have held that when there is a superseding indictment there remains one Speedy Trial Clause clock that is measured from the accusation made with the earliest charges.  In *United States v. Loud Hawk*, 474 U.S. 302 (1986), the Court explained that an indictment was returned on November 25, 1975 and a superseding indictment returned on February 9, 1976.  *Id.* at 306.  The district court granted a critical suppression motion, which left the government unable to proceed to trial, so the district court dismissed the indictment under Rule 48(b) when, as the Supreme Court noted, "[s]ix months had passed since the *original* indictment."  *Id.* at 307 (emphasis added).  After a remand following lengthy appellate litigation, the district court again dismissed the indictment on Speedy Trial Clause grounds on May 20, 1983.  *Id.* at 310.  In looking at the first *Barker* factor – length of delay – the Court measured the delay from the speedy trial trigger of the initial indictment and concluded: "Here, a 90-month delay in the trial of these serious charges is presumptively prejudicial and serves to trigger application of *Barker*'s other factors."  *Id.* at 314.  (Note: November 25, 1975, the date of the first indictment, to May 20, 1983 is 90 months).  The defendants only cite *Loud Hawk* for the way this first *Barker* factor – determining the relevant length of delay – is calculated.

In its effort to distinguish *Loud Hawk*, the government does not focus on the fact that this single Speedy Trial Clause clock is used in calculating the length of delay – the first *Barker* factor – but instead wants to discuss how the Court balanced the delay in addressing the subsequent *Barker* factors.  The government is

DEFENDANTS' REPLY BRIEF RE
MOTION TO DISMISS SPEEDY TRIAL

McDermott Will & Emery LLP
Attorneys At Law
Washington

correct that *Loud Hawk* held that the lengthy appeal should not be weighed against the government in the balancing under those other factors, but that does not alter the fact that the entire period of delay was counted under the first *Barker* step using a single clock.  (Gov't Opp. at 131.)[1]  That is the only issue defendants rely upon *Loud Hawk* to prove.

While the government seeks to highlight other differences between this case and the others we have cited, none of those distinctions go to the fact that the Ninth Circuit calculated the relevant time period of delay as the Supreme Court did in *Loud Hawk* and as we urge this Court to do here.  *See United States v. King*, 483 F.3d 969, 977 (9th Cir. 2007); *United States v. Gregory*, 160 F. Supp. 2d 1166, 1173 (D. Haw. 2001), *rev'd on other grounds*, 322 F.3d 1157, 1162 (9th Cir. 2003) (assuming district court properly measured delay from initial indictment, but finding the 22-month delay in that case justified); *United States v. McClain*, 1999 U.S. App. LEXIS 2173, at *4 (9th Cir. Feb. 11, 1999); *United States v. Baker*, 10 F.3d 1374, 1400-01 (9th Cir. 1993); *United States v. Solomon*, 753 F.2d 1522, 1527 (9th Cir. 1985).  Whatever else those cases may say about some other issue is irrelevant to how the Ninth Circuit ruled on the one issue the defendants cite those cases for.

Had the government brought the new charges as a separate case, those charges would have had their own Speedy Trial Clause clock, but the government did not do that.  It brought those new charges in this case and are subject to the Speedy Trial Clause clock that began running when the arrest in this case occurred on the initial charges, as was the case in *Loud Hawk.*

## II.    THE DELAY WAS UNREASONABLE

The government alone decides when to bring charges.  Here, it waited *six years* after the Original Indictment was filed in March 2001 to unseal the First

---

[1]    Consistent with *Loud Hawk*, Defendants are not arguing that the time this case was on appeal should be weighed against the government under the subsequent *Barker* factors.

