**McDERMOTT WILL & EMERY LLP**
Abbe David Lowell (Admitted *Pro Hac Vice*)
adlowell@mwe.com
Roy L. Austin, Jr. (State Bar No. 211491)
raustin@mwe.com
Hoyt Y. Sze (State Bar No. 180716)
hsze@mwe.com
Christopher D. Man
cman@mwe.com
600 Thirteenth Street, N.W.
Washington, D.C.  20005-3096
Telephone:  202.756.8000
Facsimile:  202.756.8087

Attorneys for Defendant
ROYA RAHMANI

**SAINT MARTIN & FAN**
Amy Fan (State Bar No. 156211)
amyfan@sbaglobal.net
6603 W. Century Boulevard
Suite 1107
Los Angeles, CA 90045
Telephone:  310.645.9383
Facsimile:  310.641.2501

Attorney for Defendant
NAVID TAJ

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ROYA RAHMANI, ALIREZA MOHAMMADMORADI, MOUSTAFA AHMADY, HOSSEIN KALANI AFSHARI, HASSAN REZAIE, NAVID TAJ, MOHAMMAD HOSSEIN OMIDVAR, et. al., Defendants. | CASE NO.  CR-01-00209(A)-RMT **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS MONEY LAUNDERING COUNTS 32-58 FOR FAILURE TO STATE AN OFFENSE (MOTION TO DISMISS NO. 10)** Hearing Date:   None Scheduled Time: Dept.:   Courtroom 22 |

Defendants Roya Rahmani, Alireza Mohammadmoradi, Moustafa Ahmady, Hossein Kalani Afshari, Hassan Rezaie, Navid Taj and Mohammad Hossein Omidvar, ("the defendants"), through their counsel, hereby reply to Section IV.G.2 of the Government's Omnibus Opposition to Defendants' Motion to Dismiss Money Laundering Counts 32-58 for Failure to State an Offense (Motion to Dismiss No. 10).

Dated: October 7, 2008                    Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

_____/s/_____
Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI

**JAY L. LICHTMAN LAW OFFICES**

_____/s/_____
Jay L. Lichtman
Attorney for Defendant
HASSAN REZAIE

**MICHAEL S. MEZA LAW OFFICES**

_____/s/_____
Michael S. Meza
Attorney for Defendant
ALIREZA MOHAMMADMORADI

**SAINT MARTIN & FAN**

_____/s/_____
Amy Fan
Attorney for Defendant
NAVID TAJ

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

_____/s/_____
Richard M. Steingard
Attorney for Defendant
MUSTAFA AHMADY

**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

_____/s/_____
Ahilan T. Arulanantham

**THOMAS NISHI LAW OFFICES**

_____/s/_____
Thomas Nishi
Attorney for Defendant
HOSSEIN KALANI AFSHARI

**NASATIR HIRSCH PODBERESKY & GENEGO**

_____/s/_____
William J. Genego
Attorneys for Defendant
MOHAMMAD HOSSEIN OMIDVAR

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................................1

ARGUMENT..................................................................................................................1

I.       SANTOS COMPELS DISMISSAL OF COUNTS 32-58 ..........................1

II.      CUELLAR COMPELS DISMISSAL OF COUNTS 53-58 ......................4

CONCLUSION...............................................................................................................7

McDermott Will & Emery LLP
Attorneys At Law
Chicago

DEFENDANTS' REPLY BRIEF RE MOTION TO
DISMISS MONEY LAUNDERING COUNTS 32-58

# TABLE OF AUTHORITIES

**Page**

## CASES

*Marks v. United States*, 430 U.S. 188 (1977) ................................................................. 3

*Morales v. Jett*, 2008 U.S. Dist. LEXIS 46529 (S.D. Ind. June 16, 2008) ................................................................. 1

*United States v. Baker*, 2008 U.S. Dist. LEXIS 65635 (E.D. Mich. Aug. 27, 2008) ................................................................. 4

*United States v. Caprotta*, 2008 U.S. Dist. LEXIS 58243 (D. Me. July 30, 2008) ................................................................. 4

*United States v. Cuellar*, 128 S. Ct. 1994 (2008) ................................................. 1, 5, 6

