THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
EILEEN M. DECKER (No. 151499)
Assistant United States Attorney
Chief, National Security Section
JUDITH A. HEINZ (No. 176264)
CHRISTOPHER GRIGG (No. 220243)
NILI T. MOGHADDAM (No. 226636)
ANTHONY J. LEWIS (No. 231825)
Assistant United States Attorneys
National Security Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0721/7280
    Facsimile: (213) 894-6436
    email:   eileen.decker@usdoj.gov
    email:   judith.heinz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>ROYA RAHMANI,<br>   et al.<br><br>      Defendants. | No. CR 01-209(B)-DOC<br><br>**GOVERNMENT'S MOTION TO STRIKE DEFENDANTS' NOTICE OF INTENTION TO DISCLOSE CLASSIFIED INFORMATION AS INSUFFICIENT UNDER SECTION 5(a); MEMORANDUM OF POINTS AND AUTHORITIES** |

Plaintiff, United States of America, by and through its attorney of record, the United States Attorney for the Central District of California, hereby submits this motion to strike as insufficient the Notice of Intention to Disclose Classified Information (CR 973) filed by all defendants pursuant to Section

5 of the Classified Information Procedures Act ("CIPA").

This motion is based upon the attached memorandum of points and authorities, the files and records of this case, and any evidence or argument the Court may entertain on this matter.

Dated: March 30, 2009.          Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
EILEEN M. DECKER
JUDITH A. HEINZ
Assistant United States Attorneys
National Security Section

Attorney for Plaintiff
United States of America

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.**

### **INTRODUCTION**

The Classified Information Procedures Act ("CIPA") established pretrial, trial, and appellate procedures for federal criminal cases in which there is a possibility that classified information will be publicly disclosed.  Prior to the enactment of CIPA, the government was forced to guess whether a defendant would seek to disclose classified information at trial and speculate whether such information would be found admissible. United States v. Collins, 720 F.2d 1195, 1196 (11th Cir. 1983). As the Eleventh Circuit explained:

> The defendant's protection might require that he or she testify to or otherwise reveal highly sensitive matters.  On the other hand, such evidence might not be material.  To evaluate the situation, it was necessary to find out what classified information the defendant claimed to be material, and, of that, what would actually be required for a fair trial, but there was no way to learn this until public trial, when its tender or proof would exact the cost without a decision having first been made as to the reasonableness of it.

Id. at 1196-97.  This "looming, but unevaluated, threat that the nation's security might be damaged by a prosecution" has been referred to as "'greymail' practiced upon the government." Id. at 1197.

CIPA was enacted as the legislative response to the dilemma of greymail, and also as a way of promoting the fair administration of justice, by establishing procedures to make the government aware before trial of all the classified information

1

that might be compromised by the prosecution of a particular case.  See United States v. Anderson, 872 F.2d 1508, 1514 (11th Cir. 1989).  Section 5(a)'s notice requirement is integral to effectuating this goal because it provides the government with an opportunity "to ascertain the potential harm to national security, and to consider various means of minimizing the cost of disclosure."  United States v. Badia, 827 F.2d 1458, 1465 (11th Cir. 1987).

Pursuant to CIPA Section 5(a):

> [i]f a defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant, the defendant shall, within the time specified by the court . . . notify the attorney for the United States and the court in writing.  Such notice shall include a brief description of the classified information. . . .

Courts interpret this provision to require that a defendant's notice state, with particularity, which items of classified information he or she reasonably expects will be revealed by his or her defense.  Badia, 827 F.2d at 1465; Collins, 720 F.2d at 1199.  After all, "[i]f CIPA is to abolish the practice of 'greymail,' it is beyond dispute that the notice cannot, itself, constitute 'greymail,'" i.e., a "vague, nonspecific, threat."  Collins, 720 F.2d at 1199.  This means that a defendant's description must "inform[] the government exactly to which documents the defendant was referring, and to what information was contained in them."  United States v. Rewald, 889 F.2d 836, 855 (9th Cir. 1989) (internal citations omitted).  Otherwise, the

2

government will be "unable to weigh the costs of, or consider alternatives to, disclosure."  Badia, 827 F.2d at 1465.

