**H. DEAN STEWARD, P.C.**
H. Dean Steward (State Bar No. 85317)
dean@deansteward.com
107 Avenida Miramar, Suite C
San Clemente, CA  92672
Telephone:  949.481.4900
Facsimile:  949.496.6753

**McDERMOTT WILL & EMERY LLP**
Abbe David Lowell (Admitted *Pro Hac Vice*)
adlowell@mwe.com
Christopher D. Man(Admitted *Pro Hac Vice*)
cman@mwe.com
Roy L. Austin, Jr. (State Bar No. 211491)
raustin@mwe.com
600 Thirteenth Street, N.W.
Washington, D.C.  20005-3096
Telephone:  202.756.8000
Facsimile:  202.756.8087

Attorneys for Defendant
ROYA RAHMANI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROYA RAHMANI, ALIREZA MOHAMMADMORADI, MOUSTAFA AHMADY, HOSSEIN KALANI AFSHARI, HASSAN REZAIE, NAVID TAJ, MOHAMMAD HOSSEIN OMIDVAR, et. al.,<br><br>Defendants. | CASE NO.  CR-01-00209(DOC<br><br>**DEFENDANTS' OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE DEFENDANTS' CIPA SECTION 5 NOTICE**<br><br>Hearing Date:     None Scheduled<br>Time:<br>Dept.:             Courtroom 9-C |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
CHICAGO

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
CHICAGO

## MEMORANDUM OF POINTS AND AUTHORITIES

The government's motion to strike defendants' Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3., Section 5 notice merely highlights the absurd consequences of the government's steadfast refusal to comply with this Court's discover orders, which required the government to produce all of its evidence two months ago. To preserve their rights under the law, defendants had to file their proposed CIPA notice no later than thirty days before the current trial date. CIPA § 5. They had to do this even though it is not yet clear what the government might produce in response to the discovery order that has now been ignored for two months. The idea that the government wants to strike a required notice that the defendants filed in order to comply is the latest oddity in this case.

CIPA provides an orderly process where the government first provides discovery concerning classified materials (Section 4), defendants are then required to provide notice of the privileged materials they seek to introduce at trial – as they have done here – "within thirty days prior to trial (Section 5), and then the government can object to the admissibility of such evidence (Section 6). The government, however, has turned this process on its head by failing to comply with the first step in that process by producing the required discovery, which it has indicated includes classified material. Because the statutory timeline for defendants to file their Section 5 notice "within thirty days prior to trial" was coming before the government ever complied with its discovery obligations, the defendants filed their timely Section 5 notice in an abundance of caution based upon what they believe the classified information will show. The many flaws in the government flagrantly ignoring its discovery obligations and then faulting the defendants for not better describing the discovery the government never provided speak for themselves.[1]

---

[1] The government concedes that it has not provided defendants with any classified material yet, and

DEFS' OPP. TO THE GOVT'S MOTION TO STRIKE
DEFENDANTS' CIPA SECTION 5 NOTICE

The government's conduct in delaying production to this late date frustrates CIPA's requirement that all issues concerning classified materials be resolved well in advance of trial. A federal judge in the Eastern District of Virginia, which routinely deals with CIPA matters, recently addressed the importance of addressing and resolving these issues early:

> The goal of the CIPA process is to identify <u>in advance of trial</u> the universe of classified information to be disclosed at trial and to minimize unnecessary disclosure of classified information by use of substitutions, redactions, and summaries that do not meaningfully impair defendants' ability to present a defense. This goal is not easily attained, as it requires both <u>prosecutors</u> and defense counsel <u>to disclose, well in advance of trial</u>, certain aspects of their trial strategy, including the identity of potential witnesses and the nature and thrust of expected trial testimony and potential jury arguments. In effect, the CIPA process compels discovery well beyond that required by Rule 16.

<u>United States v. Rosen</u>, 520 F. Supp. 2d 786, 790 (E.D. Va. 2007) (emphasis added).

The government seemingly agrees, noting that CIPA is designed "to make the government aware <u>before trial</u> of all the classified information that might be compromised by the prosecution of a particular case." (Gov't Br. at 1-2 (emphasis in original).) The government appropriately acknowledges that it is necessary to have these issues resolved before trial because the pre-trial ability to ascertain the potential harm to national security and its ability to minimize that risk will impact the government's decision to prosecute or abandon the case. (Gov't Br. at 2.)[2]

---

claims that this makes defendants' Section 5 notice "premature." (Gov't Br. at 8.) But given the requirement that the Section 5 notice be filed "within thirty days prior to trial" requirement, the defendants could not have filed later. While defendants agree that it makes little sense for them to file their Section 5 notice in advance of discovery, the fault is not in the defendants filing prematurely but in the government being late in providing discovery.

[2] The government's claim here is inconsistent with the suggestion it previously made of allowing the production of classified material relevant only to sentencing to be produced following trial. Classified information can be "compromised" through discovery at any time or in any public proceeding, whether at trial or at sentencing. If the government needs to know what evidence could be compromised by prosecuting the case "before trial" to decide whether the case is worth pursuing, surely it is better to

DEFS' OPP. TO THE GOVT'S MOTION TO STRIKE DEFENDANTS' CIPA SECTION 5 NOTICE

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
CHICAGO

Here, however, it is the government's own fault that it cannot make those decisions because the government has ignored a Court order to get the CIPA ball rolling for two months. The heavier penalty though is being paid by the defendants, who are having to prepare for trial without the evidence this Court already has held them constitutionally entitled to receive and their time and resources will be consumed defending a case the government may ultimately dismiss once the CIPA issues are resolved.

Once the government does comply with its discovery obligations, the defendants are amenable to considering whether their Section 5 notice should be amended, but the notice is adequate as it is. While the government seems to insist that the defendants should catalog each classified document and piece of classified information they intend to introduce at trial, that level of specificity is not required by the Ninth Circuit or Section 5. Section 5 does not refer to the disclosure of specific documents, but requires only a "brief description of the classified information." CIPA § 5 (emphasis added). The government is correct that Section 5 notice is sufficient where a list of documents is provided, but the Ninth Circuit never has held that such a list is required. (Gov't Br. at 2; United States v. Rewald, 889 F.2d 836, 855 (9th Cir. 1989) (listing is sufficient); United States v. Miller, 874 F.2d 1255, 1276 (9th Cir. 1989) (same).) The defendants provided a "brief description" of the classified information they would seek to introduce at trial and the government, which is more familiar with that information than the defendants, is capable of evaluating the implications such disclosure may have for national security. This notice therefore satisfies the requirements of Section 5, especially in light of the government's failure to provide discovery.

resolve all CIPA issues before trial than to spend six months trying a case only to have the government dismiss it at the sentencing phase. Delaying the resolution of CIPA issues also could lead to some classified material being disclosed needlessly. The government, for example, may determine that the case is worth pursuing, despite having to reveal some classified information at trial, but would not go forward at all if it knew in advance of trial the amount of classified information that would be disclosed by taking the case through to sentencing.

- 4 -

DEFS' OPP. TO THE GOVT'S MOTION TO STRIKE DEFENDANTS' CIPA SECTION 5 NOTICE

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
CHICAGO

## CONCLUSION

The defendants' CIPA Section 5 notice is adequate and should not be stricken. Once the government complies with its discovery obligations, including CIPA Section 5, the defendants should be afforded leave to supplement their Section 5 notice.

Dated:  April 1, 2009                                  Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

_____/s/_____
Abbe David Lowell
Christopher D. Man
Roy L. Austin, Jr.

Attorneys for Defendant
ROYA RAHMANI

On behalf of all Defendants