SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD M. STEINGARD (State Bar. No. 106374)
MICHELLE SHERMAN (State Bar No. 136799)
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
Telephone:  213-617-5416
Facsimile:  213-443-2908
rsteingard@sheppardmullin.com
msherman @shepperdmullin.com

Attorneys for Defendant
MUSTAFA AHMADY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. CR 01-00209-DOC |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANTS' RESPONSE TO GOVERNMENT MOTION *IN LIMINE* NO. 2: MOTION TO PRECLUDE DEFENSES OF PUBLIC AUTHORITY AND ENTRAPMENT BY ESTOPPEL; EXHIBIT** |
| MUSTAFA AHMADY, ROYA RAHMANI, et. al., | |
| Defendants. | |

W02-WEST:1RMS1\401462335.1

Defendants Roya Rahmani, Alireza Mohammadmoradi, Mustafa Ahmady, Hossein Kalani Afshari, Hassan Rezaie, Navid Taj and Mohammad Hossein Omidvar ("the defendants") hereby submit this opposition to the government's motion *in limine* No. 2: motion to preclude defenses of public authority and entrapment by estoppel.

Respectfully submitted,

DATED: April 6, 2009          SHEPPARD MULLIN RICHTER & HAMPTON LLP

By          */s/ Richard M. Steingard*
          RICHARD M. STEINGARD
          Attorneys for Defendant
          MUSTAFA AHMADY
          [Submitted on behalf of all defendants]

-2-

W02-WEST:1RMS1\401462335.1

**DEFENDANTS' RESPONSE TO GOVERNMENT MOTION *IN LIMINE* NO. 2: MOTION TO PRECLUDE DEFENSES OF PUBLIC AUTHORITY**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### Introduction

The government has moved *in limine* to preclude the defendants from presenting the defense of public authority and entrapment by estoppel. The government bases its position on (1) the defendants' failure to give notice under Rule 12.3, Federal Rules of Criminal Procedure; and (2) the purported lack of evidence to support such defenses. The government's position is flatly wrong on both counts.

First, although omitted by the government in its motion, the Court (the Hon. Robert M. Takasugi) has already denied the government's attempt to require the defendants to provide notice of these defenses, and in fact held that such notice need not be given until after the government has completed its discovery obligations. Nonetheless, the defendants, through various letters and pleadings, have repeatedly advised the government that they may present such a defense, so the "notice" intent of the statute has been accomplished.

Second, the government's contention that the defendants lack sufficient evidence to present these defenses fails to acknowledge the Court's Order compelling the government to produce evidence upon which such a defense may rest, including possible CIPA materials. Further, as the government acknowledges in a footnote, the defendants are already in possession of sufficient evidence to support the presentation of at least one of the public authority defenses. For these reasons, the government's motion should be denied.

/ / /

/ / /

/ / /

/ / /

W02-WEST:1RMS1\401462335.1

**DEFENDANTS' RESPONSE TO GOVERNMENT MOTION *IN LIMINE* NO. 2: MOTION TO PRECLUDE DEFENSES OF PUBLIC AUTHORITY**

## II.

## NOTICE OF PUBLIC AUTHORITY DEFENSE

The government's first contention is that "[t]he defense has never given notice of a public authority defense or identified anyone in the United States government as having authorized the fraudulent fundraising and other crimes alleged in the indictment." [Govt Opp at 3] What the government omits is that they previously sought to compel such a filing by the predecessor Court, and that the Court issued a ruling addressing the timing of the defendants' Rule 12.3 notice.

On November 7, 2001, the government filed a Motion For Defendants To Submit Notice Of Public Authority Defense Or, Alternatively, To Represent Affirmatively That They Will Not Be Asserting This Defense. (Doc. 548) On January 23, 2009, the Court issued an Order on the government's motion. (Doc. 890, attached as Exhibit A) Specifically, the Court held that "defendants, either collectively or individually, shall provide the government with notice of a defense based upon public authority under Federal Rules of Criminal Procedure, Rule 12.3, no later tha[n] <u>one week after the government produces *Jencks* Act materials that are also grand jury testimony</u> as set forth in the court's January 20, 2009 Order Granting in Part and Denying in Part Defendants' Motion to Compel Discovery, Doc. No. 888." (Emphasis added).

