**H. DEAN STEWARD, P.C.**
H. Dean Steward (State Bar No. 85317)
dean@deansteward.com
107 Avenida Miramar, Suite C
San Clemente, CA  92672
Telephone:  949.481.4900
Facsimile:   949.496.6753

**McDERMOTT WILL & EMERY LLP**
Abbe David Lowell (Admitted *Pro Hac Vice*)
adlowell@mwe.com
Christopher D. Man(Admitted *Pro Hac Vice*)
cman@mwe.com
Roy L. Austin, Jr. (State Bar No. 211491)
raustin@mwe.com
600 Thirteenth Street, N.W.
Washington, D.C.  20005-3096
Telephone:  202.756.8000
Facsimile:   202.756.8087

Attorneys for Defendant
ROYA RAHMANI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROYA RAHMANI, ALIREZA MOHAMMADMORADI, MOUSTAFA AHMADY, HOSSEIN KALANI AFSHARI, HASSAN REZAIE, NAVID TAJ, MOHAMMAD HOSSEIN OMIDVAR, et. al.,<br><br>Defendants. | CASE NO.  CR-01-00209(DOC<br><br>**DEFENDANTS' OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE NO. 7 – FOREIGN RECORDS**<br><br>Hearing Date:  None Scheduled<br>Time:<br>Dept.:  Courtroom 9-C |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
CHICAGO

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The government seeks the open-ended admission of foreign evidence pursuant to 18 U.S.C. § 3505, but the Confrontation Clause precludes the government from invoking Section 3505 based solely upon written certifications without subjecting the witnesses who sign those certifications to confrontation. Moreover, even if Section 3505 could be invoked, it would only overcome objections to the evidence based on authenticity and hearsay; objections on other grounds, such as relevance and unfair prejudice, would remain.

## I.    THE DEFENDANTS OBJECT TO THE GOVERNMENT'S USE OF SECTION 3505 TO CIRCUMVENT THE GENERALLY APPLICABLE RULES FOR ESTABLISHING AUTHENTICITY AND PRECLUDING HEARSAY

Pursuant to the Confrontation Clause of the Sixth Amendment, the Defendants object to the admissibility of the government's foreign evidence exhibits through 18 U.S.C. § 3505.  The Defendants believe that the government should seek the admission of this foreign evidence as it would any other evidence[1] because the Defendants are concerned that Section 3505 provides the government too many short cuts in terms of authenticating foreign documents the Defendants are not familiar with and, more importantly, in by-passing the exclusion of hearsay – particularly the exclusion of hearsay statements within those documents. See

---

[1]    In its pleading, the government states that it "does not anticipate that any stipulations for the admission of this evidence will be reached." (Gov't Mot. Before Tables.)  The Defendants are surprised, and disappointed, by this statement.  The parties previously identified certain areas of exhibits that they believed could be authenticated by stipulation.  Rather than provide the defense with copies of these exhibits, the government only allowed defense counsel to see – but not touch – the originals, one page at a time.  This was extraordinarily time consuming, but defense counsel acquiesced to this procedure.  Apparently, the government is no longer willing to afford the Defendants the opportunity to review exhibits, even in this unnecessarily complicated manner.  Perhaps now that the government is identifying its trial exhibits and providing the Defendants with copies of them – albeit on a piecemeal basis by attaching them as exhibits to in limine motions – we will be able to resolve some of these evidentiary disputes through stipulations.  The Defendants are amenable to trying.  Of course, defense counsel will need time to review the documents that the government is only now identifying as its trial exhibits before they can agree to stipulations.

- 2 -

DEFS' OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE NO. 7 – FOREIGN RECORDS

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
CHICAGO

United States v. Hagege, 437 F.3 943, 958 (9th Cir. 2006) (noting that hearsay within authenticated business records ordinarily can be challenged, but Section 3505 excepts documents entirely from the hearsay rules).

Section 3505 only becomes actionable when the government obtains a sworn ex parte affidavit for use in this trial, namely "a foreign certification," which attests to certain facts being true. 18 U.S.C. § 3505(a)(1). As the Supreme Court recently made clear, however, the use of ex parte affidavits as evidence in criminal cases is wholly inconsistent with the requirements of the Confrontation Clause when "testimonial" evidence is at issue. Davis v. Washington, 547 U.S. 813, 821 (2006) (quoting Crawford v. Washington, 541 U.S. 36, 53-54 (2004)). Here, there can be no question that these certifications are testimonial.[2] Whether viewed objectively or subjectively, it is readily apparent that the statements were collected by the government and provided by the declarant with the expectation they would be offered as testimony before this Court. Consequently, these certifications are not valid unless the requirements of the Confrontation Clause have been met, namely that the witness is unavailable and has been subject to cross-examination by the Defendants – requirements that have not been met by any witness whose certification has been submitted to this Court. Id. Accordingly, the government has not established that the foreign evidence is admissible through Section 3505.

## II. THE DEFENDANTS MAY HAVE OTHER OBJECTIONS TO THE ADMISSIBILITY OF THE GOVERNMENT'S EVIDENCE, DEPENDING ON HOW IT IS USED BY THE GOVERNMENT

Even if the government could establish that Section 3505 were satisfied, that would only overcome objections to the foreign evidence grounded in authenticity and hearsay. The Defendants have the right to challenge such evidence on other

---

[2] In United States v. Hagege, 437 F.3d 943 (9th Cir. 2006), the Ninth Circuit held that foreign business records admitted through Section 3505 did not offend the Confrontation Clause because business records are not testimonial. Id. at 958. The defendants in that case, however, did not challenge the certifications – which plainly are testimonial – in that case, and the Ninth Circuit specifically noted that it was not deciding any Confrontation Clause issue concerning the certifications themselves. Id. at 958 n.6.

DEFS' OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE NO. 7 – FOREIGN RECORDS

grounds, including lack of foundation, relevance, completeness, accuracy of translation, and being more prejudicial than probative.  The Defendants reserve the right to raise these objections, and any others, once the government indicates how it intends to actually use the evidence at trial.

Dated:  April 9, 2009                                    Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

_____/s/_____
Abbe David Lowell
Christopher D. Man
Roy L. Austin, Jr.

Attorneys for Defendant
ROYA RAHMANI

On behalf of all Defendants.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
CHICAGO

- 4 -

DEFS' OPPOSITION TO THE GOVERNMENT'S
MOTION IN LIMINE NO. 7 – FOREIGN RECORDS