**H. DEAN STEWARD, P.C.**
H. Dean Steward (State Bar No. 85317)
dean@deansteward.com
107 Avenida Miramar, Suite C
San Clemente, CA  92672
Telephone:  949.481.4900
Facsimile:  949.496.6753

**McDERMOTT WILL & EMERY LLP**
Abbe David Lowell (Admitted <u>Pro Hac Vice</u>)
adlowell@mwe.com
Christopher D. Man(Admitted <u>Pro Hac Vice</u>)
cman@mwe.com
600 Thirteenth Street, N.W.
Washington, D.C.  20005-3096
Telephone:  202.756.8000
Facsimile:  202.756.8087

Attorneys for Defendant
ROYA RAHMANI

On behalf of all Defendants.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  CR-01-00209(DOC |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL CIPA SECTION 5 NOTICE** |
| v. | |
| ROYA RAHMANI, ALIREZA MOHAMMADMORADI, MOUSTAFA AHMADY, HOSSEIN KALANI AFSHARI, HASSAN REZAIE, NAVID TAJ, MOHAMMAD HOSSEIN OMIDVAR, et. al., | Hearing Date:    None Scheduled Time: Dept.:    Courtroom 9-C |
| Defendants. | |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
CHICAGO

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

The government's motion to strike Defendants' Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3., Section 5 supplemental notice is an odd attempt to challenge the actual Section 5 notice that Defendants filed nearly 20 months ago. (Dkt. No. 973 (filed March 20, 2009).) Twenty-months notice is plainly timely and that notice is more than adequate to comply with CIPA Section 5. The Defendants filed the supplemental notice merely to provide additional clarity as to the kinds of evidence they intend to introduce.

The government's claim that it is somehow baffled by the type of evidence the Defendants intend to introduce is not credible. The supplement notes that this is evidence that the MEK provided the United States addressing three specific topics. It should not be difficult for the government to determine what materials the MEK provided them on topics as important as Iran developing nuclear weapons. The Defendants also identified materials that are now publicly available on the Wikileaks website, another defined universe of documents, that specifically address the United States' protection of Camp Ashraf. As to discovery materials the Defendants should receive from the government, but have not, the government knows what categories of documents the Defendants intend to use and they know what it will ultimately provide them.

The level of specificity in both the Defendants' initial notice and supplement is more than adequate. While the government seems to insist that the Defendants should catalog each classified document and piece of classified information they intend to introduce at trial, that level of specificity is not required by the Ninth Circuit or Section 5. Section 5 does not refer to the disclosure of specific documents, but requires only a "<u>brief</u> description of the classified information." CIPA § 5 (emphasis added). The government appears to want a list of documents, but the Ninth Circuit never has held that such a list is required. <u>United States v.</u>

DEFS' OPP. TO THE GOVT'S MOTION TO STRIKE DEFENDANTS' SUPP. CIPA SECTION 5 NOTICE

McDermott Will & Emery LLP
ATTORNEYS AT LAW
CHICAGO

Rewald, 889 F.2d 836, 855 (9th Cir. 1989) (merely noting that a listing is sufficient); United States v. Miller, 874 F.2d 1255, 1276 (9th Cir. 1989) (same).) The Defendants provided a "brief description" of the classified information they would seek to introduce at sentencing and the government is capable of evaluating the implications such disclosure may have for national security. This notice therefore satisfies the requirements of Section 5.

The Defendants are not sure what to make of the government's claim: "to the government's knowledge, defendants and their counsel do not have any classified material in this case." (Gov't Br. at 9.) The Defendants have told the government the evidence they intend to introduce and explained they were unsure whether it actually is classified. To the extent that the government maintains that none of this evidence is classified, the Defendants would agree that the CIPA supplement is unnecessary and neither CIPA nor any other law would prevent the Defendants from introducing this evidence at sentencing.

## CONCLUSION

The defendants' CIPA Section 5 notice is adequate and should not be stricken. Once the government complies with its discovery obligations, including CIPA Section 5, the defendants should be afforded leave to supplement their Section 5 notice.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
CHICAGO

DEFS' OPP. TO THE GOVT'S MOTION TO STRIKE DEFENDANTS' SUPP. CIPA SECTION 5 NOTICE

Dated:  November 15, 2010

Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

/s/
Abbe David Lowell
Christopher D. Man

**H. DEAN STEWARD, P.C.**

/s/
H. Dean Steward

Attorneys for Defendant
ROYA RAHMANI

On behalf of all Defendants.

DEFS' OPP. TO THE GOVT'S MOTION TO STRIKE
DEFENDANTS' SUPP. CIPA SECTION 5 NOTICE