McDermott Will & Emery LLP
Attorneys At Law
Washington

- 3 -

DEFENDANTS' REPLY BRIEF RE
MOTION TO DISMISS SPEEDY TRIAL

McDermott Will & Emery LLP
Attorneys At Law
Washington

Superseding Indictment in February 2007 and waited *six-and-one-half years* to bring the Second Superseding Indictment in November 2007. The government correctly notes that, as a general matter, there is nothing that prevents the government from waiting for the appeal of one indictment to be decided and then supersede, rather than moving forward with a separate prosecution on the newer charges while the original indictment is appealed. (Gov't Opp. at 134.) But when the government delays in injecting new charges into an already pending case, it exposes those charges to the risk of being dismissed as a violation of the Sixth Amendment's right to a speedy trial.[2]

The government's claim that it was diligent in bringing the Second Superseding Indictment is belied by facts that are not in dispute. The government's Original Indictment and the Information it filed contend that defendants raised money at LAX on false pretenses, claiming the money was going to charity but allegedly sending that money to the MEK instead. The material support charges of the Original Indictment are premised on the same factual allegation that the money did not go where the defendants' claimed, but instead went to a designated FTO. If the government could prove that claim – and the Original Indictment is proof that the government thought it could – there is no reason why the government also could not have brought the fraud claims sooner. Likewise, the money laundering charges are premised upon the way the defendants allegedly delivered the money to the MEK – the delivery of which the government would have had to prove to support its material support charges.

The same is true of the immigration charges in the First Superseding Indictment. The government does not contest that it began investigating the

---

[2]     In addition to focusing upon the Speedy Trial Act, which was not raised by the defendants, the government also engages in a length discussion of the due process issues associated with pre-indictment delay. (Gov't Opp. at 140-41.) Defendants have not brought a due process challenge for pre-indictment delay. Defendants merely have noted that the amount of time the government had to investigate the new charges before they were brought is relevant to analyzing whether the amount of post-indictment delay is reasonable. Logically, the longer the government had to investigate a claim pre-indictment, the less justification there is for needing more time to investigate post-indictment. (Def. Mot. at 12.)

DEFENDANTS' REPLY BRIEF RE
MOTION TO DISMISS SPEEDY TRIAL

immigration charges in early to mid-2001 (Mot. at 11), but claims that it took Norway nearly a year to deliver the evidence it needed. (Gov't Opp. at 134.) Still, the government acknowledges that evidence was delivered by Norway on July 25, 2003. (First App. at 6 n.3; Second App. at 2, 9). But the government did not file the First Superseding Indictment until June 15, 2005 – nearly two years later – and, even then, that Indictment was not unsealed until February 2007 – more than three-and-a-half years after Norway turned over the evidence. If the government had all the evidence it needed in its possession long before the charges were ever filed, there is no justification for the government to have continued dragging its feet in prosecuting these charges, particularly after the sealed Indictment was filed.[3]

## III.   **PREJUDICE SHOULD BE PRESUMED**

The government relies upon overturned Ninth Circuit case law to contend: "The Ninth Circuit has refused to dismiss an indictment absent prejudice even where the length of the sealing period is unreasonable." (Gov't Opp. at 140.) The government cites *United States v. Shell*, 961 F.2d 138, 142 (9th Cir.), for that proposition, while claiming that opinion was "*withdrawn on rehearing on other grounds*, 974 F.2d 1035 (1992). (Gov't Opp. at 140.) But that opinion was not withdrawn on "other grounds" – the Ninth Circuit reexamined its opinion in light of the Supreme Court's decision in *Doggett v. United States*, 505 U.S. 647 (1992), and concluded that its prior opinion in *Shell* requiring a showing of prejudice was wrong. Instead, the Ninth Circuit affirmed the dismissal of the indictment on Speedy Trial Clause grounds because the length of delay attributable to the government created "a strong presumption of prejudice." *Id.* at 1036; *see United States v. Mendoza*, 530 F.3d 758, 764 (9th Cir. 2008) (finding Speedy Trial Clause violation because "no showing of prejudice is required when the delay is great and

---

[3]   The government's concession that "the government did not have sufficient evidence to prove the additional charges beyond a reasonable doubt" until it received the foreign evidence it requested (Gov't Opp. at 137) strongly undermines its claim to have had sufficient evidence to prove the charges in the Original Indictment as well.