*United States v. Hedlund*, 2008 WL 418958 (N.D. Cal. Sept. 9, 2008) .................... 4

*United States v. Malone*, 484 F.3d 916 (7th Cir. 2007) ....................................... 2

*United States v. Santos*, 128 S. Ct. 2020 (2008) ........................................ 1, 2, 3, 4

*United States v. Spencer*, 2008 U.S. Dist. LEXIS 67264 (D. Minn. Aug 29, 2008) ................................................................. 5

## STATUTES

18 U.S.C. § 1956(a)(1)(A)(i) ................................................................. 2

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS MONEY LAUNDERING COUNTS 32-58

McDermott Will & Emery LLP
Attorneys At Law
Washington

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Post-Indictment, the Supreme Court issued two decisions that significantly restrain the reach of the federal money laundering statutes and that compel the dismissal of the money laundering charges in this Indictment. *See United States v. Santos*, 128 S. Ct. 2020 (2008); *United States v. Cuellar*, 128 S. Ct. 1994 (2008). With so many issues to be addressed in this case, it is disappointing that the government steadfastly presses forward with these now-patently invalid charges, rather than concede the issue as the government has done in other cases. *See Morales v. Jett*, 2008 U.S. Dist. LEXIS 46529, at *1 (S.D. Ind. June 16, 2008) (granting writ of habeas corpus based upon government's confession of error under *Santos*). A knee-jerk reaction and stubborn reluctance to admit that the law has now been interpreted to prevent these charges do not make the charges valid.

## ARGUMENT

### I.    *SANTOS* COMPELS DISMISSAL OF COUNTS 32-58

The government resistance to the obvious import of *Santos* is perplexing. Although the government concedes *Santos* "defines a term used in the money laundering statute" itself (Gov't Opp. at 152), the government nevertheless treats *Santos* as a case about evidentiary burdens rather than statutory construction. The government claims *Santos* "focuses on the proof at trial necessary to prove the money laundering charges," (Gov't Opp. at 149) rather than the elements of the offense that is charged. But the elements of the offense the government must both charge and prove are based upon the properly-defined words of the statute – the very sort of words the government acknowledges *Santos* defined.

*Santos* held that the statutory requirement that "proceeds" be laundered means "profits" and not gross receipts. *Santos*, 128 S. Ct. at 2031. Restricting "proceeds" to "profits" changes the elements of the offense that the government

must both charge and prove; it does not alter the government's evidentiary burden. Even if the government could prove with absolute certainty that "gross receipts" were laundered, that would not warrant a conviction under the money laundering statute because a critical element of the statute – that it be "proceeds" and not "gross receipts" that are laundered – would not be proven.

Moreover, as *Santos'* construction of the term "proceeds" was not in effect at the time the grand jury returned the Indictment, it is not at all clear that the grand jury based its decision to indict on the view that there was probable cause to believe the defendants laundered profits or merely gross receipts. Because the grand jury was not properly charged with the meaning of the term "proceeds" – which the Supreme Court acknowledges is ambiguous, *Santos*, 128 S. Ct. at 2028, and thus a possible source of confusion for the jury – these charges are defective under the Grand Jury Clause of the Fifth Amendment. Moreover, there is nothing in the Indictment itself that suggests that grand jury believed profits, rather than gross receipts are at issue.

In addition – as a matter of law – *Santos* holds that the very type of payments charged in the Indictment, the payment of operational expenses, cannot constitute money laundering. Each of the substantive counts of promotional money laundering, Counts 33-52, allege payments of operational expenses associated with the alleged conspiracy, including payment of rent, utilities, insurance premiums and the costs of registering as a charity. (Indict. Counts 33-52.) As interpreted by *Santos*, these *expenses* are not *profits* and, thus are not "proceeds" for purposes of the money laundering statute. *See Santos*, 128 S. Ct. at 2028; *see United States v. Malone*, 484 F.3d 916, 921 (7th Cir. 2007) ("the act of paying a criminal operation's expenses out of gross income is not punishable as a transaction in proceeds under Section 1956(a)(1)(A)(i)").