Thus, a key to the CIPA process is the requirement that defendants provide written pretrial notice of the classified information they reasonably expect to disclose, pursuant to CIPA Section 5.  The government may then seek a ruling as to whether the proffered classified information is relevant and admissible, pursuant to CIPA Section 6.  If any of the information is ruled admissible, the government may move that a summary be substituted for it, or alternatively, may substitute a statement admitting facts that the classified information would tend to prove, thereby obviating the need for disclosure of the specific sensitive information.[1]

In this case, the Section 5 notice filed by defendants is completely insufficient to provide notice to the government as to what specific classified information may be disclosed at trial. In fact, the government is unaware of any classified information in the hands of the defendants in this case, and is, therefore,

---

[1] Section 6 states, in pertinent part:

(A) Motion for hearing. – Within the time specified by the court for the filing of a motion under this section, the United States may request the court to conduct a hearing to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding.  Upon such a request the court shall conduct such a hearing.  Any hearing held pursuant to this subsection (or any portion of such hearing specified in the request of the Attorney General) shall be held in camera if the Attorney General certified to the court in such petition that a public proceeding may result in the disclosure of classified information.

unaware of any specific evidence the defense claims to seek to introduce.  Consequently, the defendants' Notice of Intention to Disclose Classified Information (CR 973) should be struck.

**II.**

**LEGAL ANALYSIS**

A defendant's Section 5 proffer is the mechanism under which the Court must "make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding" pursuant to the standard of Fed. R. Evid. 401, 402 and 403, with the defendant bearing the burden of establishing that the evidence is relevant and material.  See United States v. Miller, 874 F.2d 1255, 1276-77 (9th Cir. 1989); United States v. Wilson, 750 F.2d 7, 9 (2d Cir. 1984); See also United States v. Cardoen, 898 F. Supp. 1563, 1570-71 (S.D. Fla. 1995).

There are three critical pretrial steps in the handling of classified information under Sections 5 and 6 of CIPA.  First, defendants must specify in detail the precise classified information they expect to disclose.  Second, the Court, upon a motion of the Government, shall hold a hearing pursuant to Section 6(a) to determine the use, relevance, and admissibility of the proposed evidence.  Third, following the Section 6(a) hearing and formal findings of admissibility by the Court, the government may move to substitute either a statement admitting relevant facts or a summary of the classified information that the Court rules is admissible.

Section 5(a) of CIPA requires a defendant who reasonably

expects to disclose or cause the disclosure of classified information at any trial or pre-trial proceeding, to provide specific written pretrial notice of the classified information at issue to the attorney for the government and to the Court. Particularity is required in providing notice under Section 5(a). The notice must be specific because it is the central document in the procedures envisioned under CIPA.  See Collins, 720 F.2d at 1199 ("The Section 5(a) notice is the central document in CIPA").

As the Eleventh Circuit explained:

> Appellee argues that a mere general statement of the areas about which evidence may be introduced is all that is contemplated by Section 5(a)'s requirement that "such notice shall include a brief description of the classified information."  It is contended that "a brief description" does not demand specificity, thus permitting notice of nothing more than the general areas of activity to be revealed in defense.  However, this overlooks that the "brief description" is to be of the classified information expected to be disclosed.  "A brief description" is not to be translated as "a vague description"; "of the classified information" may not be interpreted as "of the areas of activity concerning which classified information may be revealed."
>
> It is of no importance that the government can locate data about defendant's knowledge of sensitive information in its own records . . . The Section 5(a) notice requires that the defendant state, with particularity, which items of classified information entrusted to him he reasonably expects will be revealed by his defense in this particular case.