Thus, the government's first contention – the defendants have failed to provide notice – is of no moment. Indeed, by failing to advise this Court of Judge Takasugi's prior ruling, the government was either seeking to relitigate another of Judge Takasugi's Orders – which this Court has previously stated it would not do – or mislead the Court into believing that such an Order had never issued. In either case, the government has not yet produced all *Jencks* or any grand jury materials, and therefore the absence of notice under Rule 12.3 should not be a basis for precluding the presentation of a public authority defense. In this respect, the government holds the proverbial key to the door, as it need only produce its *Jencks*

-4-

W02-WEST:1RMS1\401462335.1

**DEFENDANTS' RESPONSE TO GOVERNMENT MOTION *IN LIMINE* NO. 2: MOTION TO PRECLUDE DEFENSES OF PUBLIC AUTHORITY**

and grand jury materials to trigger the notice provision. Surely, the government cannot complain that the defendants have failed to give notice when it is the government's actions, or lack thereof, which will determine the date of the issuance of the notice.

The government also omits that since the inception of this case, the defendants, through numerous letters and pleadings, have repeatedly and consistently represented that they may present a public authority defense. If the purpose of Rule 12.3 is to provide the government with notice that such a defense may be presented – the statute is entitled "*Notice* of a Public Authority Defense" rulings – the government can hardly protest that it has not been adequately apprised.

### III.

### SUFFICIENCY OF THE EVIDENCE

The government's second argument is that the defendants lack sufficient evidence to present a public authority defense. [Govt Opp at 2-8] This contention, like the one above, is meritless.

First, as Judge Takasugi's Order makes clear, the defendants cannot know all of the evidence in support of a public authority defense until the government produces its *Jencks* and grand jury materials. Thus, a finding that there is currently insufficient evidence to support such a defense would be premature.

Second, as the government knows, there is already sufficient evidence to support a public authority defense. Before addressing this evidence, however, the defense needs to define the parameters of a public authority defense.

The Ninth Circuit has adopted the statements of the Eleventh Circuit in noting that there are three possible presentations of a public authority defense. *United States v. Burrows*, 36 F.3d 875, 881-2 (9th Cir. 1994), (quoting *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1368 n.18 (11th Cir. 1994)). The first, referred to as the *public authority* defense, permits a defendant to seek "exoneration based on

-5-

**DEFENDANTS' RESPONSE TO GOVERNMENT MOTION *IN LIMINE* NO. 2: MOTION TO PRECLUDE DEFENSES OF PUBLIC AUTHORITY**

the fact that he reasonably relied on the authority of a government official to engage in covert activity." *Id* at 881.  A critical component of the public authority defense is that the "government agent in fact had the authority to empower the defendant to perform the acts in question." *Id*. at 882-83.  However, there are two methods by which an agent of the government can obtain authority to sanction illegal activity. First, a government entity with authority to approve the illicit conduct can expressly confer that authority on its agent.  Second, the agent can acquire actual authority by implication. *Thomas v. INS*, 35 F.3d 1332, 1342 (9th Cir. 1994) (holding that implied authority, unlike apparent authority, is a form of actual authority that binds the government).

The second defense is entitled *entrapment by estoppel*.  The defense of "entrapment by estoppel" arises when a "government official tells a defendant that certain conduct is legal and the defendant commits what would otherwise be a crime in reasonable reliance on the official's representation." *Burrows*, 36 F.3d at 882.