DEFENDANTS' REPLY BRIEF RE
MOTION TO DISMISS SPEEDY TRIAL

McDermott Will & Emery LLP
Attorneys At Law
Washington

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

attributable to the government.") (quoting *Shell*, 974 F.2d at 1036); *United States v. Beamon*, 992 F.2d 1009, 1013-14 (9th Cir. 1993) ("In *Shell*, a five year delay caused by government negligence created a 'strong presumption' of prejudice which we held the government did not persuasively rebut by simply suggesting that most of the essential witnesses and documentary evidence is still available.").[4]

The government maintains that Ms. Rahmani has failed to offer any evidence establishing that she has suffered prejudice, but in doing so it fails to appreciate that the government carries this burden because prejudice is presumed. The fact is that relevant witnesses in this case have died during the government's delay, including persons who went with her to the Swiss consulate, the basis for Counts 28-30, and to open the bank account that is the subject of Counts 25 and 27. Likewise, many of the witnesses who could attest to the fact that Ms. Rahmani was tortured and her family members were killed by the Iranian regime have died themselves, many at the hands of the Iranian regime. The same is true of witnesses who could attest to Ms. Rahmani's duress and the legitimacy of her asylum application. Even if some such witnesses are still alive, many have become impossible to locate as they have likely gone into hiding or are now inaccessible within the closed society of Iran. While the government maintains that such evidence is not relevant to the charges – a proposition with which defendants profoundly disagree – not even the government claims that this evidence would be irrelevant to sentencing. Thus, it is clear that some actual prejudice has occurred.

---

[4]     The government's misrepresentation of the actual holding of *Shell* to this Court is at best curious, because it located and cited to the Ninth Circuit opinion that rejects the very proposition it cites the prior opinion in *Shell* for. (Gov't Opp. at 140.) Indeed, the government's brief later acknowledges that *Shell* involved the dismissal of an indictment precisely because prejudice was presumed. (Gov't Opp. at 143.) This misrepresentation is all the more difficult to understand as defendants explained the procedural history in *Shell* to highlight how *Doggett* had modified the Ninth Circuit's case law in their opening brief. (Mot. at 23.) The government also strangely cites a summary of the prior opinion in *Shell* from *United States v. Sharpe*, 995 F.2d 49, 51 n.5 (5th Cir. 1992) – which accurately summarized that opinion but failed to note the opinion had been withdrawn – and yet the government failed to address any of the extensive case law in the Ninth Circuit, such as *Mendoza* and *Beamon*, where the ultimate holding in *Shell* is accurately described.

DEFENDANTS' REPLY BRIEF RE
MOTION TO DISMISS SPEEDY TRIAL

## IV.  DISMISSAL IS WARRANTED UNDER RULE 48(b)

The government does not even bother to argue that dismissal should not be made under Rule 48(b), which "grants the trial court inherent power, derived from common law, to dismiss a case for want of prosecution, whether or not there has been a Sixth Amendment violation." *United States v. Simmons*, 536 F.2d 827, 832 (9th Cir. 1976).  Whether or not the Court agrees that the Speedy Trial Clause necessitates dismissal of the charges added by the superseding Indictments, the Court should agree that the government's dilatory conduct warrants the dismissal of those charges under Rule 48(b).

DEFENDANTS' REPLY BRIEF RE
MOTION TO DISMISS SPEEDY TRIAL

McDermott Will & Emery LLP
Attorneys At Law
Washington

## CONCLUSION

Based on the government's delay in prosecuting the new charges added by the First and Second Superseding Indictment (Counts 1-30 and 32-58), the charges added by those indictments should be dismissed.

Dated:  October 7, 2008                              Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

_____/s/_____
Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI

**JAY L. LICHTMAN LAW OFFICES**

_____/s/_____
Jay L. Lichtman
Attorney for Defendant
HASSAN REZAIE

**MICHAEL S. MEZA LAW OFFICES**

_____/s/_____
Michael S. Meza
Attorney for Defendant
ALIREZA MOHAMMADMORADI

**SAINT MARTIN & FAN**

_____/s/_____
Amy Fan
Attorney for Defendant
NAVID TAJ

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

_____/s/_____
Richard M. Steingard
Attorney for Defendant
MUSTAFA AHMADY

**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

_____/s/_____
Ahilan T. Arulanantham

**THOMAS NISHI LAW OFFICES**

_____/s/_____
Thomas Nishi
Attorney for Defendant
HOSSEIN KALANI AFSHARI

**NASATIR HIRSCH PODBERESKY & GENEGO**

_____/s/_____
William J. Genego
Attorneys for Defendant
MOHAMMAD HOSSEIN OMIDVAR

McDermott Will & Emery LLP
Attorneys At Law
Washington

- 8 -

DEFENDANTS' REPLY BRIEF RE
MOTION TO DISMISS SPEEDY TRIAL