The government also resists *Santos'* holding that "proceeds" means "profits" based upon the fact that *Santos* was a plurality opinion and Justice Stevens'

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS MONEY LAUNDERING COUNTS 32-58

concurring opinion was needed to create a majority. (Gov't Opp. at 153.) The government acknowledges the general rule in such circumstances: "Where there is no majority opinion, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgment[] on the narrowest grounds.'" *Id.* (quoting *Marks v. United States*, 430 U.S. 188, 193 (1977). Nevertheless, the government claims that *Marks* is not controlling with respect to *Santos*, asserting that Justice Stevens' concurrence was not narrower but was "inconsistent" with the plurality, and that the case must be limited to merely "gambling cases." *Id.*

The government's efforts to show that *Marks* is not applicable to *Santos* is inexplicable given that four members of the Supreme Court – and the only four members of the Court to address *Marks* – concluded that *Marks* was controlling. As the plurality explained in specifically invoking *Marks*: "Since [Justice Stevens'] vote is necessary to our judgment, and since his opinion rests upon a narrower ground, the Court's holding is limited accordingly. *See Marks v. United States*, 430 U.S. 188, 193 (1977)." *Santos*, 128 S. Ct. at 2031. Moreover, the plurality tells us explicitly what that narrower holding is: "the narrowness of [Justice Stevens'] ground consists of finding that 'proceeds' means 'profits' when there is no legislative history to the contrary. *That is all that our judgment holds.*" (emphasis in original) *Id.* Indeed, Justice Stevens agrees with the application of the rule of lenity to construe "proceeds" as "profits" except where he feels the legislative history makes it clear that Congress interpreted "proceeds" more broadly, and the only example he cites where that occurred is with "the sale of contraband and the operation of organized crime syndicates involving such sales." *Id.* at 2032 (Stevens, J., concurring).[1] The four dissenting justices agree that Justice Stevens'

---

[1] Justice Stevens characterized his holding somewhat differently. He emphasized that his principal concern is with the so-called "merger problem" and his conclusion is that Congress would not have intended the "perverse result" it causes by intending the broader definition of "proceeds" urged by the government. Nevertheless, Justice Stevens believes the legislative history supports the government's construction of "proceeds" in contraband (drug) cases and will give effect to Congress' intention to do so when he feels that is manifested in the legislative history. *Santos*, 128 S. Ct. at 2034 n.7 (Stevens, J., concurring).

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS MONEY LAUNDERING COUNTS 32-58

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

opinion creates a holding that merely carves out the sale of contraband from the plurality's definition of "proceeds." *Id.* at 2036 & n.1 (Alito, J., dissenting). Given that the Supreme Court itself made clear both that *Marks* is controlling and clarified its holding in light of Justice Stevens' opinion, the government's efforts to distinguish *Marks* have been rejected. *See United States v. Hedlund*, 2008 WL 418958, at *6 (N.D. Cal. Sept. 9, 2008) (Jensen, J.) (vacating a guilty plea under *Santos* and concluding "[t]his Court cannot accept the government's argument" regarding *Marks* because the "specific result of *Santos* is that five Justices voted that 'proceeds' means 'profits'" and "the Supreme Court did *not* hold that their decision applied 'only' to gambling cases"); *United States v. Baker*, 2008 U.S. Dist. LEXIS 65635, at *8 (E.D. Mich. Aug. 27, 2008) (explaining the government's arguments regarding *Marks* are "misplaced"); *United States v. Caprotta*, 2008 U.S. Dist. LEXIS 58243, at *6 (D. Me. July 30, 2008) (explaining Justice Stevens' "reasoning was narrower" and his opinion "creates the holding"). Indeed, it should not be hard to envision a diagram showing that Justice Stevens' opinion is merely narrower than the plurality. The plurality would hold that "proceeds" always means "profits" and Justice Stevens would merely hold that while the plurality's rule generally is true, in a narrow subset of cases, "proceeds" could be construed more broadly.

Significantly, the government does not suggest that Justice Stevens' caveat to the plurality's rule is controlling. Indeed, it cannot be, as this case quite clearly does not involve contraband. Nor does the government cite to anything in the legislative history or even obliquely suggest that the legislative history would require a different result here. The government does not even contest that this case poses the very same merger problem that troubled both the plurality and Justice Stevens. (*See* Mot. at 4.) As such, there is nothing in the plurality opinion or Justice Stevens' opinion that should give the government any comfort.