United States v. Collins, 720 F.2d at 1199.  Having found the defendant's notice insufficient under Section 5, the Collins court vacated the order issued by the district court and remanded the case.

The particularity requirement applies to both documentary exhibits and to oral testimony, whether it is anticipated to be brought out on direct or on cross-examination.  See Collins, 720 F.2d at 1199-1200; United States v. Wilson, 750 F.2d 7, 9 (2d Cir. 1984).

Section 5(b) of CIPA permits the court to preclude the disclosure of classified information if the defendant fails to provide sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA's procedures.  See Badia, 827 F.2d at 1465-66.  In Badia, the court rejected the defendant's claim that he was not obligated to file a Section 5 notice because the government already knew that he would assert a defense involving the Central Intelligence Agency.  The court observed:

> The government's belief that a defendant may assert a defense involving classified material cannot substitute for the formal notice mandated by § 5(a).  The thirty-day time frame is intended to give the government the opportunity to ascertain the potential harm to national security, and to consider various means of minimizing the cost of disclosure.  Any form notice provided less than thirty days prior to the trial clearly does not permit the government to accomplish this objective.

Badia, 827 F.2d at 1465.  The Eleventh Circuit thus affirmed the lower court ruling precluding the defendant from raising matters at trial that should have been noticed pursuant to Section 5 of CIPA.  Similarly, if a defendant attempts to disclose at trial classified information that is not described in the Section 5(a) notice, preclusion is the appropriate remedy prescribed by Section 5(b) of CIPA.  See United States v. Smith, 780 F.2d 1102,

6

1105 (4th Cir. 1985).

## III.

### ARGUMENT

Defendants have filed a notice of intent to disclose classified information that is clearly insufficient to identify with any precision just what items of classified information are at risk of public disclosure.  Like the defendant in Collins, defendants have used general references to topics of classified information, rather than setting out specifically what classified information would be disclosed by any testimony or any document falling within the referenced topic.

For example, defendants list documents and testimony: (1) that describe the types of interaction and support various U.S. government agencies provide the MEK; (2) communications between U.S. government agencies and foreign governments concerning the MEK; (3) demonstrating that the Government of Iran enlists personnel abroad to provide false testimony to discredit persons who criticize the Iranian regime; (4) indicating the background of various cooperating witnesses the government may call as witnesses in this case; (5) indicating that the Government of Iran has monitored the developments in this case and is working as it can to cause convictions; (6) demonstrating that the Government of Iran targets expatriates, including the defendants in this case, who criticize the Iranian government with threats, harassment and physical harm; (7) demonstrating that the Government of Iran improperly imprisoned and tortured Iranians, including any of the defendants, before any of the

defendants fled Iran and came to the United States; and (8) demonstrating that the MEK is not or should not be designated a foreign terrorist organization. (Defendants' CIPA Section 5 Designation at 2-3)

To the government's knowledge, defendants and their counsel do not have any classified material in this case.[2] If they do, they need to specify exactly what they have, who has it, where it came from, and what the material is. The current Section 5 notice filed by defendants is insufficient to provide the government with any notice as to what the defendants claim they seek to admit at trial.

To the extent defense counsel believe that they will soon be receive classified information, pursuant to the January 20, 2009 order of the Court, defendants' presumption is premature. To the extent classified information exists, the Court will be in a position to determine whether it is relevant to the Order issued and subject to disclosure. To the extent defendants' Section 5 notice is in anticipation of receipt of classified material - it is premature and should be struck. Furthermore, all of the items, with the possible except of the first item in defendants' list that arguably encompasses the January 20, 2009 order of the Court, all of the items listed are completely irrelevant to this case and should be struck on this basis as well.

---

[2] Defendants have never so advised the government. Indeed, defense counsel are not cleared in this matter to possess any classified material in this case.

8

**IV.**

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court strike defendants' "First CIPA Section 5 Designation" as insufficient under Section 5(a) of CIPA.

9