The third defense is referred to as the *innocent intent* defense.  The defense of "innocent intent" arises when the defendant "lacked criminal intent because he honestly believed he was performing the otherwise-criminal acts in cooperation with the government." *Id*. at 881. [1]

In the instant case, there is already sufficient evidence for the entrapment by estoppel and innocent intent defenses.  According to the government's key witness, Mehdi Hosseini (CW-1), shortly after the October 1997 designation of the MEK as a foreign terrorist organization (FTO), he participated in a conference call with the alleged leader of the MEK, Massoud Rajavi.  According to Hosseini, during this

---

[1] The Ninth Circuit has not addressed whether Rule 12.3 notice must be given for these latter two defenses, but two out-of-district courts have reached seemingly different results.  Compare *United States v. Pitt*, 193 F.3d 751, 758 n.8 (3rd Cir. 1999) (there is "no requirement that a defense based on entrapment by estoppel be the subject of … pretrial notice and accompanying requirements") and *United States v. Jackson*, 1998 U.S. Dist. LEXIS 3586, *10 (N.D. Ill. 1998) (the defenses of innocent intent, entrapment by estoppel and public authority "fall under the Rule 12.3 umbrella").

-6-

call, "Rajavi indicated that the U.S. did not really view the MEK as terrorists and for MEK cells to continue to raise money.  Rajavi indicated that he or his people had spoken to top representatives of the U.S. government and that it was alright to continue to raise funds in the U.S. for the MEK."  According to Hosseini, defendants Ahmady, Afshari, Omidvar, Taj and Rezaie were also present during this call.  Around this same time, approximately 220 members of Congress – clearly top representatives of the U.S. government rulings – called for the State Department to withdraw the MEK's designation as an FTO.

The government's *in limine* motion relegates these facts to a footnote, adding, "There is no evidence to support that this was a true statement."  [Govt In Lim at 4, n. 1]  Yet, the government included this conversation as its first overt act in support of the material support charges in all three indictments.  Thus, it seems odd for the government to be questioning its key witness' veracity. [2]

As noted above, the innocent intent defense applies whenever a defendant "lacked criminal intent because he honestly believed he was performing the otherwise-criminal acts in cooperation with the government."  *Burrows*, 36 F.3d at 881.  If, as the government alleges, a defendant heard these statements and continued their fundraising activities, as Rajavi allegedly instructed, they are at least entitled to present a public authority (innocent intent) defense. [3]

Notwithstanding the above, the defendants do not believe they know all of the facts and circumstances in support of a public authority defense, principally because

---

[2]    The language in the three indictments is the same.  It states, "In or about October 1997, defendants AHMADY, AFSHARI, OMIDVAR, TAJ, and REZAIE and others participated in a telephone conference call with an MEK leader and learned that the MEK had been designated as a foreign terrorist organization by the United States Department of State. **Defendants AHMADY, AFSHARI, OMIDVAR, TAJ, and REZAIE and others also were instructed by the MEK leader to continue to financially support and raise funds for the MEK, notwithstanding the designation**."

[3]    Notably, the government's motion does not seek to preclude the presentation of an innocent intent defense, presumably in recognition that there are already sufficient facts to support such a defense.

W02-WEST:1RMS1\401462335.1

**DEFENDANTS' RESPONSE TO GOVERNMENT
MOTION *IN LIMINE* NO. 2: MOTION TO
PRECLUDE DEFENSES OF PUBLIC AUTHORITY**

such evidence would be in the government's possession.  Thus, for purposes of the government's *in limine* motion, the defendants continue to await the complete production of discovery, including the *Jencks* and grand jury materials, and will then be in a position of deciding whether to formally notice the presentation of a public authority defense.

Respectfully submitted,

DATED:  April 6, 2009        SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____/s/ Richard M. Steingard_____
RICHARD M. STEINGARD
Attorneys for Defendant
MUSTAFA AHMADY
[Submitted on behalf of all defendants]

-8-

**DEFENDANTS' RESPONSE TO GOVERNMENT MOTION *IN LIMINE* NO. 2: MOTION TO PRECLUDE DEFENSES OF PUBLIC AUTHORITY**