McDermott Will & Emery LLP
Attorneys At Law
Washington

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS MONEY LAUNDERING COUNTS 32-58

## II.    *CUELLAR* COMPELS DISMISSAL OF COUNTS 53-58

The government makes little effort to save its concealment money laundering charges of Counts 53-58.  The government concedes that *Cuellar* narrowed the scope of the offense because it "clarified what concealment means under the money laundering statute," but again maintains that clarification of the elements of the offense merely goes to the government's burden of proof.  (Gov't Opp. at 155.)  To the contrary, *Cuellar*'s clarification of the statutory language demonstrates that these charges must be dismissed as a matter of law.

In *Cuellar*, the Supreme Court overturned convictions for concealment money laundering because the defendant's *purpose* in driving across the border to Mexico in a car with money "bundled in plastic bags and hidden in a secret compartment," *Cuellar*, 128 S. Ct. at 2004, was to compensate drug lords who had invested in the illegal activity, rather than merely to hide the money abroad. *Id.* at 2004-05; *United States v. Spencer*, 2008 U.S. Dist. LEXIS 67264, at *17 (D. Minn. Aug 29, 2008) ("Because the purpose of the defendant's transportation in *Cuellar* was to take money to Mexico to compensate the leaders of a drug operation – and hiding the $81,000 was simply incidental to the transportation itself – the Court reversed the defendant's conviction.").  Whatever concealment the government imagines occurred here was far less extreme than the smuggling through secret compartments in *Cuellar*, and was far more incidental to its purpose of getting money to Iranian refugees, as the defendants' claim, or aiding the MEK, as the government claims.

Even if the facts alleged in the Indictment are accepted as true (and the defendants fully intend to contest funding the MEK), as a matter of law the defendants did not commit concealment money laundering as *Cuellar* makes clear. Counts 53-58 specifically allege that the MEK was the driving force behind the defendants' fundraising efforts in the United States and that the wire transfers went

DEFENDANTS' REPLY BRIEF RE MOTION TO
DISMISS MONEY LAUNDERING COUNTS 32-58

McDermott Will & Emery LLP
Attorneys at Law
Washington

to an account in Turkey that was "controlled and used by the MEK." (Indict. Count 32.) Thus, just as in *Cuellar*, here, according to the government, "the purpose of the transportation was to compensate the leaders of the operation." *Cuellar*, 128 S. Ct. 1994, at 2005. Throwing up a phrase that these Supreme Court cases only affect some general burden of proof rather than admit that they make the charges invalid does not do the government any good.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

-6-

DEFENDANTS' REPLY BRIEF RE MOTION TO
DISMISS MONEY LAUNDERING COUNTS 32-58

## CONCLUSION

Counts 32-58 of the Second Superseding Indictment fail to state an offense under Section 1956, as recently explained by the Supreme Court, and they should be dismissed.

Dated:  October 7, 2008

Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

_____/s/_____
Abbe David Lowell
Roy L. Austin, Jr.
Hoyt Sze
Christopher D. Man
Attorneys for Defendant
ROYA RAHMANI

**JAY L. LICHTMAN LAW OFFICES**

_____/s/_____
Jay L. Lichtman
Attorney for Defendant
HASSAN REZAIE

**MICHAEL S. MEZA LAW OFFICES**

_____/s/_____
Michael S. Meza
Attorney for Defendant
ALIREZA MOHAMMADMORADI

**SAINT MARTIN & FAN**

_____/s/_____
Amy Fan
Attorney for Defendant
NAVID TAJ

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

_____/s/_____
Richard M. Steingard
Attorney for Defendant
MUSTAFA AHMADY

**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**

_____/s/_____
Ahilan T. Arulanantham

**THOMAS NISHI LAW OFFICES**

_____/s/_____
Thomas Nishi
Attorney for Defendant
HOSSEIN KALANI AFSHARI

**NASATIR HIRSCH PODBERESKY & GENEGO**

_____/s/_____
William J. Genego
Attorneys for Defendant
MOHAMMAD HOSSEIN OMIDVAR

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS MONEY LAUNDERING COUNTS 32-58